IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, §§§§§ Plaintiff, § § v. § Civil Action No. 3:23-CV-00791-N § VIZIO, INC., §§§ Defendant. § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant VIZIO, Inc.'s ("VIZIO") motion to dismiss [24]. Because Plaintiff Ortiz & Associates, LLC ("Ortiz") has not pled compliance with 35 U.S.C. § 287(a)'s marking requirement, the Court grants the motion.

## I. THE PATENT INFRINGEMENT DISPUTE

Plaintiff Ortiz owns by assignment U.S. Patent No. 9,147,299 Patent ("the '299 Patent") and U.S. Patent No. 9,549,285 ("the '285 Patent") (collectively the "Asserted Patents"). Pl.'s First Am. Compl. ¶¶ 6, 8, 11, 13 [20]. According to Ortiz, the Asserted Patents relate to "[s]ystems, methods and apparatuses for brokering data between wireless devices, servers and data rendering devices." *Id.* ¶¶ 6, 11. Ortiz has previously been involved in a number of suits involving the Asserted Patents.[1] Defendant VIZIO is a

---

[1] The Court takes judicial notice of the stipulated dismissals, final judgments, and other relevant docket entries cited in Defendant's Motion to Dismiss [24] as they are matters of public record. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

ORDER – PAGE 1

manufacturer and seller of products that utilize SmartCast™ technology. Ortiz maintains that VIZIO's SmartCast™ products utilize methods and processes that infringe on the claims of the Asserted Patents. Pl.'s First Am. Compl. Ex. B [20-2], Ex. D [20-4]. Ortiz brings suit against VIZIO for direct infringement of the Asserted Patents pursuant to 35 U.S.C. §271. VIZIO moves to dismiss VIZIO's claims under Federal Rules of Civil Procedure 12(b)(6).

## II.  RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g., Funk*, 631 F.3d at 783 (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

ORDER – PAGE 3

### III. THE COURT GRANTS VIZIO'S MOTION

#### A. No Ongoing or Future Damages Are Available

It is undisputed that the Asserted Patents are expired. Therefore, no ongoing or future damages are available. Pursuant to 35 U.S.C. § 154(a)(2), a patent lasts 20 years from the date the application for the patent was filed, "or, if the application contains a specific reference to an earlier filed application or applications under section 120, 121, 365(c), or 386(c), from the date on which the earliest such application was filed." Each of the Asserted Patents claims priority to Patent Application No. 09/887,492, filed on June 22, 2001, now Patent No. 7,630,721. Pl.'s First Am. Compl., Ex. A at 2, Ex. C at 2; *see* 37 C.F.R. §1.78(d)(2). Accordingly, the '299 Patent expired on June 22, 2021, 20 years after that application. The '285 Patent would have expired on the same date, but expired early on January 17, 2021, for failure to pay fees. Def.'s Mot. to Dismiss App., APPX 0121 [25]. The Court takes judicial notice of the respective expiration dates of the Asserted Patents. *See* Fed. R. Evid. 201(b)(2); *see e.g., Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993); *Funk*, 631 F.3d at 783.

The Asserted Patents could not be infringed — and therefore Ortiz could not sustain any damages — after their expiration. *See Shoffiett v. Goode*, 825 F. App'x 824, 826 (Fed. Cir. 2020) (quoting *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 451 (2015)) ("When a patent expires, 'the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public.'"). Ortiz's Original Complaint [1] was filed on April 14, 2023, well after the Asserted Patents expired. Accordingly, no ongoing or future damages are available.

ORDER – PAGE 4

### B. No Pre-Suit Damages Are Available

Ortiz has twice failed to plead compliance with the marking statute, 35 U.S.C. § 287(a), thereby precluding recovery of any pre-suit damages. The marking statute requires a patentee to mark any patented article they make or sell, as a form of constructive notice, or directly notify infringers of their patent prior to filing suit to recover pre-suit damages for patent infringement. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.,* 876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Artic Cat I*") (citing 35 U.S.C. § 287(a)). The marking requirement does not apply to patents covering only process or methods but does apply where a patent covers both method and apparatus or system claims. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). Notably, while the marking requirement is inapplicable when a patentee does not make or sell patented articles, *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020), a patentee's licensees must comply with the statute where they are "making or selling any patented article for or under [the patentee]." *Arctic Cat I*, 876 F.3d at 1366 (quoting *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (quoting §287(a))). The patentee must make reasonable efforts to ensure its licensees comply with marking requirements of the marking statute. *Maxwell*, 86 F.3d at 1111. In a patent infringement suit, patentees bear the burden of pleading compliance with the marking statute. *Arctic Cat I*, 876 F.3d at 1366.

The parties dispute whether the marking statute applied to Ortiz in this instance. The Asserted Patents fall under the ambit of the marking statute—the '285 Patent asserts system claims and the '299 Patent asserts both process and system claims. Pl.'s First Am.

ORDER – PAGE 5

Compl. ¶¶ 6, 11.  Ortiz does not itself sell products that need to be marked, nor are any formal licensing agreements alleged.  Nevertheless, VIZIO contends that Ortiz is subject to the marking statute because its previous dismissals with prejudice of suits against manufacturers selling products that allegedly infringe on the Asserted Patents constitute licenses by operation of law, meaning those products should be marked pursuant to section 237(a).  Specifically, Ortiz agreed to a stipulated dismissal with prejudice of its claims alleging that Roku Inc.'s product "Roku TV" infringed on both Asserted Patents.  Stipulated Order of Dismissal with Prejudice [19], in *Ortiz & Associates Consulting, LLC v. Roku, Inc.*, Civil Action No. 1:18-cv-01265-MN (D. Del. 2019).  Ortiz likewise voluntarily dismissed with prejudice its claims against Panasonic Corporation of North America alleging that its "Viera line of televisions" infringed on the '299 Patent.  Stipulation to Stay, *Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America*, Civil Action No. 1:19-cv-01921 (D. Del. 2020); Def.'s Mot. to Dismiss App., APPX 0134.  VIZIO argues these voluntary dismissals with prejudice function as licenses to the Asserted Patents for use in the products at issue in those suits.  The Court agrees.

In the patent context, a license has been "described as a mere waiver of the right to sue by the patentee."  *De Forest Radio Telephone & Telegraph Co. v. United States*, 273 U.S. 236, 242, (1927).  Further, the Federal Circuit has "on numerous occasions explained that a non-exclusive patent license is equivalent to a covenant not to sue[.]"  *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) (citing *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1346 (Fed. Cir. 2001) ("This court has stated that 'licenses are considered as nothing more than a promise by the licensor not to

ORDER – PAGE 6

sue the licensee.'") (quoting *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1577 (Fed. Cir. 1997))).

Courts have extended this reasoning to conclude that dismissals with prejudice of patent infringement claims function as the equivalent of a license. *See EMG Tech., LLC v. Vanguard Grp., Inc.*, 2014 WL 12597427, at *2 (E.D. Tex. May 12, 2014). Following this logic, Ortiz's dismissals with prejudice of its claims against Roku and Panasonic function as the equivalent of licenses to use the Asserted Patents in the products at issue in those suits. Thus, Roku and Panasonic are functionally Ortiz's licensees selling patented articles, and all three entities are subject to the marking statute. Accordingly, Ortiz was responsible for making reasonable efforts to ensure the patented articles were marked and pleading compliance with the marking statute.

Even if, as Ortiz contends, Ortiz's previous dismissals were not functionally licenses to sell products which fall under the marking requirement, its failure to plead compliance with the marking statute provides an independent basis for dismissal. A patentee bears the burden of pleading compliance with the marking statute. *Arctic Cat I*, 876 F.3d at 1366. Other courts have noted that, "[a] claim for past damages requires pleading compliance with the marking statute — even when compliance is achieved, factually, by doing nothing at all." *Express Mobile, Inc. v. DreamHost LLC*, 2019 WL 2514418 at *4 (D. Del. June 18, 2019); *see also DivX, LLC v. Hulu, LLC*, 2021 WL 4459368 at *5 (C.D. Cal. June 11, 2021) (dismissing claim for pre-suit damages, noting that"[b]y failing to offer any § 287(a) compliance argument, [the patentee] has apparently conceded that the Complaint fails to plead compliance with § 287(a)."); *cf. Estech Sys. IP, LLC v. Mitel Networks, Inc.*, 2023

ORDER – PAGE 7

WL 6115252 at *7 (E.D. Tex. July 17, 2023), report and recommendation adopted, 2023 WL 6065865 (E.D. Tex. Aug. 2, 2023) (patentee sufficiently plead compliance with §287(a) where it pled that it sold no patented articles and complied with all statutory requirements to obtain pre-suit damages). Ortiz was required to plead compliance with the statute, via facts establishing it marked products or showing that no products needed to be marked, in order to state a viable claim for pre-suit damages. Ortiz failed to plead compliance in either its Original Complaint [1] or First Amended Complaint [20]. Therefore, Ortiz has failed to state a claim for pre-suit damages.

Dismissal is appropriate where no damages can be recovered. *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001). Because no damages are available for the period after the Asserted Patents' expiration, and Ortiz failed to state a claim for pre-suit damages, Ortiz has not stated a claim that is plausible on its face.

## CONCLUSION

Ortiz has had two opportunities to plead facts sufficient to state a claim for relief under Rule 12(b)(6). First in its Original Complaint, and again in its First Amended Complaint after being apprised of the pleading deficiencies raised in Vizio's motion to dismiss Ortiz's Original Complaint [16]. Because Ortiz has twice failed or declined to plead facts sufficient to state a claim, the Court grants VIZIO's motion to dismiss, and will by separate judgment, dismiss Ortiz's claims against VIZIO with prejudice.

Signed November 1, 2023.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 9