**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VIZIO, INC., <br><br> Defendant. | Civil Action No. 3:23-CV-00791-N |

**DEFENDANT VIZIO, INC.'S MOTION FOR ATTORNEYS' FEES**
**AND NON-TAXABLE COSTS PURSUANT TO 35 U.S.C. § 285, 28 U.S.C. § 1927, AND**
**THE COURT'S INHERENT POWER**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................ 2

    A.  This Case "Stands Out" ................................................................................ 2

        1.  Ortiz Failed to Plead Sufficient Facts to Support Its Claims, Including Its Claim for Pre-Suit Damages ................................................ 2

        2.  Ortiz Had No Intention of Litigating this Case on the Merits and Only Wanted to Extract a Nuisance Value Settlement ............................. 4

    B.  Ortiz's Litigation History Underscores the Exceptional Nature of This Case .......................................................................................................... 5

III. LEGAL STANDARDS ............................................................................................ 8

IV. ARGUMENT ............................................................................................................ 10

    A.  VIZIO Is the Prevailing Party in This Lawsuit ....................................... 10

    B.  This Case Is Exceptional Under 35 U.S.C. § 285 ................................... 10

        1.  Ortiz's Complete Failure to Plead Any Viable Damages Claims in Its Complaints Makes This Case Stand Out from Others ........................ 10

        2.  Ortiz's Litigation Conduct Was Also Exceptional ................................. 12

        3.  This Case Is Part of a Pattern of Abusive Litigation by Ortiz and Its Counsel ..................................................................................................... 13

        4.  The Totality of the Circumstances in this Case Renders It Exceptional ..................................................................................................... 15

V.  ORTIZ's COUNSEL SHOULD BE HELD JOINTLY AND SEVERALLY LIABLE ..................................................................................................................... 16

VI. CONCLUSION ......................................................................................................... 18

i

# TABLE OF AUTHORITIES

**Cases**

*AdjustaCam, LLC v. Newegg, Inc.*,
861 F.3d 1353 (Fed. Cir. 2017) ............................................................................... 13

*Artic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ............................................................................... 15

*Big Baboon, Inc. v. SAP Am., Inc.*,
No. 17-cv-02082-HSG (EDL), 2019 WL 5088784 (N.D. Cal. Sept. 9, 2019) ........................ 19

*Blackbird Tech LLC v. Health In Motion LLC*,
944 F.3d 910 (Fed. Cir. 2019) ................................................................................. 17

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*,
393 F.3d 1378 (Fed. Cir. 2005) ............................................................................... 14

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ................................................................................................ 20

*DivX, LLC v. Hulu, LLC*,
No. LACV 21-1615, 2021 WL 4459368 (C.D. Cal. June 11, 2021) ...................................... 15

*Edekka LLC v. 3balls.com*,
No. 2:15-CV-541, 2015 WL 9225038 (E.D. Tex. Dec. 17, 2015) ........................................ 13

*EMG Tech., LLC v. Vanguard Grp., Inc.*,
No. 6:12-cv-543, 2014 WL 12597427 (E.D. Tex. May 12, 2014) ........................................ 16

*Eon-Net LP v. Flagstar Bancorp*,
653 F.3d 1314 (Fed. Cir. 2011) ................................................................... 17, 19, 20

*EscapeX IP LLC v. Google LLC*,
No. 22-cv-08711-VC, 2023 WL 5257691 (N.D. Cal. Aug. 16, 2023) ............................... 18, 21

*Estech Sys. IP, LLC v. Mitel Networks, Inc.*,
2023 WL 6065865 (E.D. Tex. Aug. 2, 2023) ................................................................ 15

*Estech Sys. IP, LLC v. Mitel Networks, Inc.*,
2023 WL 6115252 (E.D. Tex. July 17, 2023) .............................................................. 15

*Express Mobile, Inc. v. DreamHost LLC*,
Nos. 18-cv-01173, 18-cv-01775, 2019 WL 2514418 (D. Del. June 18, 2019) ....................... 15

*F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*,
417 U.S. 116 (1974) .............................................................................................. 13

*Kilopass Tech., Inc. v. Sidense Corp.*,
738 F.3d 1302 (Fed. Cir. 2013) ................................................................................. 5

*Kimble v. Marvel Ent., LLC*,
576 U.S. 446 (2015) .............................................................................................. 15

*My Health, Inc. v. ALR Tech. Inc.*,
  No. 2:16-cv-00535-RWS-RSP, 2017 WL 6512221 (E.D. Tex. Dec. 19, 2017) ..................... 18

*NexusCard, Inc. v. Brookshire Grocery Co.*,
  No. 2:15-cv-961, 2016 WL 6893704 (E.D. Tex. Nov. 23, 2016) ........................................... 12

*Nova Chems. Corp. (Can.) v. Dow Chem. Co.*,
  856 F.3d 1012 (Fed. Cir. 2017) ........................................................................................ 13

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014) .................................................................................................... 12, 19

*Order, P.S. Prods., Inc. v. Panther Trading Co.*,
  No. 4:22-cv-00473-JM (E.D. Ark. Jan. 30, 2023)................................................................ 20

*Ortiz & Associates Consulting, LLC v. Actiontec Electronics, Inc.*,
  No. 6:23-cv-00139 (W.D. Tex.) ........................................................................................ 11

*Ortiz & Associates Consulting, LLC v. Canon U.S.A., Inc.*,
  No. 6:21-cv-01177 (W.D. Tex.) ........................................................................................ 10

*Ortiz & Associates Consulting, LLC v. Epson America, Inc.*,
  No. 2:23-cv-00308 (E.D. Tex.) ......................................................................................... 11

*Ortiz & Associates Consulting, LLC v. Google LLC*,
  No. 1:18-c00838 (N.D. Ill.)................................................................................................. 9

*Ortiz & Associates Consulting, LLC v. Hisense Co., Ltd.*,
  No. 1:12-cv-02193 (N.D. Ill.)............................................................................................ 10

*Ortiz & Associates Consulting, LLC v. HP Inc.*,
  No. 1:18-c00837 (N.D. Ill.)................................................................................................. 9

*Ortiz & Associates Consulting, LLC v. Konica Minolta Business Solutions USA Inc.*,
  No. 6:23-cv-00471 (W.D. Tex.) ........................................................................................ 11

*Ortiz & Associates Consulting, LLC v. Lexmark International, Inc.*,
  No. 1:23-cv-01646 (D. Colo.) ........................................................................................... 12

*Ortiz & Associates Consulting, LLC v. Netgear, Inc.*,
  No. 1:22-cv-00613 (D. Del.) ............................................................................................. 11

*Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America*,
  No. 1:19-cv-01921 (D. Del.) ............................................................................................... 9

*Ortiz & Associates Consulting, LLC v. Ricoh USA Inc.*,
  Nos. 6:21-cv-01178 and 6:23-cv-00414 (W.D. Tex.) ........................................................ 10

*Ortiz & Associates Consulting, LLC v. Roku, Inc.*,
  No. 1:18-cv-1265-MN (D. Del.) ......................................................................................... 9

*Ortiz & Assocs. Consulting LLC v. Microsoft Corp.*,
  No. 19-CV-8262, 2021 WL 3033533 (N.D. Ill. July 19, 2021)........................................... 10

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*,
  No. 6:21-CV-01178-ADA, 2023 WL 2904583 (W.D. Tex. Apr. 11, 2023)............................ 10

*Rambus Inc. v. Infineon Techs. Ag*,
  318 F.3d 1081 (Fed. Cir. 2003) ................................................................... 12

*Raniere v. Microsoft Corp.*,
  887 F.3d 1298 (Fed. Cir. 2018) ................................................................... 14

*Rembrandt Techs., LP v. Comcast of Fla./Pa., LP*,
  899 F.3d 1254 (Fed. Cir. 2018) ................................................................... 13

*Roadway Express, Inc. v. Piper*,
  447 U.S. 752 (1980) ...................................................................................... 14

*Romag Fasteners, Inc. v. Fossil, Inc.*,
  866 F.3d 1330 (Fed. Cir. 2017) ................................................................... 13

*SFA Sys., LLC v. Newegg Inc.*,
  793 F.3d 1344 (Fed. Cir. 2015) .............................................................. 13, 18

*Shipping & Transit, LLC v. 1A Auto, Inc.*,
  283 F. Supp. 3d 1290 (S.D. Fla. 2017) ........................................................ 20

*Shoffiett v. Goode*,
  825 F. App'x 824 (Fed. Cir. 2020) ............................................................... 15

*Stragent, LLC v. Intel Corp.*, No. 6:11-CV-421,
  2014 WL 6756304 (E.D. Tex. Aug. 6, 2014) ............................................... 13

*Sunless, Inc. v. Selby Holdings, LLC*,
  No. 20-cv-00930, 2021 WL 3513871 (M.D. Tenn. Aug. 10, 2021) .............. 15

*Traxcell Techs., LLC. v. AT&T Corp.*,
  No. 2:17-cv-00718-RWS-RSP, 2022 WL 949951 (E.D. Tex. Mar. 29, 2022) ........... 18

*WPEM, LLC v. SOTI Inc.*,
  No. 2:18-CV-00156-JRG, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020) ................ 19

*Yankee Enter., Inc. v. Dunkin' Donut Inc.*,
  145 F.3d 360 (5th Cir. 1998) ....................................................................... 14

*ZT IP, LLC v. VMware, Inc.*,
  No. 3:22-CV-0970-X, 2023 WL 1785769 (N.D. Tex. Feb. 6, 2023) .............. 18

**Statutes**

28 U.S.C. § 1927 ................................................................................................ 14, 20

35 U.S.C. § 285 ............................................................................................ 12, 13, 14

iv

VIZIO, Inc. ("VIZIO") respectfully requests that the Court award VIZIO its attorneys' fees and other non-taxable costs against Ortiz & Associates Consulting, LLC ("Ortiz") under 35 U.S.C. § 285, 28 U.S.C. § 1927, and/or the Court's inherent power.

## I.      INTRODUCTION

Most patent infringement suits are not "exceptional" under 35 U.S.C. § 285. This one is.

From the outset, Ortiz brought a case it knew or should have known was fatally and facially defective. Even after two complaints, Ortiz failed to articulate any basis for recoverable damages, given that (1) the patents-in-suit were expired, barring future damages, and (2) Ortiz twice failed to plead compliance with the marking statute, barring past damages. For these reasons, and others, the Court granted VIZIO's Motion to Dismiss. Ortiz had every reason to anticipate this outcome, as Ortiz has tried *eleven* other times to monetize these patents without making it past the pleadings stage.

Since filing, Ortiz has not even pretended to prosecute its case. Ortiz never served initial disclosures despite initiating this case. Ortiz never served its infringement contentions despite the deadline for service passing three months before the case was dismissed. Discovery was open for nearly five months, and Ortiz never served any. Further, after wholly ignoring the Court's deadlines and making no effort to disclose its infringement theories, Ortiz demanded a settlement for less than the cost of defense, making clear that Ortiz never intended to pursue infringement claims in good faith. Ortiz's behavior here is consistent with its long history of litigation abuse and underscores that this case is exceptional.

"The aim of [an award under] § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013). VIZIO should not have been forced to incur over $100,000 in legal fees defending a suit Ortiz knew it had no good faith basis to bring. Nor should the Court have been

forced to expend its own time and resources resolving disputes relating to this matter. In view of Ortiz's facially deficient claims and subsequent litigation misconduct, VIZIO respectfully requests that the Court find this case exceptional under § 285 and award VIZIO its reasonable attorneys' fees and non-taxable costs.

Moreover, the bad faith actions of Ortiz's counsel have contributed to the exceptionalness of this case. Indeed, Ortiz's counsel has a demonstrated history of filing meritless lawsuits like this one hoping to receive cost-of-litigation settlements. Ortiz's counsel should be jointly and severally liable for VIZIO's fees and costs based on their misconduct as well as to deter future frivolous lawsuits and bad faith conduct.

## II.    STATEMENT OF FACTS

### A.    This Case "Stands Out"

#### 1.    Ortiz Failed to Plead Sufficient Facts to Support Its Claims, Including Its Claim for Pre-Suit Damages

Ortiz's original Complaint included baseless claims, failed to provide adequate—or any meaningful—notice of VIZIO's alleged direct infringement, and failed to plead sufficient facts to establish any recoverable damages. Consequently, VIZIO was forced to file a motion to dismiss Ortiz's original Complaint ("First Motion") on numerous grounds, including failures to: (1) plead any facts establishing prior notice of the Asserted Patents required for indirect and willful infringement; (2) satisfy the *Iqbal/Twombly* pleading standard; and (3) plead compliance with the marking statute precluding past damages, which are the only theoretical damages available since the Asserted Patents expired in 2021. (Dkt. 16.)

Ortiz filed a First Amended Complaint ("FAC") in response to VIZIO's First Motion, dropping its baseless claims for indirect and willful infringement, but failing to address the original Complaint's other problems highlighted by VIZIO's First Motion. (Dkt. 20.) In

2

particular, Ortiz's FAC once again failed to plead compliance with the marking statute—despite VIZIO identifying in its First Motion binding Federal Circuit authority requiring Ortiz to so plead. The FAC also failed to articulate any viable direct infringement theories.[1] VIZIO was therefore forced to file a second motion to dismiss concerning the FAC (Dkt. 24) ("Second Motion"), which addressed many of the same issues raised in the First Motion.

On November 11, 2023, the Court granted VIZIO's Second Motion. (Dkt. 30.) The Court confirmed that no ongoing or future damages are available to Ortiz because the Asserted Patents expired well before this lawsuit was filed. (*Id*., 4.) This is an objective fact that Oritz knew, or should have known, prior to filing suit. The Court also found that Ortiz's prior stipulated dismissals with prejudice involving Roku and Panasonic functioned as licenses, consistent with well-established law, which gave rise to an obligation by Ortiz to ensure that the accused patented articles in those cases were marked. (*Id*., 7.) Because Ortiz failed to plead any facts—in either the Complaint or FAC—as to how it complied with the marking statute in view of the prior dismissals, Ortiz failed to state a claim for pre-suit damages. Independently, regardless of whether the Roku and Panasonic dismissals gave rise to any marking obligations Ortiz was, at a minimum, obligated to plead that it sold no patented articles and complied with all statutory requirements in its complaints. (*Id*., 7-8.) Yet, Ortiz failed to satisfy even that basic pleading requirement on two separate occasions, even after VIZIO raised this deficiency with its First Motion. Thus, VIZIO's Second Motion was granted with prejudice. (*Id*., 8.)

---

[1] Although the Court did not need to address Ortiz's failure to properly plead a cause of action for direct infringement before dismissing this case with prejudice, as set forth in VIZIO's Second Motion, Ortiz's claim chart was replete with deficiencies and did not come close to plausibly pleading a cause of action for direct infringement. (Dkt. 24, 14-22.) Moreover, multiple courts have dismissed Ortiz's other complaints based on the inability to plead direct infringement as well. (*Id*., 14.)

3

## 2. Ortiz Had No Intention of Litigating this Case on the Merits and Only Wanted to Extract a Nuisance Value Settlement

Ortiz's complete indifference to plead facts sufficient to state a viable claim makes clear that Ortiz had no real intention of litigating this baseless action from the outset. Ortiz's other litigation conduct drives home this conclusion. For example, the parties agreed to serve their respective Rule 26(a)(1) disclosures by August 2, 2023. (Dkt. 23, 6-7.) Ortiz wholly ignored that deadline and never served any Rule 26(a)(1) disclosures in this case. (*See* Declaration of Steven W. Hartsell in Support of Defendant VIZIO, Inc.'s Motion for Attorneys' Fees and Non-Taxable Costs Pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's Inherent Power ("Hartsell Decl."), ¶3.) The parties also agreed that the deadline for Ortiz's Service of Preliminary Infringement Contentions ("PICs") and compliance with Miscellaneous Order No. 62, 3-2 would be seven days after the entry of a scheduling order (which was July 19, 2023). (Dkt. 23, 4). Ortiz again ignored that deadline and failed to serve any PICs or documents, in express violation of Miscellaneous Order No. 62, 3-2. (Hartsell Decl., ¶4.) For the duration of the case, Ortiz never even attempted to carry its burden to put VIZIO on notice of its infringement theories.

Additionally, the parties participated in their meeting of counsel under Fed. R. Civ. P. 26 on June 21, 2023 (Hartsell Decl., ¶5), which opened the window for discovery in this matter. Despite discovery being open for nearly five months before dismissal, Ortiz never served a single discovery request or deposition notice. (*Id.*, ¶6.)

In fact, after conferring about the Joint Report Regarding Status and Scheduling Order (Dkt. 23) in July, VIZIO did not hear from Ortiz about this lawsuit until October 13, 2023, when Ortiz sent VIZIO an unprompted initial settlement demand of "$149,000 for a full license," far less than any reasonable cost of defense. (*Id.*, ¶7.) On October 18, 2023, VIZIO rejected Ortiz's demand and reminded Ortiz of its non-compliance with numerous deadlines. (*Id.*, Ex. A,

4

APPX1-0001) Ortiz neither denied that it failed to comply with several significant deadlines, nor made any attempts to rectify its abject failures before the Court dismissed this case with prejudice. *Id*.

**B.      Ortiz's Litigation History Underscores the Exceptional Nature of This Case**

Ortiz has a lengthy history of filing patent infringement actions involving the Asserted Patents. However, those cases generally ended before any substantive work was undertaken, either through voluntary dismissals or dismissals for failure to state a claim. The following is a summary of prior actions involving the Asserted Patents and their respective outcomes[2]:

1.      *Ortiz & Associates Consulting, LLC v. Roku, Inc.*, No. 1:18-cv-1265-MN (D. Del.): Filed on August 18, 2018, this case involved both Asserted Patents. (Ex. B, APPX1-0002-3.) The case was dismissed, with prejudice, on June 5, 2019, days before a hearing on Roku's Rule 12(b)(6) motion for claiming ineligible subject matter under 35 U.S.C. § 101. (Ex. C, APPX1-0020 at Dkts. 17, 19-20.)

2.      *Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America,* No. 1:19-cv-01921 (D. Del.): Filed on October 19, 2019, this case involved the '299 Patent. (Ex. D, APPX1-0024, 29.) After a few months, and without any substantive entries on the docket, the parties filed two Stipulations to Stay, stating: "The Parties have reached an agreement to resolve all claims asserted in this case against Defendant. In light of the agreement and contemplated dismissal, the Parties have stipulated to stay all deadlines in connection with this litigation . . ." (Ex. E, APPX1-0030-31; Ex. F, APPX1-0034-36.) The case was voluntarily dismissed, with

---

[2] Ortiz has also litigated patents related to the Asserted Patents, including: *Ortiz & Associates Consulting, LLC v. HP Inc.,* No. 1:18-c00837 (N.D. Ill.) (U.S. Patent Nos. 9,380,414 and 7,630,721) and *Ortiz & Associates Consulting, LLC v. Google LLC,* No. 1:18-c00838 (N.D. Ill.) (U.S. Patent Nos. 9,380,414 and 8,971,914).

prejudice, on May 15, 2020. (Ex. G, APPX1-0039 at Dkt. 11; Ex. H, APPX1-0042.)

3.    *Ortiz & Associates Consulting, LLC v. Microsoft Corp.,* No. 1:19-cv-08262 (N.D. Ill.): Filed on December 18, 2019, this case involved the '299 Patent. (Ex. I, APPX1-0045, 51.) Microsoft filed a Motion to Dismiss for Failure to State a Claim, which the Court granted on July 19, 2021. *Ortiz & Assocs. Consulting LLC v. Microsoft Corp.*, No. 19-CV-8262, 2021 WL 3033533, at *1 (N.D. Ill. July 19, 2021). Ortiz elected not to file another amended complaint, and the case was closed. (Ex. J, APPX1-0056 at Dkts. 33, 35-36.)

4.    *Ortiz & Associates Consulting, LLC v. Hisense Co., Ltd.*, No. 1:12-cv-02193 (N.D. Ill.): Filed on April 8, 2020, this case involved the '299 Patent. (Ex. K, APPX1-0059, 61.) The case was voluntarily dismissed, with prejudice, on December 4, 2020, with no substantive entries on the docket. (Ex. L, APPX1-0062-65 at Dkt. 25.)

5.    *Ortiz & Associates Consulting, LLC v. Canon U.S.A., Inc.*, No. 6:21-cv-01177 (W.D. Tex.): Filed on November 12, 2021, this case involved the '285 Patent. (Ex. M, APPX1-0067.) The case was voluntarily dismissed seven weeks after Canon filed a Motion to Dismiss. (Ex. N, APPX1-0079 at Dkts. 16 and 19.)

6.    *Ortiz & Associates Consulting, LLC v. Ricoh USA Inc.,* Nos. 6:21-cv-01178 and 6:23-cv-00414 (W.D. Tex.): Filed on November 12, 2021, this case involved the '285 Patent. (Ex. O, APPX1-0082.) On April 11, 2023, the Court issued an order granting in part and denying in part a Rule 12(b)(6) Motion to Dismiss concerning the First Amended Complaint. (Ex. P, APPX1-0093 at Dkt. 22.) Specifically, the Court denied Ricoh's motion on standing in general, but granted the motion as to standing to sue on past damages before February 17, 2016, and granted as to failure to state a claim. *Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-CV-01178-ADA, 2023 WL 2904583, at *4 (W.D. Tex. Apr. 11, 2023). Ortiz filed a new

6

complaint on June 2, 2023, styled *Ortiz & Associates Consulting, LLC v. Ricoh USA Inc.,* No. 6:23-cv-00414 (W.D. Tex.) concerning the '285 Patent. (Ex. V, APPX1-0123 at Dkt. 1.) Ricoh filed another motion to dismiss for failure to state at claim on July 28, 2023 (*id.*, Dkt. 11), and that motion remains pending.

7.     *Ortiz & Associates Consulting, LLC v. Netgear, Inc.*, No. 1:22-cv-00613 (D. Del.): Filed on May 9, 2022, this case involved both Asserted Patents. (Ex. Q, APPX1-0095.) On April 5, 2023, a notice of voluntary dismissal was filed following the filing of a Motion to Dismiss for Lack of Prosecution. (Ex. R, APPX1-0104 at Dkts. 18, 20.)[3]

8.     *Ortiz & Associates Consulting, LLC v. Actiontec Electronics, Inc.*, No. 6:23-cv-00139 (W.D. Tex.): Filed on February 22, 2023, this case involved both Asserted Patents. (Ex. S, APPX1-0107.) The case was voluntarily dismissed less than a month later on March 7, 2023. (Ex. T, APPX1-0116 at Dkt. 7.)

9.     *Ortiz & Associates Consulting, LLC v. Epson America, Inc.*, No. 2:23-cv-00308 (E.D. Tex.): Filed on June 26, 2023, this case involved the '285 Patent. (Ex. U, APPX1-0119 at Dkt. 1.) On September 5, 2023, Epson filed a Motion to Dismiss Under Rules 12(b)(3) and 12(b)(6). (*Id.*, Dkt. 9). Before that motion was decided, Ortiz filed a Notice of Voluntary Dismissal on October 3, 2023. (*Id.* at APPX1-0120, Dkt. 14.)

10.     *Ortiz & Associates Consulting, LLC v. Konica Minolta Business Solutions USA Inc.*, No. 6:23-cv-00471 (W.D. Tex.): Filed on June 27, 2023, this case involves the '285 Patent. (Ex. W, APPX1-0127.) Konica filed Motion to Dismiss under Rule 12(b)(6) on October 27,

---

[3] Netgear subsequently moved to vacate Ortiz's voluntarily dismissal without prejudice as an attempt to preempt the Court's consideration of Netgear's Motion to Dismiss (Dkt. 19), which argued that the dismissal should be with prejudice. Ortiz ultimately filed a stipulation of dismissal with prejudice. (*Id.*, Dkt. 27).

2023, (Ex. X, APPX1-0134 at Dkt. 10), and that motion is currently pending.

11.    *Ortiz & Associates Consulting, LLC v. Lexmark International, Inc.,* No. 1:23-cv-01646 (D. Colo.): Filed on June 28, 2023, this case involves the '285 Patent. (Ex. Y, APPX1-0137.) No responsive pleadings have been filed by Lexmark to date in that case. (Ex. Z, APPX1-0145.)

## III.    LEGAL STANDARDS

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). There is "no precise rule or formula" for determining whether a case is exceptional. *Id.* "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* "District courts tend to award fees based on substantive weakness when a party fails to adduce any evidence to support its position or the party advances a position conclusively contradicted by the evidence." *NexusCard, Inc. v. Brookshire Grocery Co.*, No. 2:15-cv-961, 2016 WL 6893704, at *3 (E.D. Tex. Nov. 23, 2016). An unreasonable manner of litigation can also make a case "exceptional" under Section 285. *Rambus Inc. v. Infineon Techs. Ag*, 318 F.3d 1081, 1106 (Fed. Cir. 2003) (litigation misconduct or unprofessional behavior is sufficient to justify an award of attorneys' fees). A party seeking fees under Section 285 needs to show that they are entitled to fees by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 558.

To decide whether a case is "exceptional," courts may consider relevant factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components

8

of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Rembrandt Techs., LP v. Comcast of Fla./Pa., LP*, 899 F.3d 1254, 1277 (Fed. Cir. 2018) (quoting *Octane Fitness*, 572 U.S. at 554 n.6); *see also Edekka LLC v. 3balls.com*, No. 2:15-CV-541, 2015 WL 9225038, at *1 (E.D. Tex. Dec. 17, 2015); *Stragent, LLC v. Intel Corp.*, No. 6:11-CV-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014). However, a party does not need to establish any particular factor to recover attorneys' fees under Section 285.

"The substantive strength of a party's litigating position—*i.e.*, whether it is objectively baseless—[can] independently support an exceptional-case determination." *Nova Chems. Corp. (Can.) v. Dow Chem. Co.*, 856 F.3d 1012, 1017 (Fed. Cir. 2017). The Federal Circuit has awarded attorneys' fees under Section 285 after finding that "there [was] no possible way for [the accused] products to infringe." *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1361 (Fed. Cir. 2017). Further, the Federal Circuit has held it is error to "declin[e] to consider, in connection with [the] totality of circumstances analysis, earlier litigation misconduct. . . . Indeed, the fact that this misconduct has already been sanctioned should be weighed more heavily, rather than be excluded, in the 35 U.S.C. § 285 analysis." *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1340 (Fed. Cir. 2017); *see also SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285."). Evidence that a plaintiff seeks nuisance settlement and has no intention of testing the merits of its case is also relevant under § 285. *See*, *e.g.*, *SFA Sys.,* 793 F.3d at 1350.

Additionally, district courts have inherent power to shift fees and sanction attorney's misconduct. *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974).

Such an award may be assessed against the party or its counsel, or both. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980). Along with the court's inherent authority to punish bad faith actions, 28 U.S.C. § 1927 also gives courts the power to sanction "any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously" by requiring the attorney "to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The district court has broad discretion to grant § 1927 sanctions. *Yankee Enter., Inc. v. Dunkin' Donut Inc.*, 145 F.3d 360 (5th Cir. 1998).

## IV.   ARGUMENT

### A.   VIZIO Is the Prevailing Party in This Lawsuit

The Court granted VIZIO's motion to dismiss with prejudice. (Dkt. 30.) There is no dispute that VIZIO is therefore a "prevailing party" under § 285. *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018) ("district court's dismissal with prejudice . . . suffices to make [defendants] 'prevailing parties'"). As the prevailing party, this Court may award reasonable attorneys' fees to VIZIO upon a finding that this case is exceptional. 35 U.S.C. § 285.

### B.   This Case Is Exceptional Under 35 U.S.C. § 285

VIZIO asks that the Court find this case "exceptional" under 35 U.S.C. § 285. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005); *Octane Fitness*, 572 U.S. at 554 ("[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.").

#### 1.   Ortiz's Complete Failure to Plead Any Viable Damages Claims in Its Complaints Makes This Case Stand Out from Others

From the outset of this case, Ortiz knew, or should have known, that its case was objectively baseless because it did not have a viable damages theory. First, it is undisputed that

10

the Asserted Patents expired well before Ortiz sued VIZIO. (Dkt. 30, 4.) Objectively, Ortiz could not seek to recover post-suit damages in this case. *Shoffiett v. Goode*, 825 F. App'x 824, 826 (Fed. Cir. 2020) (quoting *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 451 (2015)) ("When a patent expires, 'the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public.'").

Second, Ortiz knew, or should have known, that to support a claim for pre-suit damages, a patent plaintiff must plead compliance with § 287(a). *Artic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017); *DivX, LLC v. Hulu, LLC*, No. LACV 21-1615, 2021 WL 4459368, at *4-6 (C.D. Cal. June 11, 2021) ("a patentee must plead compliance with 35 U.S.C. § 287(a) to properly plead pre-suit patent infringement damages"); *Sunless, Inc. v. Selby Holdings, LLC*, No. 20-cv-00930, 2021 WL 3513871, at *4-5 (M.D. Tenn. Aug. 10, 2021) (finding patentee "failed to plead facts establishing that it complied with the patent marking statute"); *Express Mobile, Inc. v. DreamHost LLC*, Nos. 18-cv-01173, 18-cv-01775, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) ("A claim for past damages requires pleading compliance with the marking statute."). Here, this includes an obligation to plead either facts establishing Ortiz marked products in compliance with the statute, or facts showing that no products required marking. *Id.; Estech Sys. IP, LLC v. Mitel Networks, Inc.*, 2023 WL 6115252 at *7 (E.D. Tex. July 17, 2023), report and recommendation adopted, 2023 WL 6065865 (E.D. Tex. Aug. 2, 2023) (patentee sufficiently plead compliance with §287(a) where it pled that it sold no patented articles and complied with all statutory requirements to obtain pre-suit damages). Ortiz did not plead or address marking or § 285 *at all* in its two complaints. Indeed, Ortiz still failed to so plead in its FAC despite VIZIO highlighting the issue in its First Motion. Filing such an objectively baseless case alone amounts to "exceptional" conduct.

11

Ortiz's stated reason for ignoring patent marking issues in its complaints—its belief that the dismissals with prejudice of its claims against Roku and Panasonic did not legally function as the equivalent of licenses to use the Asserted Patents—is also unreasonable. *EMG Tech., LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597427, at *2 (E.D. Tex. May 12, 2014). Significantly, Ortiz's opposition to VIZIO's Second Motion barely mentioned this issue, and failed to cite any cases in support of Ortiz's position. (Dkt. 28, 4-5.) Ortiz's decision to ignore well-established law surrounding § 287(a), when it lacked any legal authority for taking that position independently, further stands out as exceptional conduct justifying an award of fees and costs.

### 2.     Ortiz's Litigation Conduct Was Also Exceptional

This case is also exceptional because of Ortiz's complete failure to put forth any efforts to prosecute this case. Among other things, Ortiz ignored its deadlines to serve initial disclosures and infringement contentions and did not serve any discovery requests in this case. (Hartsell, Dec., ¶¶3-6.) The failure to serve infringement contentions was particularly egregious since, under Miscellaneous Order No. 62, and the agreement of the parties, several default deadlines were directly and indirectly triggered by Ortiz's service of the infringement contentions. For example, VIZIO's invalidity contentions were set to be due within "75 days from the date the party claiming patent infringement serves the disclosure of asserted claims and preliminary infringement contentions," and the parties' exchange of claim terms to be construed was due "14 days after service of the preliminary invalidity contentions." (Dkt. 23, 4; Miscellaneous Order No. 62, 3-3(a), 4-1(a).) Ortiz's failure to serve its infringement contentions effectively mooted all remaining case deadlines, indefinitely. Moreover, Ortiz cannot claim that its failure to comply with the Court's deadlines was an innocent oversight because, among other things, VIZIO put Ortiz on notice of the failure in its Reply to the Second Motion, two months before this case was

12

dismissed. (*See, e.g.*, Dkt. 29, 10 n.4.) Despite having such notice, however, Ortiz obstinately refused to comply with the deadlines of the case it initiated. Ortiz's conduct, by any standard, was unreasonable.

Further, instead of pursuing its case on the merits, Ortiz demanded a payment less than the cost of defense from VIZIO for a license to the patents despite having served no infringement contentions and no discovery. This demand, coupled with Ortiz's utter failure to comply with Court deadlines, leads to the inescapable conclusion that Ortiz filed this case attempting to extract a nuisance value settlement offer from VIZIO by exploiting the high cost to defend a patent litigation case involving two patents. Ortiz's bad faith settlement tactics makes this case exceptional as well. *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 916-17 (Fed. Cir. 2019) (finding that the district court did not abuse its discretion in awarding §285 fees where the plaintiff make multiple settlement demands that were far less than the anticipated cost of defense (*i.e.*, nuisance value settlement offers) (citing *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011) (finding that the district court did not err in determining that the patentee had "acted in bad faith by exploiting the high cost to defend complex litigation to extract a nuisance value settlement")).

### 3. This Case Is Part of a Pattern of Abusive Litigation by Ortiz and Its Counsel

Ortiz's conduct in prior litigation involving the Asserted Patents further supports a finding of exceptionality. In particular, Ortiz has a pattern of filing patent infringement actions for the apparent sole purpose of forcing settlements, with no intention of testing the merits of Ortiz's claims. In fact, as summarized above (Section 2.B), *none* of the many lawsuits initiated by Ortiz involving the Asserted Patents have survived beyond the motion to dismiss stage. Indeed, Ortiz has a lengthy history of dismissing these cases in the face of a substantive

13

challenge. *See, e.g.,* (Ex. C, APPX1-0020 at Dkts. 17, 19-20) (dismissing on the eve of Section 101 hearing). In other instances, Ortiz has not attempted to re-plead once deficiencies in its complaint were affirmed by a court. *See, e.g.,* (Ex. J, APPX1-0056 at Dkt. 35) ("Plaintiff confirms that Plaintiff will not be filing an amended complaint."). These facts support "the conclusion that [Plaintiff] was filing lawsuits 'for the sole purpose of forcing settlements, with no intention of testing the merits of [the] claims.'" *My Health, Inc. v. ALR Tech. Inc.*, No. 2:16-cv-00535-RWS-RSP, 2017 WL 6512221, at *5 (E.D. Tex. Dec. 19, 2017); *see also SFA Sys.,* 793 F.3d at 1350 ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285.").

Ortiz's counsel also has a disturbing and telling history of being sanctioned by courts for bad faith litigation tactics. For example, just a few months ago, a different entity represented by Ortiz's counsel was ordered to pay Google $191,302 in fees and costs based, in large part, on Ortiz's counsel's bad faith actions. *EscapeX IP LLC v. Google LLC,* No. 22-cv-08711-VC, 2023 WL 5257691, at *2 (N.D. Cal. Aug. 16, 2023).

Other courts have not hesitated to award fees against entities represented by Ortiz's counsel for exceptional litigation conduct as well. *See, e.g., ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 WL 1785769, at *2-5 (N.D. Tex. Feb. 6, 2023) (finding case exceptional and awarding $92,130 in attorneys' fees where DynaIP entity represented by Ramey LLP failed "to conduct an adequate pre-filing investigation and act diligently when it became aware that its investigation was inadequate"); *Traxcell Techs., LLC. v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP, 2022 WL 949951, at *4 (E.D. Tex. Mar. 29, 2022) (awarding defendant Verizon its

14

attorneys' fees against plaintiff represented by Mr. Ramey and calling the case "'exceptional'

under § 285 based on [plaintiff's] pursuit of objectively baseless infringement theories . . ."),

*report and recommendation adopted by*, 2022 WL 18507378, at *1 (E.D. Tex. Dec. 22, 2022)

("[Plaintiff] continued to pursue theories that it knew or should have known were baseless.");

*WPEM, LLC v. SOTI Inc.*, No. 2:18-CV-00156-JRG, 2020 WL 555545, at *3-6, 8 (E.D. Tex.

Feb. 4, 2020) (finding case exceptional and awarding $179,622 in attorneys' fees where Mr.

Ramey "conducted no pre-filing investigation into the validity and enforceability of the Asserted

Patent at all"), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2628 (2021).

### 4.    The Totality of the Circumstances in this Case Renders It Exceptional

If the Court finds that the circumstances discussed above, when viewed individually, are

insufficient to render this case exceptional, the totality of the circumstances demonstrate that

Ortiz's conduct makes this case "stand out" from most other patent cases. *Octane Fitness*, 572

U.S. at 554. As shown, Ortiz's strategy was to expend virtually no effort, with the goal of

"exploiting the high cost to defend complex litigation to extract [] nuisance value settlement[s]."

*Eon-Net*, 653 F.3d at 1327 (explaining that such conduct may render a case exceptional under §

285). For example, Ortiz continued to pursue its infringement claims without adding any

allegations to the FAC relating to its marking obligations, despite VIZIO's First Motion

highlighting numerous cases summarizing Ortiz's basic pleading obligations. In doing so, Ortiz

caused VIZIO to unnecessarily bear the burden of filing the Second Motion. Ortiz's repeated

failures to comply with its pleading, disclosure, and discovery obligations needlessly prolonged

the litigation of this matter for several months, causing a waste of substantial resources.

Further, an award of attorneys' fees is warranted to deter Ortiz's conduct. *See, e.g.*, *Big

Baboon, Inc. v. SAP Am., Inc.*, No. 17-cv-02082-HSG (EDL), 2019 WL 5088784, at *7 (N.D.

Cal. Sept. 9, 2019) (plaintiff's "continued pursuit of meritless claims" and "serial [failed]

15

lawsuits on the same patent" supported finding of "exceptional" case for purposes of § 285); *Shipping & Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290, 1300 (S.D. Fla. 2017) (plaintiff's "nationwide pattern of pervasive litigation" is a proper consideration in determining whether a case is exceptional); *Order, P.S. Prods., Inc. v. Panther Trading Co.*, No. 4:22-cv-00473-JM, Dkt. 29 (E.D. Ark. Jan. 30, 2023) (granting attorneys' fees and awarding sanctions based on "Plaintiffs' history of repeatedly filing meritless lawsuits").

Indeed, an award of attorneys' fees may be the only way to deter Ortiz's misconduct. As shell companies that do not actually practice the patents they assert, entities like Ortiz "place[] little at risk when filing suit." *Eon-Net*, 653 F.3d at 1327. They are "generally immune to counterclaims for patent infringement, antitrust, or unfair competition because [they do] not engage in business activities that would potentially give rise to those claims," and they do "not face any business risk resulting from the loss of patent protection over a product or process." *Id.* at 1327-28. Absent an award of fees, there is only upside. Here, "Plaintiff's conduct is a pattern and practice used to obtain financial advantage against defendants in costly patent litigation." *Shipping & Transit*, 283 F. Supp. 3d at 1302. That "*modus operandi* can no longer be ignored." *Id.*

## V.     ORTIZ'S COUNSEL SHOULD BE HELD JOINTLY AND SEVERALLY LIABLE

Ortiz's counsel unreasonably prolonged this baseless case and bears responsibility for the litigation misconduct described herein. Thus, Ortiz's counsel should be held jointly and severally liable with Ortiz for its role in this bad faith litigation. *See, e.g.,* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991) (stating

16

that if the expressed authorities do not provide adequate sanction, "the court may safely rely on its inherent power").

Ortiz's counsel knew or should have known that Ortiz did not have a legitimate damages claim against VIZIO, yet proceeded to file the complaint anyway. Counsel also ignored established law requiring pleading compliance with the marking statute not once, but twice— even after being notified of this failure. Counsel further failed to prosecute this action in good faith as described above by failing to comply with multiple deadlines. Overall, Ortiz's counsel abused the litigation process by filing a baseless complaint in the hopes that VIZIO would capitulate to settling for less than the cost of defense. Ortiz's counsel multiplied proceedings and deliberately caused VIZIO to unnecessarily spend money defending against Ortiz's meritless claims to try and achieve that goal, which should be sanctioned.

Further, as described above, Ortiz's counsel has a history of filing and maintaining frivolous lawsuits not just for Ortiz, but other clients as well. Thus, all VIZIO's fees and costs incurred in defending this case are attributable to Ortiz's counsel who knowingly brought and maintained this case without basis. *See, e.g., EscapeX IP LLC,* 2023 WL 5257691, at *1 ("EscapeX certainly poured dirt on itself by engaging in [] litigation misconduct. The attorneys for EscapeX are lucky that Google did not separately ask the Court to impose sanctions on them."). The fact that Ortiz is merely a shell company—and may file bankruptcy to avoid any fees awarded under § 285—further justifies awarding fees to be paid by Ortiz's counsel. An award of fees in this action is necessary and likely the only way to deter Ortiz's counsel from (1) filing frivolous lawsuits moving forward, and (2) disregarding court rules and orders in pending litigation matters.

## VI.   CONCLUSION

In view of the foregoing, VIZIO moves the Court to declare this case exceptional and award its attorneys' fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power. Pursuant to Fed. R. Civ. P. 54(d)(2), VIZIO's estimate of accrued attorneys' fees and costs is approximately $108,484.[4] Should the Court determine VIZIO is entitled to an award of its fees, VIZIO shall submit additional information related to work done, hourly rates, and costs.[5]

Dated: November 15, 2023

*/s/ Steven W. Hartsell*
Paul J. Skiermont (TX Bar No. 24033073)
Steven W. Hartsell (TX Bar No. 24040199)
Michael D. Ricketts (TX Bar No. 24079208)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
shartsell@skiermontderby.com
mricketts@skiermontderby.com

Rex Hwang (CA Bar No. 221079)
(*pro hac vice*)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213) 788-4545
rhwang@skiermontderby.com

*Attorneys for Defendant*
VIZIO, Inc.

---

[4] This is merely an estimate and does not include, among other things, fees or costs associated with this motion.

[5] Rule 54(d)(2) does not require that a motion for attorneys' fees "be supported at the time of filing with evidentiary material bearing on the fees." Fed. R. Civ. P. 54, Advisory Committee's Note (1993). Instead, this material may "be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case." *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2023, a true and correct copy of the foregoing was

served on all counsel of record via the Court's electronic filing system.

*/s/ Steven W. Hartsell*

**CERTIFICATE OF CONFERENCE**

This motion is opposed. Counsel for VIZIO conferred with counsel for Ortiz via

telephone on November 10, 2023 regarding the substance of this motion. The parties could not

reach an agreement because the parties dispute whether VIZIO is entitled to attorneys' fees and

non-taxable costs.

*/s/ Steven W. Hartsell*