**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, | |
| Plaintiff, | Civil Action No. 3:23-CV-00791-N |
| v. | |
| VIZIO, INC., | |
| Defendant. | |

**DECLARATION OF STEVEN W. HARTSELL IN SUPPORT OF DEFENDANT VIZIO, INC.'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS TO 35 U.S.C. § 285, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER**

I, Steven W. Hartsell, declare as follows:

1.      I am an attorney duly admitted to practice before this Court. I am a partner with Skiermont Derby, attorneys of record for Defendant VIZIO, Inc. ("VIZIO"). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of VIZIO's Motion for Attorneys' Fees and Non-Taxable Costs Pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's Inherent Power.

2.      On November 10, 2023, counsel for VIZIO, myself and Rex Hwang, conferred with counsel for Ortiz, William Ramey, via telephone regarding the substance of this motion. Counsel for Ortiz indicated that Ortiz opposes VIZIO's motion. The parties could not reach an agreement because the parties dispute whether VIZIO is entitled to attorneys' fees and non-taxable costs.

3.      Ortiz never served any Rule 26(a)(1) disclosures in this case.

4.      Ortiz never served any Preliminary Infringement Contentions in this case.

5.      The parties participated in a meeting of counsel under Fed. R. Civ. P. 26 on June 21, 2023.

6.      Ortiz never served any discovery requests in this case.

7.      After conferring about the Joint Report Regarding Status and Scheduling Order (Dkt. 23) in July, VIZIO did not hear from Ortiz about this lawsuit at all until October 13, 2023, when Ortiz sent VIZIO an unprompted initial settlement offer of "$149,000 for a full license."

8.      A true and correct copy of Ortiz's settlement offer is attached hereto as Exhibit A (APPX1-0001). A true and correct copy of VIZIO's response to Ortiz's settlement offer is also included in Exhibit A.

1

9.      VIZIO's estimate of accrued attorneys' fees and costs is approximately $108,484. This is merely an estimate and does not include, among other things, fees or costs associated with VIZIO's fee motion.

10.     Attached as Exhibit B (APPX1-0002–APPX1-0016) is a true and correct copy of and correct copy of the complaint filed in *Ortiz & Associates Consulting, LLC v. Roku, Inc.*, No. 1:18-cv-1265-MN (D. Del.) at Dkt. 1, downloaded from the PACER website on November 13, 2023.

11.     Attached as Exhibit C (APPX1-0017–APPX1-0021) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Roku, Inc.*, No. 1:18-cv-1265-MN (D. Del.), downloaded from the PACER website on November 13, 2023.

12.     Attached as Exhibit D (APPX1-0022–APPX1-0029) is a true and correct copy of the complaint filed in *Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America*, No. 1:19-cv-01921 (D. Del.) at Dkt. 1, downloaded from the PACER website on November 13, 2023.

13.     Attached as Exhibit E (APPX1-0030–APPX1-0033) is a true and correct copy of the stipulation filed in *Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America*, No. 1:19-cv-01921 (D. Del.) at Dkt. 9, downloaded from the PACER website on November 13, 2023.

14.     Attached as Exhibit F (APPX1-0034–APPX1-0036) is a true and correct copy of the stipulation filed in *Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America,* No. 1:19-cv-01921 (D. Del.) at Dkt. 10, downloaded from the PACER website on November 13, 2023.

15.     Attached as Exhibit G (APPX1-0037–APPX1-0040) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America,* No. 1:19-cv-01921 (D. Del.), downloaded from the PACER website on November 13, 2023.

16.     Attached as Exhibit H (APPX1-0041–APPX1-0042) is a true and correct copy of the notice of dismissal in *Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America,* No. 1:19-cv-01921 (D. Del.), downloaded from the PACER website on November 13, 2023.

17.     Attached as Exhibit I (APPX1-0043–APPX1-0051) is a true and correct copy of the first amended complaint filed in *Ortiz & Associates Consulting, LLC v. Microsoft Corp.,* No. 1:19-cv-08262 (N.D. Ill.) at Dkt. 25, downloaded from the PACER website on November 13, 2023.

18.     Attached as Exhibit J (APPX1-0052–APPX1-0056) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Microsoft Corp.,* No. 1:19-cv-08262 (N.D. Ill.), downloaded from the PACER website on November 13, 2023.

19.     Attached as Exhibit K (APPX1-0057–APPX1-0061) is a true and correct copy of the complaint filed in *Ortiz & Associates Consulting, LLC v. Hisense Co., Ltd.*, No. 1:12-cv-02193 (N.D. Ill.) at Dkt. 1, downloaded from the PACER website on November 13, 2023.

20.     Attached as Exhibit L (APPX1-0062–APPX1-0065) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Hisense Co., Ltd.*, No. 1:12-cv-02193 (N.D. Ill.), downloaded from the PACER website on November 14, 2023.

21.     Attached as Exhibit M (APPX1-0066–APPX1-0075) is a true and correct copy of the complaint filed in *Ortiz & Associates Consulting, LLC v. Canon U.S.A., Inc.*, No. 6:21-cv-01177 (W.D. Tex.) at Dkt. 1, downloaded from the PACER website on November 13, 2023.

22.    Attached as Exhibit N (APPX1-0076–APPX1-0080) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Canon U.S.A., Inc.*, No. 6:21-cv-01177 (W.D. Tex.), downloaded from the PACER website on November 13, 2023.

23.    Attached as Exhibit O (APPX1-0081–APPX1-0088) is a true and correct copy of the first amended complaint filed in *Ortiz & Associates Consulting, LLC v. Ricoh USA Inc.,* No. 6:21-cv-01178 (W.D. Tex.) at Dkt. 16, downloaded from the PACER website on November 13, 2023.

24.    Attached as Exhibit P (APPX1-0089–APPX1-0093) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Ricoh USA Inc.,* No. 6:21-cv-01178 (W.D. Tex.), downloaded from the PACER website on November 13, 2023.

25.    Attached as Exhibit Q (APPX1-0094–APPX1-0099) is a true and correct copy of the complaint filed in *Ortiz & Associates Consulting, LLC v. Netgear, Inc.*, No. 1:22-cv-00613 (D. Del.) at Dkt. 1, downloaded from the PACER website on November 13, 2023.

26.    Attached as Exhibit R (APPX1-0100–APPX1-0105) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Netgear, Inc.*, No. 1:22-cv-00613 (D. Del.), downloaded from the PACER website on November 13, 2023.

27.    Attached as Exhibit S (APPX1-0106–APPX1-0113) is a true and correct copy of the complaint filed in *Ortiz & Associates Consulting, LLC v. Actiontec Electronics, Inc.*, No. 6:23-cv-00139 (W.D. Tex.) at Dkt. 1, downloaded from the PACER website on November 13, 2023.

28.    Attached as Exhibit T (APPX1-0114–APPX1-0116) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Actiontec Electronics, Inc.*, No. 6:23-cv-00139 (W.D. Tex.), downloaded from the PACER website on November 13, 2023.

29.     Attached as Exhibit U (APPX1-0117–APPX1-0120) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Epson America, Inc.*, No. 2:23-cv-00308 (E.D. Tex.), downloaded from the PACER website on November 13, 2023.

30.     Attached as Exhibit V (APPX1-0121–APPX1-0125) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Ricoh USA Inc.,* No. 6:23-cv-00414 (W.D. Tex.), downloaded from the PACER website on November 14, 2023.

31.     Attached as Exhibit W (APPX1-0126–APPX1-0131) is a true and correct copy of the complaint filed in *Ortiz & Associates Consulting, LLC v. Konica Minolta Business Solutions USA Inc.*, No. 6:23-cv-00471 (W.D. Tex.) at Dkt. 1, downloaded from the PACER website on November 14, 2023.

32.     Attached as Exhibit X (APPX1-0132–APPX1-0135) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Konica Minolta Business Solutions USA Inc.*, No. 6:23-cv-00471 (W.D. Tex.), downloaded from the PACER website on November 14, 2023.

33.     Attached as Exhibit Y (APPX1-0136–APPX1-0141) is a true and correct copy of the complaint filed in *Ortiz & Associates Consulting, LLC v. Lexmark International, Inc.,* No. 1:23-cv-01646 (D. Colo.) at Dkt. 1, downloaded from the PACER website on November 14, 2023.

34.     Attached as Exhibit Z (APPX1-0142–APPX1-0145) is a true and correct copy of the court docket sheet in *Ortiz & Associates Consulting, LLC v. Lexmark International, Inc.,* No. 1:23-cv-01646 (D. Colo.), downloaded from the PACER website on November 14, 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed this November 15, 2023, in Dallas, Texas.

*/s/ Steven W. Hartsell*
Steven W. Hartsell

5

# EXHIBIT A

## Rex Hwang

**From:** Steven Hartsell
**Sent:** Wednesday, October 18, 2023 2:21 PM
**To:** William Ramey; Susan Kalra; LitigationParalegals; Jeff Kubiak
**Cc:** Paul Skiermont; Rex Hwang; Mickey Ricketts
**Subject:** RE: [EXTERNAL] Ortiz v Vizio - Parties to Confer and Submit Rule 26 Report

Counsel,

Thank you for your email. VIZIO has considered Ortiz's settlement proposal, but given Ortiz has not complied with numerous court deadlines and the imminent ruling on VIZIO's renewed motion to dismiss, VIZIO declines Ortiz's offer. However, in the interest of resolving this matter, VIZIO is willing to accept a dismissal *with prejudice* and a $100K payment from Ortiz to VIZIO to compensate VIZIO for the costs and fees incurred to date fighting Ortiz's unsupported infringement claims (which has already resulted in Ortiz dropping several of its initial theories).

Regards,
Steven

**From:** William Ramey <wramey@rameyfirm.com>
**Sent:** Friday, October 13, 2023 5:48 PM
**To:** Steven Hartsell <SHartsell@skiermontderby.com>; Susan Kalra <skalra@rameyfirm.com>; LitigationParalegals <LitParalegals@rameyfirm.com>; Jeff Kubiak <jkubiak@rameyfirm.com>
**Cc:** Paul Skiermont <pskiermont@skiermontderby.com>; Rex Hwang <RHwang@skiermontderby.com>; Mickey Ricketts <mricketts@skiermontderby.com>
**Subject:** RE: [EXTERNAL] Ortiz v Vizio - Parties to Confer and Submit Rule 26 Report

Hi Steve,

This case is early.  Let us see if we can resolve it.

We offer $149,000 for a full license.  We are trying to stop the back and forth….  And put forward a good opening offer.

Can we discuss this next week?


Bill

William P. Ramey, III



5020 Montrose Bvd., Suite 800
Houston, Texas 77006
(713) 426-3923
(832) 900-4941 (facsimile)

This communication is CONFIDENTIAL and may be privileged. If you are not the intended recipient, please notify me immediately and delete this message. Further disclosure or copying of any portion of this message is unauthorized.

**APPX1-0001**

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ORTIZ & ASSOCIATES CONSULTING, LLC** | Case No. _____ |
| Plaintiff, | |
| v. | Patent Case |
| **ROKU, INC.** | Jury Trial Demanded |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ortiz & Associates Consulting, LLC ("Ortiz"), through its attorney, complains

of Roku, Inc. ("Roku"), and alleges the following:

**PARTIES**

1.      Plaintiff Ortiz & Associates Consulting, LLC is a limited liability company

organized and existing under the laws of New Mexico that maintains its principal place of

business at 117 Bryn Mawr Drive SE, Albuquerque, NM 87106.

2.      Defendant Roku, Inc. is a corporation organized and existing under the laws of

Delaware that maintains its principal place of business at 150 Winchester Circle, Los Gatos, CA,

95032.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the

United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and

1338(a).

1

APPX1-0002

5. This Court has personal jurisdiction over Roku because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, Roku provides its full range of services to residents in this District. As described below, Roku has committed acts of patent infringement giving rise to this action within this District.

**VENUE**

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Roku has committed acts of patent infringement in this District and has a regular and established place of business in this District. Specifically, Roku provides its full range of services to residents in this District and is incorporated in this District. In addition, Ortiz has suffered harm in this District.

**PATENTS-IN-SUIT**

7. Ortiz is the assignee of all right, title and interest in United States Patent No. 8,971,914 B2 (the "'914 Patent"), United States Patent No. 9,147,299 B2 (the "'299 Patent"), and United States Patent No. 9,549,285 B2 (the "'285 Patent") collectively, the "Patents-in-Suit," including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit.  Accordingly, Ortiz possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Roku.

**The '914 Patent**

8. On March 3, 2015, the United States Patent and Trademark Office issued the '914 Patent. The '914 Patent is titled "Systems, Methods and Apparatuses for Providing Video Data to Data Rendering Devices for Display on Multimedia Video Devices at the Request of Wireless Hand Held Devices." The application leading to the '914 Patent was filed on September 29, 2009 and is a continuation of application number 09/887,492, filed on June 22, 2001; which claims

2

priority from provisional application 60/214,339, filed on June 27, 2000. A true and correct copy of the '914 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. The '914 Patent is valid and enforceable.

10. The invention in the '914 Patent relates to the use and management of data retrieved over wireless networks, and more particularly, to systems, methods, and apparatuses for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices, such as televisions, video monitors, and projectors, capable of receiving and displaying video data at the request of wireless devices. Ex. A. at 1:24–32.

11. The inventor recognized that wireless device users were generally restricted in all data use by small device-based viewers, limited GUI functionality and unavailable or inconveniently located rendering resources to utilize data retrieved through networks. *Id.* at 4:21–25.

**The '299 Patent**

12. On September 29, 2015, the United States Patent and Trademark Office issued the '299 Patent. The '299 Patent is titled "Systems, Methods and Apparatuses for Brokering Data Between Wireless Devices, Servers and Data Rendering Devices." The application leading to the '721 Patent was filed on February 26, 2013 and is a continuation of application number 12/569,739, filed on September 29, 2009; which is a continuation of application number 09/887,492, filed on June 22, 2001; which claims priority from provisional application 60/214,339, which was filed on June 27, 2000. A true and correct copy of the '299 Patent is attached hereto as Exhibit B and incorporated herein by reference.

13. The '299 Patent is valid and enforceable.

3

14.     The invention in the '299 Patent relates to the use and management of data retrieved over wireless networks, and more particularly, to systems, methods, and apparatuses for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices, such as televisions, video monitors, and projectors, capable of receiving and displaying video data at the request of wireless devices. Ex. B. at 1:26–35.

15.     The inventor recognized that wireless device users were generally restricted in all data use by small device-based viewers, limited GUI functionality and unavailable or inconveniently located rendering resources to utilize data retrieved through networks. *Id.* at 4:26-31.

**The '285 Patent**

16.     On January 17, 2017, the United States Patent and Trademark Office issued the '285 Patent. The '285 Patent is titled "Systems, Methods and Apparatuses for Brokering Data Between Wireless Devices, Servers and Data Rendering Devices." The application leading to the '285 Patent was filed on April 21, 2016 and is a continuation of application number 13/777,284, filed on February 26, 2013; which is a continuation of application number 13/777,302, filed on February 26, 2013; which is a continuation of application number 12/569,739, filed on September 29, 2009; which is a continuation of application number 09/887,492, filed on June 22, 2001; which claims priority from provisional application 60/214,339, which was filed on June 27, 2000. A true and correct copy of the '285 Patent is attached hereto as Exhibit C and incorporated herein by reference.

17.     The '285 Patent is valid and enforceable.

4

APPX1-0005

18.     The invention in the '285 Patent relates to the use and management of data retrieved over wireless networks, and more particularly, to systems, methods, and apparatuses for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices, such as televisions, video monitors, and projectors, capable of receiving and displaying video data at the request of wireless devices. Ex. C. at 1:38–50.

19.     The inventor recognized that wireless device users were generally restricted in all data use by small device-based viewers, limited GUI functionality and unavailable or inconveniently located rendering resources to utilize data retrieved through networks. *Id.* at 4:42–47.

### COUNT I: INFRINGEMENT OF THE '914 PATENT

20.     Ortiz incorporates the above paragraphs herein by reference.

21.     **Direct Infringement.** Roku has been and continues to directly infringe at least claim 16 of the '914 Patent in this District and elsewhere in the United States by providing a device, for example, Roku's Roku TV, performs the steps of "brokering video data between handheld wireless devices and a video monitors including a display screen and access to a data network." For example, Roku's Roku TV allows users to send photos they want to render directly to a television wirelessly. *See* Figure 1; https://image.roku.com/c3VwcG9ydC1B/Roku-TV-User-Guide-7-6.pdf.

5

APPX1-0006



*Figure 1. Roku's Roku TV allows users to send photos directly to a television wirelessly.*

22.     Roku's Roku TV performs the steps of  element 1(a) of claim 16 of the '914 Patent: "using a wireless network supporting a handheld wireless device (WD) including at least one of a smart phone or personal digital assistant to locate said video monitor including a display screen and access to a data network." For example, Roku's Roku TV allows users to choose the photo they want to display onto a television via their wireless device once the app is downloaded. *See* Figure 2; https://support.roku.com/en-ca/article/208755108-how-to-display-photos-on-the-tv-using-play-on-roku.

APPX1-0007

## How to display photos on your TV using Play On Roku

### Background

The Roku® mobile app is a free application for iOS® and Android™ devices that turns your mobile device into a control center for your Roku streaming device. Play on Roku is a feature of the Roku mobile app that allows you to display, or **cast**, videos, photos and music stored on your mobile device onto your TV.

If you are looking to mirror the entire screen of your mobile device onto your TV, learn how to use screen mirroring with your Roku streaming device. Screen mirroring is supported on compatible Android and Windows® devices.

*Figure 2. Roku's Roku TV allows users to choose the photo they want to display once the app is downloaded.*

23.     Roku's Roku TV performs the steps of element 1(b) of claim 16 of the '914 Patent: "selecting video data for rendering on said video monitor using said WD after authorization code provided by the WD is verified by said video monitor."  For example, Roku's Roku TV allows users access to their media library on their mobile device (via mobile application) to be displayed on a television. *See* Figure 3; https://support.roku.com/en-ca/article/208755108-how-to-display-photos-on-the-tv-using-play-on-roku.

### How do I cast photos, music or video on my TV using Play on Roku?

1. Open the Roku mobile app.
2. Launch Play on Roku by selecting the **Photos+** icon ⊠ from the navigation bar at the bottom of the Roku mobile app.
3. Select either **Music**, **Photos**, or **Videos** to choose what to cast from your mobile device's library. When prompted, allow the Roku mobile app to access your media library to enable the mobile app to cast your content.

*Figure 3. Roku's Roku TV allows users to access their media library on their mobile device (via mobile application) to be displayed on a television.*

24.     Roku Roku TV perfoms the steps of element 1(c) of claim 16 of the '914 Patent: "providing said video monitor selected by said WD for rendering by said video monitor by said WD." For example, Roku's Roku TV allows users to send photos to a television which in turn

7

APPX1-0008

displays the photos selected by the user. *See* Figure 4; https://support.roku.com/en-ca/article/208755108-how-to-display-photos-on-the-tv-using-play-on-roku.

> **Can my friends and I share videos and music as well?**
>
> Yes, Play on Roku will also play videos and music stored on your mobile device. Simply choose the video or music file that you wish to cast to your Roku device and your videos or music will be played in the order they were shared to the Roku device.

*Figure 4. Roku's Roku TV allows users to send photos to a television which in turn displays the photos selected by the user.*

25.     **Induced Infringement.** Roku has also actively induced, and continues to induce, the infringement of at least claim 16 of the '914 Patent by actively inducing its customers, including merchants and end-users to use Roku's products in an infringing manner as described above. Upon information and belief, Roku has specifically intended that its customers use its products that infringe at least claim 16 of the '914 Patent by, at a minimum, providing access to support for, training and instructions for, its system to its customers to enable them to infringe at least claim 16 of the '914 Patent, as described above. Even where performance of the steps required to infringe at least claim 16 of the '914 Patent is accomplished by Roku and Roku's customer jointly Roku's actions have solely caused all of the steps to be performed.

26.     Ortiz is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

27.     Ortiz will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### COUNT II: INFRINGEMENT OF THE '299 PATENT

28.     Ortiz incorporates the above paragraphs herein by reference.

8

29.      **Direct Infringement.** Roku has been and continues to directly infringe at least claim 1 of the '299 Patent in this District and elsewhere in the United States by providing a device, for example, Roku's Roku TV, that performs the steps of "brokering video data between handheld wireless devices and publicly and privately available data rendering devices in the form of at least one of a video monitor and multimedia projector for rendering of the video data at a selected rendering device." For example, Roku's Roku TV allows users to send photos from their smartphone as well as stream shows from the Roku TV directly to a television wirelessly. *See* Figure 1.

30.      Roku's Roku TV performs the steps of element 1(a) of claim 1 of the '299 Patent: "receiving a request in a wireless data communication network from a wireless device (WD) to locate at least one data rendering device (DRD) in the form of at least one of a video monitor and multimedia projector for rendering video data selected at said WD, said request including WD location information." For example, Roku's Roku TV mobile application allows users to use their smartphone as a control center for displaying data onto their television. *See* Figure 2.

31.      Roku's Roku TV performs the steps of element 1(b) of claim 1 of the '299 Patent: "said wireless data communication network identifying a physical location, operational readiness and rendering capabilities of at least one DRD for said WD based on the WD location information." For example, Roku's Roku TV identifies physical locations such as hotels, school dorms, and conference facilities and allows users to wirelessly connect wireless devices to data rendering devices. *See* Figure 5; https://image.roku.com/c3VwcG9ydC1B/Roku-TV-User-Guide-7-6.pdf.

9

Hotels, school dorms, conference facilities, and similar locations with public wireless Internet access often require you to interact with a web page to authenticate your access. These restricted public networks are commonly known as captive portal networks. When you select a network of this type, the TV automatically detects that additional information is needed and prompts you through using another wireless device to supply the requested information.

*Figure 5. Roku's Roku TV identifies physical locations such as hotels, school dorms, and conference facilities and allows users to wirelessly connect wireless devices to data rendering devices.*

32.      Roku's Roku TV performs the steps of element 1(c) of claim 1 of the '299 Patent: "said wireless data communication network providing said WD with location information of at least one accessible DRD for selection by said WD." For example, Roku's Roku TV allows televisions to automatically detect any additional information users need to access network portal via a wireless device. *See* Figure 5.

33.      Roku's Roku TV performs the steps of element 1(c) of claim 1 of the '299 Patent: "receiving from said WD via said wireless data communication network a selection of a DRD by entry of authorization code at a user interface on at least one of said WD and said DRD once the DRD is physically located, and video data selected from at least one of said WD or a server accessible by said WD for rendering at said DRD, wherein verification of the authorization code entered on the user interface causes said DRD to retrieve and render the video data." For example, Roku's Roku TV allows users to use their mobile devices to wirelessly connect to wireless access points. The mobile devices will display the wireless access point location as well as allow users to enter an authorization code to access the wireless access point. *See* Figure 6; <https://image.roku.com/c3VwcG9ydC1B/Roku-TV-User-Guide-7-6.pdf>.

10

**Tips:**

- *Using your Roku TV on a hotel or dorm room network requires wireless availability and use of your network-connected smartphone, tablet, or computer to authenticate access to your wireless access point.*
- *Your TV must already be running software version 7.0 or later. You can find the version number by navigating from the Home screen to **Settings > System > About**. If it is running an earlier software version, you must use a non-restricted network to link and activate the TV, and then update the software to version 7.0.*
- *Be sure to bring your Roku TV remote control, because the Remote feature of the Roku mobile app may not work when connected to a hotel or dorm room network.*
- *Content might be limited or unavailable if you try to connect outside your home country due to geo-filtering.*

*Figure 6. Roku's Roku TV allows users to use their mobile devices to wirelessly connect to wireless access points.*

34.     **Induced Infringement.** Roku has also actively induced, and continues to induce, the infringement of at least claim 1 of the '299 Patent by actively inducing its customers, including merchants and end-users to use Roku's products in an infringing manner as described above. Upon information and belief, Roku has specifically intended that its customers use its products that infringe at least claim 1 of the '299 Patent by, at a minimum, providing access to support for, training and instructions for, its system to its customers to enable them to infringe at least claim 1 of the '299 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '299 Patent is accomplished by Roku and Roku's customer jointly Roku's actions have solely caused all of the steps to be performed.

35.     Ortiz is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

36.     Ortiz will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### COUNT III: INFRINGEMENT OF THE '285 PATENT

37.     Ortiz incorporates the above paragraphs herein by reference.

11

APPX1-0012

38.     **Direct Infringement.** Roku has been and continues to directly infringe at least claim 1 of the '285 Patent in this District and elsewhere in the United States by providing a device, for example, Roku's Roku TV, that has a system of rendering data provided via a data communications network at the request of a wireless device. For example, Roku's Roku TV streams and renders data onto a television received from a data communications network at the request of a wireless device via the Roku TV mobile application. *See* Figure 1.

39.     Roku's Roku TV has element 1(a) of claim 1 of the '285 Patent: "a server in communication with at least one data rendering device (DRD), said at least one DRD including a user interface for receiving passcodes, the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device (WD) for rendering of the data at the at least one DRD in response to a passcode associated with said WD being entered at the user interface."  For example, Roku's Roku TV allows users to select videos they want to display onto a television from a wireless device via the Roku TV mobile application. Once the app is downloaded, users can access the wireless network after entering a passcode on their wireless device. *See* Figure 2.

40.     Roku's Roku TV has element 1(b) of claim 1 of the '285 Patent: "memory in said server accessible by said DRD, said memory for securely storing data received by or on behalf of said WD and said passcode associated with said WD."  For example, Roku's Roku TV allows users access to a stream server's media library on their mobile device (via mobile application) to select videos to be displayed on a television. *See* Figure 3.

41.     Roku's Roku TV has element 1(c) of claim 1 of the '285 Patent: "wherein said server is configured to receive said data and said passcode associated with said WD from said memory and to render said data after at least one passcode is entered on said user interface that

12

APPX1-0013

matches said passcode stored in said memory associated with said WD and provided to said DRD." For example, Roku's Roku TV allows users to select videos from a streaming server they want to display onto a television from a wireless device via the Roku TV mobile application. Once the app is downloaded, users can access the wireless network after entering a passcode on their wireless device. *See* Figure 4.

42.    **Induced Infringement.** Roku has also actively induced, and continues to induce, the infringement of at least claim 1 of the '285 Patent by actively inducing its customers, including merchants and end-users to use Roku's products in an infringing manner as described above. Upon information and belief, Roku has specifically intended that its customers use its products that infringe at least claim 1 of the '285 Patent by, at a minimum, providing access to support for, training and instructions for, its system to its customers to enable them to infringe at least claim 1 of the '285 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '285 Patent is accomplished by Roku and Roku's customer jointly Roku's actions have solely caused all of the steps to be performed.

43.    Ortiz is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

44.    Ortiz will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

**JURY DEMAND**

45.    Under Rule 38(b) of the Federal Rules of Civil Procedure, Ortiz respectfully requests a trial by jury on all issues so triable.

13

APPX1-0014

**PRAYER FOR RELIEF**

WHEREFORE, Ortiz asks this Court to enter judgment against Roku, granting the following relief:

A.      A declaration that Roku has infringed the Patents-in-Suit;

B.      An award of damages to compensate Ortiz for Roku's direct infringement of the Patents-in-Suit;

C.      An order that Roku and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patents-in-Suit under 35 U.S.C. § 283;

D.      An award of damages, including trebling of all damages, sufficient to remedy Roku's willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

E.      A declaration that this case is exceptional, and an award to Ortiz of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

F.      An award of prejudgment and post-judgment interest; and

G.      Such other relief as this Court or jury may deem proper and just.

14

Respectfully submitted,

By: /s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540

Isaac Rabicoff
isaac@rabilaw.com
Kenneth Matuszewski
kenneth@rabilaw.com
Rabicoff Law LLC
73 W Monroe
Chicago, IL 60603
(773) 669-4590

15

# EXHIBIT C

APPX1-0017

CLOSED,PATENT

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:18-cv-01265-MN

Ortiz & Associates Consulting, LLC v. Roku, Inc.            Date Filed: 08/17/2018
Assigned to: Judge Maryellen Noreika                        Date Terminated: 06/05/2019
Related Cases:  1:19-cv-01921-MN                            Jury Demand: Plaintiff
                1:22-cv-00613-MN                            Nature of Suit: 830 Patent
Cause: 35:271 Patent Infringement                           Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting, LLC**            represented by    **Stamatios Stamoulis**
                                                                    Stamoulis & Weinblatt LLC
                                                                    800 N. West Street, Third Floor
                                                                    Wilmington, DE 19801
                                                                    (302) 999-1540
                                                                    Email: stamoulis@swdelaw.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Richard Charles Weinblatt**
                                                                    Stamoulis & Weinblatt LLC
                                                                    800 N. West Street, Third Floor
                                                                    Wilmington, DE 19801
                                                                    302-999-1540
                                                                    Email: weinblatt@swdelaw.com
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Roku, Inc.**                                    represented by    **Steven J. Balick**
                                                                    Ashby & Geddes
                                                                    500 Delaware Avenue, 8th Floor
                                                                    P.O. Box 1150
                                                                    Wilmington, DE 19899
                                                                    (302) 654-1888
                                                                    Fax: (302) 654-2067
                                                                    Email: sbalick@ashbygeddes.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2018 | 1 | COMPLAINT for PATENT INFRINGEMENT filed with Jury Demand against Roku, Inc. - Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311-2442700.) - |

**APPX1-0018**

| | | filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(nmg) (Entered: 08/20/2018) |
|---|---|---|
| 08/17/2018 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (nmg) (Entered: 08/20/2018) |
| 08/17/2018 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 8,971,914 B2 ;US 9,147,299 B2 ;US 9,549,285 B2. (nmg) (Entered: 08/20/2018) |
| 08/17/2018 | 4 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Ortiz & Associates Consulting, LLC. (nmg) (Entered: 08/20/2018) |
| 08/20/2018 | | Summons Issued with Magistrate Consent Notice attached as to Roku, Inc. on 8/20/2018. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302-573-6170 and ask the Clerk to mail the summons to them. (nmg) (Entered: 08/20/2018) |
| 08/22/2018 | | Case Assigned to Judge Maryellen Noreika. Please include the initials of the Judge (MN) after the case number on all documents filed. (rjb) (Entered: 08/22/2018) |
| 09/05/2018 | 5 | STIPULATION TO EXTEND TIME for Defendant to respond to Plaintiff's Complaint to October 11, 2018 - filed by Ortiz & Associates Consulting, LLC. (Stamoulis, Stamatios) (Entered: 09/05/2018) |
| 09/06/2018 | | SO ORDERED re 5 STIPULATION TO EXTEND TIME for Defendant to respond to Plaintiff's Complaint to October 11, 2018 (Set/Reset Answer Deadlines: Roku, Inc. answer due 10/11/2018). Signed by Judge Maryellen Noreika on 9/6/2018. (dlw) (Entered: 09/06/2018) |
| 10/09/2018 | 6 | STIPULATION TO EXTEND TIME to Respond to the Complaint to November 12, 2018. - filed by Roku, Inc.. (Balick, Steven) (Entered: 10/09/2018) |
| 10/09/2018 | | SO ORDERED re 6 STIPULATION TO EXTEND TIME to Respond to the Complaint to November 12, 2018 (Set/Reset Answer Deadlines: Roku, Inc. answer due 11/12/2018). ORDERED by Judge Maryellen Noreika on 10/9/2018. (dlw) (Entered: 10/09/2018) |
| 11/09/2018 | 7 | STIPULATION Seeking to Extend Defendant's Answer Deadline, by Roku, Inc.. (Balick, Steven) (Entered: 11/09/2018) |
| 11/13/2018 | | SO ORDERED re 7 Stipulation (Set/Reset Answer Deadlines: Roku, Inc. answer due 12/12/2018). ORDERED by Judge Maryellen Noreika on 11/13/2018. (dlw) (Entered: 11/13/2018) |
| 12/10/2018 | 8 | STIPULATION Seeking to Extend Defendant's Answer Deadline, by Roku, Inc.. (Balick, Steven) (Entered: 12/10/2018) |
| 12/11/2018 | | SO ORDERED re 8 Stipulation (Set/Reset Answer Deadlines: Roku, Inc. answer due 12/26/2018). ORDERED by Judge Maryellen Noreika on 12/11/2018. (dlw) (Entered: 12/11/2018) |
| 12/26/2018 | 9 | MOTION to Dismiss for Failure to State a Claim - filed by Roku, Inc.. (Attachments: # 1 Text of Proposed Order)(Balick, Steven) (Entered: 12/26/2018) |
| 12/26/2018 | 10 | OPENING BRIEF in Support re 9 MOTION to Dismiss for Failure to State a Claim filed by Roku, Inc..Answering Brief/Response due date per Local Rules is 1/9/2019. (Balick, Steven) (Entered: 12/26/2018) |
| 12/26/2018 | 11 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Roku, Inc.. (Balick, Steven) (Entered: 12/26/2018) |

APPX1-0019

| | | |
|---|---|---|
| 12/28/2018 | 12 | STIPULATION TO EXTEND TIME to respond to Defendant's Motion to Dismiss and Opening Brief in Support to February 25, 2019 - filed by Ortiz & Associates Consulting, LLC. (Stamoulis, Stamatios) (Main Document 12 replaced on 1/2/2019) (dlw). (Entered: 12/28/2018) |
| 01/02/2019 | | CORRECTING ENTRY: D.I. 12 has been replaced on the docket at the request of counsel to fix some typographical errors. (dlw) (Entered: 01/02/2019) |
| 01/02/2019 | | SO ORDERED re 12 STIPULATION TO EXTEND TIME to respond to Defendant's Motion to Dismiss to February 25, 2019 (Set Briefing Schedule: re 9 MOTION to Dismiss for Failure to State a Claim - Answering Brief due 2/25/2019). ORDERED by Judge Maryellen Noreika on 1/2/2019. (dlw) (Entered: 01/02/2019) |
| 01/24/2019 | 13 | NOTICE of Change of Address by Stamatios Stamoulis (Stamoulis, Stamatios) (Entered: 01/24/2019) |
| 02/20/2019 | 14 | ANSWERING BRIEF in Opposition re 9 MOTION to Dismiss for Failure to State a Claim filed by Ortiz & Associates Consulting, LLC.Reply Brief due date per Local Rules is 2/27/2019. (Stamoulis, Stamatios) (Entered: 02/20/2019) |
| 02/25/2019 | 15 | STIPULATION Seeking to Extend the Deadline by which Defendant's Reply Brief is due in Support of its Motion to Dismiss (D.I. 9), by Roku, Inc.. (Balick, Steven) (Entered: 02/25/2019) |
| 02/25/2019 | | SO ORDERED re 15 Stipulation (Set Briefing Schedule: re 9 MOTION to Dismiss for Failure to State a Claim - Reply Brief due 3/11/2019). ORDERED by Judge Maryellen Noreika on 2/25/2019. (dlw) (Entered: 02/25/2019) |
| 03/11/2019 | 16 | REPLY BRIEF re 9 MOTION to Dismiss for Failure to State a Claim filed by Roku, Inc.. (Balick, Steven) (Entered: 03/11/2019) |
| 03/22/2019 | 17 | ORDER Setting Combined Hearing on pending 101 Motions - The Court will hear argument on the pending 101 Motions at a combined hearing set for 6/14/2019 from 09:00 AM to 1:00 PM and from 3:00 PM to 5:00 PM in Courtroom 4A. On or before 6/6/2019, each party shall file a one-page letter identifying which Supreme Court or Federal Circuit case provides the best analogy. SEE ORDER FOR COMPLETE DETAILS. Signed by Judge Maryellen Noreika on 3/22/2019. (dlw) (Entered: 03/22/2019) |
| 04/03/2019 | 18 | MOTION for Pro Hac Vice Appearance of Attorney Isaac Rabicoff - filed by Ortiz & Associates Consulting, LLC. (Stamoulis, Stamatios) (Entered: 04/03/2019) |
| 04/04/2019 | | SO ORDERED re 18 MOTION for Pro Hac Vice Appearance of Attorney Isaac Rabicoff filed by Ortiz & Associates Consulting, LLC. ORDERED by Judge Maryellen Noreika on 4/4/2019. (dlw) (Entered: 04/04/2019) |
| 06/04/2019 | 19 | STIPULATION of Dismissal *(Stipulated Order of Dismissal with Prejudice),* by Roku, Inc.. (Balick, Steven) (Entered: 06/04/2019) |
| 06/05/2019 | 20 | SO ORDERED re 19 Stipulation of Dismissal. ***Civil Case Terminated. Signed by Judge Maryellen Noreika on 6/5/2019. (dlw) (Entered: 06/05/2019) |
| 06/05/2019 | 21 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 8,971,914 B2 ;US 9,147,299 B2 ;US 9,549,285 B2. (Attachments: # 1 Stipulated Order of Dismissal)(asw) (Entered: 06/05/2019) |

**PACER Service Center**

**Transaction Receipt**

APPX1-0020

Case 3:23-cv-00791-N   Document 34-1   Filed 11/15/23   Page 29 of 153   PageID 613

11/13/2023 12:22:23

| PACER Login: | SDLAW5224 | Client Code: | 135.02 SDH |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:18-cv-01265-MN Start date: 1/1/1975 End date: 11/13/2023 |
| Billable Pages: | 3 | Cost: | 0.30 |

**APPX1-0021**

# EXHIBIT D

APPX1-0022

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| PANASONIC CORPORATION OF NORTH AMERICA, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

**COMPLAINT**

Ortiz & Associates Consulting, LLC (hereinafter, "Ortiz") brings this patent-infringement action against Panasonic Corporation of North America (hereinafter, "Panasonic").

**Parties**

1.     Plaintiff Ortiz is a Delaware company with its principal place of business in Albuquerque, New Mexico.

2.     Panasonic is a Delaware corporation with its principal place of business in Secaucus, New Jersey.

**Jurisdiction and Venue**

3.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

-1-

5.      This Court may exercise personal jurisdiction over Panasonic. Panasonic conducts continuous and systematic business in this District. This patent-infringement case arises directly from Panasonic's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Panasonic would be consistent with traditional notions of fair play and substantial justice.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

### Claim of Patent Infringement

7.      Ortiz is the exclusive owner of United States Patent No. 9,147,299 (the "'299 patent"), which is attached hereto as "Exhibit A."

8.      The '299 patent is valid and enforceable.

9.      Panasonic has been and is directly infringing claims of the '299 patent. Panasonic practices the methods embodied in the claims of the '299 patent. Without limiting the claims that may be asserted or the services that may be accused of infringement in this action, Panasonic is infringing claim 1 of the '299 patent when Panasonic televisions—for example the Viera line of televisions—perform the "mirroring feature."

   a.      Claim 1 is, "A method of brokering video data between handheld wireless devices and publicly and privately available data rendering devices in the form of at least one of a video monitor and multimedia projector for rendering of the video data at a selected rendering device, comprising . . . ." The Viera performs the "mirroring feature," which brokers video data between an android phone and the television itself.

-2-

APPX1-0024



http://eng-ca.faq.panasonic.com/app/answers/detail/a_id/43305/~/how-to-use-the-mirroring-feature-on-a-panasonic-television-with-the-firefox.

b.      Claim 1 includes "receiving a request in a wireless data communication network from a wireless device (WD) to locate at least one data rendering device (DRD) in the form of at least one of a video monitor and multimedia projector for rendering video data selected at said WD, said request including WD location information. . . ." The Viera television is a "smart tv" that has access to and uses data networks, including a smartphone:

How to use the mirroring feature on a Panasonic television with the Firefox operating system and an Android Smart device.

1. Connect both your TV and the Android (OS 4.2 or higher) device to the same wireless network.

APPX1-0025



http://eng-ca.faq.panasonic.com/app/answers/detail/a_id/43305/~/how-to-use-the-mirroring-feature-on-a-panasonic-television-with-the-firefox.

c.      Claim 1 continues, "said wireless data communication network identifying a physical location, operational readiness and rendering capabilities of at least one DRD for said WD based on the WD location information; said wireless data communication network providing said WD with location information of at least one accessible DRD for selection by said WD. . . ." The Viera selects video for rendering on the Viera's monitor after the Viera verifies authorization to connect:

APPX1-0026

Case 1:19-cv-01921-UNA   Document 1   Filed 10/09/19   Page 5 of 7 PageID #: 5



https://youtu.be/vRWjji6MisQ.

d.      Claim 1 concludes: "receiving from said WD via said wireless data communication network a selection of a DRD by entry of authorization code at a user interface on at least one of said WD and said DRD once the DRD is physically located, and video data selected from at least one of said WD or a server accessible by said WD for rendering at said DRD, wherein verification of the authorization code entered on the user interface causes said DRD to retrieve and render the video data." The Viera provides to its monitor the video data, i.e., a mirrored display of the smartphone:

-5-

APPX1-0027

13. When connected, a mirroring display screen of the Android device will appear on the TV display.



http://eng-ca.faq.panasonic.com/app/answers/detail/a_id/43305/~/how-to-use-the-mirroring-feature-on-a-panasonic-television-with-the-firefox.

## Prayer for Relief

WHEREFORE, Ortiz prays for the following relief against Panasonic:

(a)     Judgment that Pansonic has directly infringed the '299 patent;

(b)     For a fair and reasonable royalty;

(c)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d)     For such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Ortiz demands a trial by jury on all matters and issues triable by jury.

-6-

APPX1-0028

Date: <u>October 9, 2019</u>                    */s/ Stamatios Stamoulis*
                                                  Stamatios Stamoulis
*stamoulis@swdelaw.com*
STAMOULIS & WEINBLATT LLC
800 N. West St., Third Floor
Wilmington, DE 19801

Matthew M. Wawrzyn (*pro hac vice* pending)
*matt@wawrzynlaw.com*
WAWRZYN LLC
2700 Patriot Blvd, Suite 250
Glenview, IL 60026
Telephone:  847.656.5848

*Attorneys for Ortiz & Associates Consulting, LLC*

-7-

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 1:19-cv-01921-MN |
| PANASONIC CORPORATION OF NORTH AMERICA, | JURY TRIAL DEMANDED |
| Defendant. | |

## STIPULATION TO STAY AND [PROPOSED] ORDER

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Ortiz & Associates Consulting, LLC ("Plaintiff") and counsel for Defendant Panasonic Corporation of North America ("Panasonic"), subject to the approval of the Court, that all deadlines in connection with the above-captioned lawsuit are stayed for a period of 30 days. The Parties have reached an agreement to resolve all claims asserted in this case against Defendant. In light of the agreement and contemplated dismissal, the Parties have stipulated to stay all deadlines in connection with this litigation up to and including May 1, 2020.

APPX1-0031

Dated: April 3, 2020

Respectfully submitted,

STAMOULIS & WEINBLATT, LLP

 */s/Stamatios Stamoulis*                            
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff Ortiz & Associates
Consulting, LLC*

**SO ORDERED**, this _____ day of April, 2020.

_____
United States District Court Judge

APPX1-0032

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2020, I electronically filed the above documents with

the Clerk of Court using CM/ECF, which will send electronic notification of such filings to all

registered counsel.


/s/Stamatios Stamoulis
Stamatios Stamoulis (#4606)

**APPX1-0033**

# EXHIBIT F

APPX1-0034

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, | ) ) ) | |
| | ) | Case No. 1:19-cv-01921-MN |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PANASONIC CORPORATION OF NORTH AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Ortiz & Associates Consulting, LLC (hereinafter, "Ortiz") and counsel for Defendant Panasonic Corporation of North America (hereinafter, "Panasonic"), subject to the approval of the Court, that all deadlines in connection with the above-captioned lawsuit are stayed for 30 days. The Parties have reached an agreement to resolve all claims asserted in this case against Defendant. In light of the agreement and contemplated dismissal, the Parties have stipulated to stay all deadlines in connection with this litigation up to and including June 1, 2020.

-1-

**APPX1-0035**

Date: <u>April 24, 2020</u>                    */s/ Stamatios Stamoulis*
_____

Stamatios Stamoulis
*stamoulis@swdelaw.com*
STAMOULIS & WEINBLATT LLC
800 N. West St., Third Floor
Wilmington, DE 19801

Matthew M. Wawrzyn (*pro hac vice*)
*matt@wawrzynlaw.com*
WAWRZYN LLC
2700 Patriot Blvd, Suite 250
Glenview, IL 60026
Telephone:  847.656.5848

*Attorneys for Ortiz & Associates Consulting, LLC*

**SO ORDERED**, this _____ day of April 2020.

_____
United States District Judge

-2-

APPX1-0036

# EXHIBIT G

APPX1-0037

CLOSED,PATENT

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:19-cv-01921-MN

Oritz & Associates Consulting, LLC v. Panasonic Corporation of North America
Assigned to: Judge Maryellen Noreika
Related Case: 1:18-cv-01265-MN
Cause: 35:271 Patent Infringement

Date Filed: 10/09/2019
Date Terminated: 05/18/2020
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Oritz & Associates Consulting, LLC**          represented by     **Stamatios Stamoulis**
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
Email: stamoulis@swdelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Panasonic Corporation of North America**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/09/2019 | 1 | COMPLAINT - filed with Jury Demand against Panasonic Corporation of North America - Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311-2751814.) - filed by Oritz & Associates Consulting, LLC. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet) (lak) (Entered: 10/10/2019) |
| 10/09/2019 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (lak) (Entered: 10/10/2019) |
| 10/09/2019 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 9,147,299 B2. (lak) (Entered: 10/10/2019) |
| 10/09/2019 | 4 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Oritz & Associates Consulting, LLC. (lak) (Entered: 10/10/2019) |
| 10/10/2019 |  | Summons Issued with Magistrate Consent Notice attached as to Panasonic Corporation of North America on 10/10/2019. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302-573-6170 and ask the Clerk to mail the summons to them. (lak) (Entered: 10/10/2019) |
| 10/16/2019 |  | Case Assigned to Judge Maryellen Noreika. Please include the initials of the Judge (MN) after the case number on all documents filed. (rjb) (Entered: 10/16/2019) |

APPX1-0038

Case 3:23-cv-00791-N    Document 34-1    Filed 11/15/23    Page 47 of 153    PageID 631

| | | |
|---|---|---|
| 10/28/2019 | 5 | MOTION for Pro Hac Vice Appearance of Attorney Michael Wawrzyn - filed by Oritz & Associates Consulting, LLC. (Stamoulis, Stamatios) (Entered: 10/28/2019) |
| 10/29/2019 | | SO ORDERED re 5 MOTION for Pro Hac Vice Appearance of Attorney Michael Wawrzyn filed by Oritz & Associates Consulting, LLC. ORDERED by Judge Maryellen Noreika on 10/29/2019. (dlw) (Entered: 10/29/2019) |
| 11/18/2019 | 6 | SUMMONS Returned Executed by Oritz & Associates Consulting, LLC. Panasonic Corporation of North America served on 11/4/2019, answer due 11/25/2019. (Stamoulis, Stamatios) (Entered: 11/18/2019) |
| 11/26/2019 | 7 | STIPULATION TO EXTEND TIME for Defendant to answer or otherwise respond to the Complaint to February 21, 2020 - filed by Oritz & Associates Consulting, LLC. (Stamoulis, Stamatios) (Entered: 11/26/2019) |
| 11/27/2019 | | SO ORDERED re 7 STIPULATION TO EXTEND TIME for Defendant to answer or otherwise respond the Complaint to February 21, 2020 (Set/Reset Answer Deadlines: Panasonic Corporation of North America answer due 2/21/2020). ORDERED by Judge Maryellen Noreika on 11/27/2019. (dlw) (Entered: 11/27/2019) |
| 02/11/2020 | 8 | STIPULATION TO EXTEND TIME for Defendant to Answer or otherwise respond to Plaintiff's Complaint to April 6, 2020 - filed by Oritz & Associates Consulting, LLC. (Stamoulis, Stamatios) (Entered: 02/11/2020) |
| 02/12/2020 | | SO ORDERED re 8 STIPULATION TO EXTEND TIME for Defendant to Answer or otherwise respond to Plaintiff's Complaint to April 6, 2020 (Set/Reset Answer Deadlines: Panasonic Corporation of North America answer due 4/6/2020). ORDERED by Judge Maryellen Noreika on 2/12/2020. (dlw) (Entered: 02/12/2020) |
| 04/03/2020 | 9 | STIPULATION to Stay and [Proposed] Order by Oritz & Associates Consulting, LLC. (Stamoulis, Stamatios) (Entered: 04/03/2020) |
| 04/06/2020 | | SO ORDERED re 9 Stipulation to Stay and Order - IT IS HEREBY ORDERED that all deadlines in this action are stayed until 5/1/2020. ORDERED by Judge Maryellen Noreika on 4/6/2020. (dlw) (Entered: 04/06/2020) |
| 04/24/2020 | 10 | STIPULATION to Stay Pending Deadlines by Oritz & Associates Consulting, LLC. (Stamoulis, Stamatios) (Entered: 04/24/2020) |
| 04/27/2020 | | SO ORDERED re 10 Stipulation to Stay Pending Deadlines - IT IS HEREBY ORDERED that the deadlines in this action are STAYED until 6/1/2020. Signed by Judge Maryellen Noreika on 4/27/2020. (dlw) (Entered: 04/27/2020) |
| 05/15/2020 | 11 | NOTICE of Voluntary Dismissal by Oritz & Associates Consulting, LLC as to Panasonic Corporation of North America (Stamoulis, Stamatios) (Entered: 05/15/2020) |
| 05/18/2020 | | CASE CLOSED per D.I. 11 . (dlw) (Entered: 05/18/2020) |
| 05/18/2020 | 12 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s). (Attachments: # 1 Notice of Voluntary Dismissal)(mdb) (Entered: 05/18/2020) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/13/2023 12:24:30 | | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |

APPX1-0039

Case 3:23-cv-00791-N    Document 34-1    Filed 11/15/23    Page 48 of 153    PageID 632

| Description: | Docket Report | Search Criteria: | 1:19-cv-01921-MN Start date: 1/1/1975 End date: 11/13/2023 |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.20 |

**APPX1-0040**

# EXHIBIT H

APPX1-0041

## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

ORTIZ & ASSOCIATES                )
CONSULTING, LLC,                  )
                                  )       Case No. 1:19-cv-01921-MN
     Plaintiff,                   )
                                  )
     v.                           )
                                  )
PANASONIC CORPORATION             )
OF NORTH AMERICA,                 )
                                  )
     Defendant.                   )
                                  )

### <u>NOTICE OF DISMISSAL</u>

Pursuant to Rule 41(a)(1)(A)(i), plaintiff Ortiz & Associates Consulting, LLC hereby dismisses this action with prejudice, Defendant Panasonic Corporation of North America, having not as of yet filed an answer or summary judgment motion. Each party has agreed to bear its own costs and attorneys' fees.

Date: <u>May 15, 2020</u>           */s/ Stamatios Stamoulis*
                                    Stamatios Stamoulis
                                    *stamoulis@swdelaw.com*
                                    STAMOULIS & WEINBLATT LLC
                                    800 N. West St., Third Floor
                                    Wilmington, DE 19801


                                    Matthew M. Wawrzyn (*pro hac vice*)
                                    *matt@wawrzynlaw.com*
                                    WAWRZYN LLC
                                    2700 Patriot Blvd, Suite 250
                                    Glenview, IL 60026
                                    Telephone:  847.656.5848

                                    *Attorneys for Ortiz & Associates Consulting, LLC*

-1-

**APPX1-0042**

# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

ORTIZ & ASSOCIATES
CONSULTING LLC,

      Plaintiff,

        v.

MICROSOFT CORPORATION,

      Defendant.

Case No. 19-08262

**JURY TRIAL DEMANDED**

**AMENDED COMPLAINT**

Ortiz & Associates Consulting LLC (hereinafter, "Ortiz") brings this patent-infringement action against Microsoft Corporation ("Microsoft").

**Parties**

1.      Plaintiff Ortiz is a company organized under the laws of New Mexico with a principal place of business located in Albuquerque, New Mexico.

2.      Defendant Microsoft is a corporation organized under the laws of Washington with a principal place of business located in Redmond, Washington.

**Jurisdiction and Venue**

3.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court may exercise personal jurisdiction over Microsoft. Microsoft is a

-1-

**APPX1-0044**

resident of Illinois and conducts continuous and systematic business in this District. Microsoft maintains corporate offices in this District. This patent-infringement case arises directly from Microsoft's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Microsoft would be consistent with traditional notions of fair play and substantial justice.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

**Infringement of U.S. Patent No. 9,147,299**

7.      Ortiz is the exclusive owner of United States Patent No. 9,147,299 (the "'299 patent").

8.      The '299 patent is valid and enforceable.

9.      Microsoft infringes Claim 1 of the '299 patent as follows:

a.      Claim 1 is "A method of brokering video data between handheld wireless devices and publicly and privately available data rendering devices in the form of at least one of a video monitor and multi media projector for rendering of the video data at a selected rendering device." Microsoft brokers video data between handheld wireless devices (for example a Microsoft Surface Go 2) and data rendering devices (a television).

-2-

APPX1-0045



b.      Microsoft sells the Wireless Display Adapter. Microsoft directs, "Connect your Microsoft Wireless Display Adapter to the HDMI and powered USB ports on your TV or monitor. . . . On the TV, set the channel to the HDMI source." The user opens his or her Microsoft Surface Go 2 and is directed by Microsoft as follows: "Action Center > Connect > Select Wireless Display Adapter." Microsoft owns software that Microsoft

-3-

licenses to end users. Through this software, when the user opens his or her Surface Go 2

and the selects the Wireless Display Adapter, Microsoft performs this step: "receiving a

request in a wireless data communication network from a wireless device (WD) to locate

at least one data rendering device (DRD) in the form of at least one of a video monitor and

multimedia projector or rendering video data selected at said WD, said request including

WD location information."



   c.  Claim 1: "[S]aid wireless data communication network identifying a

physical location, operational readiness and rendering capabilities of at least one DRD for

-4-

said WD based on the WD location information . . . said wireless data communication network providing said WD with location information of at least one accessible DRD for selection by said WD." The software that Microsoft owns and licenses to the user of Surface Go 2 identifies the user's television to which the Wireless Display Adapter is connected as ready to be connected to the Surface Go 2 for screen sharing.



d.      The user of the Microsoft Surface Go 2 selects an icon indicating his or her television is ready to be connected to the Microsoft Surface Go 2 for screen sharing. Through this action, the software that Microsoft owns performs the following step:

-5-

"receiving from said WD via said wireless data communication network a selection of a

DRD by entry of authorization code at a user interface on at least one of said WD and said

DRD once the DRD is physically located, and video data selected from at least one of said

WD or a server accessible by said WD for rendering at said DRD, wherein verification of

the authorization code entered on the user interface causes said DRD to retrieve and render

the video data."



-6-

  e.  Alternatively, Microsoft's software performs this step through a direct communication between the Surface Go2 and the Bravia television as demonstrated as follows:



**Prayer for Relief**

WHEREFORE, Ortiz prays for the following relief against Microsoft:

(a)  Judgment that Microsoft has directly infringed the '299 patent;

(b)  A fair and reasonable royalty;

(c)  Pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

-7-

**APPX1-0050**

(d)      A Post-judgment injunction; and

(e)      Such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Ortiz demands a trial by jury on all matters and issues so triable.

Date: <u>September 29, 2020</u>                    */s/ Matthew M. Wawrzyn*
                                          Matthew M. Wawrzyn (#6276135)
                                          *matt@wawrzynlaw.com*
                                          WAWRZYN LLC
                                          2700 Patriot Blvd, Suite 250
                                          Glenview, IL 60026
                                          Telephone: 847.274.9844

                                          *Attorneys for Ortiz & Associates Consulting
                                          LLC*

-8-

APPX1-0051

# EXHIBIT J

AO279,FUENTES,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:19-cv-08262

Ortiz & Associates Consulting LLC v. Microsoft Corporation
Assigned to: Honorable Robert M. Dow, Jr
Cause: 15:1126 Patent Infringement

Date Filed: 12/18/2019
Date Terminated: 08/27/2021
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting LLC**          represented by     **Matthew Michael Wawrzyn**
                                                                    Wawrzyn LLC
                                                                    200 East Randolph Street
                                                                    Suite 5100
                                                                    Chicago, IL 60601
                                                                    (312) 235-3120
                                                                    Fax: Active
                                                                    Email: matt@wawrzynllc.com
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Microsoft Corporation**          represented by     **Richard A. Cederoth**
                                                       Sidley Austin LLP (Chicago)
                                                       One South Dearborn Street
                                                       Chicago, IL 60603
                                                       (312) 853-7000
                                                       Fax: Not a member
                                                       Email: rcederoth@sidley.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Richard Chen**
                                                       Sidley Austin Llp
                                                       1 South Dearborn
                                                       Chicago, IL 60603
                                                       (312) 853-7000
                                                       Fax: Not a member
                                                       Email: rchen@sidley.com
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

**APPX1-0053**

Case 3:23-cv-00791-N    Document 34-1    Filed 11/15/23    Page 62 of 153    PageID 646

| 12/18/2019 | 1 | COMPLAINT filed by Ortiz & Associates Consulting LLC; Jury Demand. Filing fee $ 400, receipt number 0752-16543726.(Wawrzyn, Matthew) (Entered: 12/18/2019) |
|---|---|---|
| 12/18/2019 | 2 | CIVIL Cover Sheet (Wawrzyn, Matthew) (Entered: 12/18/2019) |
| 12/18/2019 | | CASE ASSIGNED to the Honorable Martha M. Pacold. Designated as Magistrate Judge the Honorable Gabriel A. Fuentes. Case assignment: Random assignment. (ec, ) (Entered: 12/18/2019) |
| 12/18/2019 | 3 | E-MAILED patent report to Patent Trademark Office, Alexandria VA (las, ) (Entered: 12/18/2019) |
| 12/18/2019 | 4 | ATTORNEY Appearance for Plaintiff Ortiz & Associates Consulting LLC by Matthew M. Wawrzyn (Wawrzyn, Matthew) (Entered: 12/18/2019) |
| 02/03/2020 | 5 | MINUTE entry before the Honorable Martha M. Pacold: The parties are directed to file a joint status report by 3/12/2020. The Court will hold a status hearing on 3/19/2020 at 10:15 a.m. (Attachments: # 1 Initial Status Report outline) (rao, ) (Entered: 02/03/2020) |
| 03/12/2020 | 6 | STATUS Report by Ortiz & Associates Consulting LLC (Wawrzyn, Matthew) (Entered: 03/12/2020) |
| 03/13/2020 | 7 | MINUTE entry before the Honorable Martha M. Pacold:The initial status hearing set for 3/19/2020 is stricken and reset to 4/28/2020 at 9:45 a.m. (rao, ) (Entered: 03/13/2020) |
| 03/16/2020 | 8 | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (ecw, ) (Entered: 03/17/2020) |
| 03/30/2020 | 9 | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket1, ) (Entered: 03/31/2020) |
| 04/06/2020 | 10 | MINUTE entry before the Honorable Martha M. Pacold:Consistent with Second Amended General Order 20-0012, IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY (March 30, 2020), the status hearing set for 4/28/2020 is stricken and reset to 5/28/2020 at 10:15 a.m. (rao, ) (Entered: 04/06/2020) |
| 04/24/2020 | 11 | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket7, ) (Entered: 04/27/2020) |
| 04/30/2020 | 12 | MINUTE entry before the Honorable Martha M. Pacold:By operation of the Third Amended General Order 20-0012, In re: Coronavirus COVID-19 Public Emergency (April 24, 2020), the status hearing set for May 28, 2020 is stricken. The parties should file a joint written status report by May 18, 2020 as directed in paragraph 5 of the Third Amended General Order. (rao, ) (Entered: 04/30/2020) |

APPX1-0054

| | | |
|---|---|---|
| 05/15/2020 | 13 | STATUS Report by Ortiz & Associates Consulting LLC (Wawrzyn, Matthew) (Entered: 05/15/2020) |
| 05/15/2020 | 14 | SUMMONS Returned Executed by Ortiz & Associates Consulting LLC as to Microsoft Corporation on 5/5/2020, answer due 5/26/2020. (Wawrzyn, Matthew) (Entered: 05/15/2020) |
| 05/26/2020 | 15 | ATTORNEY Appearance for Defendant Microsoft Corporation by Richard A. Cederoth (Cederoth, Richard) (Entered: 05/26/2020) |
| 05/26/2020 | 16 | WAIVER OF SERVICE returned executed by Microsoft Corporation. Microsoft Corporation waiver sent on 5/26/2020, answer due 7/27/2020. (Cederoth, Richard) (Entered: 05/26/2020) |
| 05/26/2020 | 17 | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket8, ) (Entered: 05/26/2020) |
| 07/10/2020 | 18 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk7, Docket) (Entered: 07/10/2020) |
| 07/16/2020 | 19 | MOTION by Defendant Microsoft Corporation for extension of time to file answer regarding complaint 1 *(Unopposed)* (Cederoth, Richard) (Entered: 07/16/2020) |
| 07/16/2020 | 20 | MINUTE entry before the Honorable Martha M. Pacold:Defendant's first unopposed motion for extension of time to answer or otherwise respond to the complaint 19 is granted. Defendant to answer or otherwise plead to plaintiff's complaint by 9/10/2020. The parties are directed to file an initial joint status report by 9/22/2020. (Attachments: # 1 Initial Status Report outline) (rao, ) (Entered: 07/16/2020) |
| 09/09/2020 | 21 | MOTION by Plaintiff Ortiz & Associates Consulting LLC for extension of time to amend complaint 1 *UNOPPOSED* (Wawrzyn, Matthew) (Entered: 09/09/2020) |
| 09/10/2020 | 22 | Notice of Superseded Complaint by Microsoft Corporation (Cederoth, Richard) (Entered: 09/10/2020) |
| 09/15/2020 | 23 | MINUTE entry before the Honorable Martha M. Pacold:Plaintiff's unopposed motion for order setting date to amend the complaint 21 is granted. Plaintiff is given until 9/29/2020 to file the amended complaint. Defendant to answer or otherwise plead to the amended complaint by 10/20/2020. The parties are directed to file the joint initial status report by 10/30/2020. (rao, ) (Entered: 09/15/2020) |
| 09/24/2020 | 24 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Robert M. Dow, Jr, for all further proceedings pursuant to IOP 13(f). Honorable Martha M. Pacold no longer assigned to the case. Signed by Executive Committee on 9/24/2020.(jh, ) (Entered: 09/25/2020) |
| 09/29/2020 | 25 | *FIRST* AMENDED complaint by Ortiz & Associates Consulting LLC against Microsoft Corporation (Wawrzyn, Matthew) (Entered: 09/29/2020) |

**APPX1-0055**

Case 3:23-cv-00791-N    Document 34-1    Filed 11/15/23    Page 64 of 153    PageID 648

| 10/20/2020 | 26 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Microsoft Corporation (Attachments: # 1 Declaration of Richard A. Cederoth, # 2 Exhibit A) (Cederoth, Richard) (Entered: 10/20/2020) |
|---|---|---|
| 10/20/2020 | 27 | NOTICE of Motion by Richard A. Cederoth for presentment of Motion to Dismiss for Failure to State a Claim 26 before Honorable Robert M. Dow Jr. on 11/3/2020 at 09:15 AM. (Cederoth, Richard) (Entered: 10/20/2020) |
| 10/30/2020 | 28 | MOTION by Defendant Microsoft Corporation to set a briefing schedule *and Local Patent Rule Exchanges* (Cederoth, Richard) (Entered: 10/30/2020) |
| 10/30/2020 | 29 | STATUS Report *(Joint Initial Status Report)* by Microsoft Corporation (Cederoth, Richard) (Entered: 10/30/2020) |
| 11/02/2020 | 30 | MINUTE entry before the Honorable Robert M. Dow, Jr: Defendant's motion to dismiss 26 is taken under advisement. Unopposed motion to set schedule for briefing and local patent rule exchanges 28 is granted. Briefing on the motion to dismiss will take place as follows: response due by 11/24/2020; reply due by 12/8/2020. The Court accepts the parties' proposal to defer all exchanges under the Local Patent Rules until after the Court issues a ruling on the motion to dismiss. The Court will rule on the motion to dismiss by mail and set a status hearing after the ruling is issued. Notice of motion date of 11/3/2020 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 11/02/2020) |
| 11/24/2020 | 31 | MEMORANDUM by Ortiz & Associates Consulting LLC in Opposition to Motion to Dismiss for Failure to State a Claim 26 (Wawrzyn, Matthew) (Entered: 11/24/2020) |
| 12/08/2020 | 32 | REPLY by Microsoft Corporation to memorandum in opposition to motion 31 (Cederoth, Richard) (Entered: 12/08/2020) |
| 07/19/2021 | 33 | MEMORANDUM OPINION AND ORDER Signed by the Honorable Robert M. Dow, Jr on 7/19/2021. Emailed notice(cdh, ) (Entered: 07/19/2021) |
| 08/25/2021 | 34 | ATTORNEY Appearance for Defendant Microsoft Corporation by Richard Chen (Chen, Richard) (Entered: 08/25/2021) |
| 08/27/2021 | 35 | MINUTE entry before the Honorable Robert M. Dow, Jr: Status hearing held. Counsel for Plaintiff confirms that Plaintiff will not be filing an amended complaint. Accordingly, a final judgment will be entered under FRCP 58 in favor of Defendant and against Plaintiff. Civil case terminated. Emailed notice (cdh, ) (Entered: 08/27/2021) |
| 08/30/2021 | 36 | JUDGMENT IN A CIVIL CASE. Emailed notice(cdh, ) (Entered: 08/30/2021) |
| 08/31/2021 | 37 | MAILED patent report along with copy of minute order dated 08/27/2021 to Patent Trademark Office, Alexandria VA. (ec, ) Modified on 8/31/2021 (ec, ). (Entered: 08/31/2021) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/13/2023 11:44:17 | | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-08262 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

APPX1-0056

# EXHIBIT K

APPX1-0057

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

ORTIZ & ASSOCIATES
CONSULTING LLC,

      Plaintiff,

          v.

HISENSE CO., LTD.,

      Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT AND NOTICE OF ABSENCE OF PUBLICLY HELD AFFILIATES

Ortiz & Associates Consulting LLC (hereinafter, "Ortiz") brings this patent-infringement action against Hisense Co., Ltd. ("Hisense").

### Parties

1.      Plaintiff Ortiz is a company organized under the laws of New Mexico with a principal place of business located in Albuquerque, New Mexico. Pursuant to LR 3.2, Ortiz states that it has no publicly held affiliates.

2.      Defendant Hisense is a corporation organized under the laws of China with a regular and established place of business in Illinois.

### Jurisdiction and Venue

3.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

-1-

APPX1-0058

5.      This Court may exercise personal jurisdiction over Hisense. Hisense is a resident of Illinois and conducts continuous and systematic business in this District. Hisense maintains corporate offices in this District. This patent-infringement case arises directly from Hisense's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Hisense would be consistent with traditional notions of fair play and substantial justice.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

### Infringement of U.S. Patent No. 9,147,299

7.      Ortiz is the exclusive owner of United States Patent No. 9,147,299 (the "'299 patent").

8.      The '299 patent is valid and enforceable.

9.      Hisense infringes Claim 1 of the '299 patent by making, using, and selling the Miracast service.

a.      Claim 1 is "A method of brokering video data between handheld wireless devices and publicly and privately available data rendering devices in the form of at least one of a video monitor and multi media projector for rendering of the video data at a selected rendering device." As demonstrated below, Hisense describes Anyview Cast as a method of brokering video data between handheld wireless devices (for example, a telephone) and data rendering devices (a Hisense television) in the form of at least one of a video monitor and multimedia projector for rendering of the video data at a selected rendering device.

b.      Claim 1 includes the step of "receiving a request in a wireless data communication network from a wireless device (WD) to locate at least one data

-2-

rendering device (DRD) in the form of at least one of a video monitor and multimedia projector or rendering video data selected at said WD, said request including WD location information." Hisense states, "The Anyview Cast is an app that enables you to share (or cast) a video, audio or image from your Android-based device to the TV."

c.      Claim 1: "[S]aid wireless data communication network identifying a physical location, operational readiness and rendering capabilities of at least one DRD for said WD based on the WD location information . . . said wireless data communication network providing said WD with location information of at least one accessible DRD for selection by said WD." Hisense states, "Find your TV in the list of devices that displays and select."

d.      Claim 1 concludes: "receiving from said WD via said wireless data communication network a selection of a DRD by entry of authorization code at a user interface on at least one of said WD and said DRD once the DRD is physically located, and video data selected from at least one of said WD or a server accessible by said WD for rendering at said DRD, wherein verification of the authorization code entered on the user interface causes said DRD to retrieve and render the video data." Hisense states, "Wait for the 'Creating Connection' progress bar to complete on the TV screen and the video or image will display in a moment." In order to establish the connection, the Hisense TV requests and receives a credential (e.g., an API key).

**Prayer for Relief**

WHEREFORE, Ortiz prays for the following relief against Hisense:

(a)     Judgment that Hisense has directly infringed the '299 patent;

-3-

APPX1-0060

(b)     A fair and reasonable royalty;

(c)     Pre-judgment interest and post-judgment interest at the maximum rate allowed by

law;

(d)     A Post-judgment injunction; and

(e)     Such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Ortiz demands a trial by jury on all matters and issues so triable.

Date: April 8, 2020                            */s/ Matthew M. Wawrzyn*
                                               Matthew M. Wawrzyn (#6276135)
                                               *matt@wawrzynlaw.com*
                                               WAWRZYN LLC
                                               2700 Patriot Blvd, Suite 250
                                               Glenview, IL 60026
                                               Telephone:  847.274.9844

                                               *Attorneys for Ortiz & Associates Consulting
                                               LLC*

-4-

**APPX1-0061**

# EXHIBIT L

APPX1-0062

AO279,COLE,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:20-cv-02193

Ortiz & Associates Consulting LLC v. Hisense Co. Ltd.
Assigned to: Honorable Gary _Feinerman
Cause: 15:1126 Patent Infringement

Date Filed: 04/08/2020
Date Terminated: 12/07/2020
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting LLC**                represented by **Matthew Michael Wawrzyn**
Wawrzyn LLC
200 East Randolph Street
Suite 5100
Chicago, IL 60601
(312) 235-3120
Fax: Active
Email: matt@wawrzynllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hisense Co. Ltd.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/08/2020 | 1 | COMPLAINT *and Notice of Absence of Publicly Held Affiliates* filed by Ortiz & Associates Consulting LLC; Jury Demand. Filing fee $ 400, receipt number 0752-16919330.(Wawrzyn, Matthew) (Entered: 04/08/2020) |
| 04/08/2020 | 2 | CIVIL Cover Sheet (Wawrzyn, Matthew) (Entered: 04/08/2020) |
| 04/08/2020 | 3 | ATTORNEY Appearance for Plaintiff Ortiz & Associates Consulting LLC by Matthew M. Wawrzyn (Wawrzyn, Matthew) (Entered: 04/08/2020) |
| 04/08/2020 | 4 | NOTICE by Ortiz & Associates Consulting LLC *Report Filing Action re Patent* (Wawrzyn, Matthew) (Entered: 04/08/2020) |
| 04/08/2020 | | CASE ASSIGNED to the Honorable Gary Feinerman. Designated as Magistrate Judge the Honorable Jeffrey Cole. Case assignment: Random assignment. (axc, ) (Entered: 04/08/2020) |
| 04/09/2020 | 5 | MAILED Patent report to Patent Trademark Office, Alexandria VA (pk, ) (Entered: 04/09/2020) |
| 04/22/2020 | 6 | MINUTE entry before the Honorable Gary Feinerman: Initial status hearing set for 6/9/2020 at 9:00 a.m. Initial Status Report shall be filed by 6/2/2020. Please see Judge Feinerman's web page (http://www.ilnd.uscourts.gov, to "District Judges," to "Judge Gary Feinerman," to "Initial Status Hearings" under Case Management Procedures) for details on the initial status hearing and Initial Status Report. In completing the initial status report, please see Appendix (A) to the Local Patent Rules for details on preparing the Initial Report.Mailed notice. (jlj, ) (Entered: 04/22/2020) |
| 04/22/2020 | 7 | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 6/2/2020 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 04/22/2020) |

**APPX1-0063**

| | | |
|---|---|---|
| 04/24/2020 | 8 | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket9, ) (Entered: 04/27/2020) |
| 05/12/2020 | 9 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 6/9/2020 6 is stricken and re-set for 6/11/2020 at 9:00 a.m. The parties shall file a status report by 6/4/2020. Status hearing set for 6/2/2020 7 is stricken.Mailed notice. (jlj, ) (Entered: 05/12/2020) |
| 05/26/2020 | 10 | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket10, ) (Entered: 05/26/2020) |
| 06/01/2020 | 11 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 6/11/2020 at 9:00 a.m. 9 is re-set for 1:45 p.m. TIME CHANGE ONLY. It does not appear from the docket that summons has been issued, let alone served. By 6/4/2020, Plaintiff shall file a status report regarding the issuance and service of summons. The parties shall call the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Please, please be sure to keep your phone on mute when you are not speaking.Mailed notice. (jlj, ) (Entered: 06/01/2020) |
| 06/01/2020 | 12 | MINUTE entry before the Honorable Gary Feinerman:The parties shall call the Toll-Free Number: (877) 336-1828, Access Code: 4082461 for hearing set 6/11/2020. Please, please be sure to keep your phone on mute when you are not speaking.Mailed notice. (jlj, ) (Entered: 06/01/2020) |
| 06/02/2020 | 13 | WAIVER OF SERVICE returned executed by Ortiz & Associates Consulting LLC. Hisense Co. Ltd. waiver sent on 5/27/2020, answer due 8/25/2020. (Wawrzyn, Matthew) (Entered: 06/02/2020) |
| 06/04/2020 | 14 | STATUS Report *JOINT* by Ortiz & Associates Consulting LLC (Wawrzyn, Matthew) (Entered: 06/04/2020) |
| 06/05/2020 | 15 | MINUTE entry before the Honorable Gary Feinerman:The deadline for Defendant to respond to the complaint is 8/25/2020. LPR 2.1 initial disclosures shall be served by 9/8/2020. The parties shall file Appendix A by 6/18/2020. The status hearing set for 6/11/2020 11 is stricken and re-set for 6/24/2020 at 9:30 a.m.Mailed notice. (jlj, ) (Entered: 06/05/2020) |
| 06/17/2020 | 16 | REPORT of Rule 26(f) Planning Meeting by Ortiz & Associates Consulting LLC (Wawrzyn, Matthew) (Entered: 06/17/2020) |
| 06/18/2020 | 17 | MINUTE entry before the Honorable Gary Feinerman:The parties shall serve Rule 26(a)(1) disclosures by 9/8/2020. The deadline for moving to amend the pleadings or add new parties is 12/1/2020. The court adopts the discovery plan set forth in the parties' status report 16 . The status hearing set for 6/24/2020 15 is stricken and re-set for 9/22/2020 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 06/18/2020) |
| 07/10/2020 | 18 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk9, Docket) (Entered: 07/10/2020) |
| 08/21/2020 | 19 | MOTION by Plaintiff Ortiz & Associates Consulting LLC for extension of time *AGREED* (Wawrzyn, Matthew) (Entered: 08/21/2020) |
| 08/24/2020 | 20 | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 19 is granted. The deadline for Defendant to file its responsive pleading is extended to 9/25/2020. The status hearing set for 9/22/2020 17 is stricken and re-set for 10/6/2020 at 9:00 a.m. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 08/24/2020) |

APPX1-0064

| | | |
|---|---|---|
| 09/25/2020 | 21 | Second MOTION to Defer Responsive Pleading Deadline (MIDP) *AGREED*, filed by Plaintiff Ortiz & Associates Consulting LLC. (Wawrzyn, Matthew) (Entered: 09/25/2020) |
| 09/28/2020 | 22 | MINUTE entry before the Honorable Gary Feinerman:Motion to defer responsive pleading deadline 21 is granted. The deadline for Defendant to file its responsive pleading is extended to 10/25/2020. The status hearing set for 10/6/2020 20 is stricken. Initial status hearing set for 11/17/2020 at 9:30 a.m. Initial Status Report shall be filed by 11/10/2020. Please see Judge Feinerman's web page (http://www.ilnd.uscourts.gov, to "District Judges," to "Judge Gary Feinerman," to "Initial Status Hearings" under Case Management Procedures) for details on the initial status hearing and Initial Status Report. In completing the initial status report, please see Appendix (A) to the Local Patent Rules for details on preparing the Initial Report. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 09/28/2020) |
| 10/20/2020 | 23 | MOTION by Plaintiff Ortiz & Associates Consulting LLC for extension of time *AGREED* (Wawrzyn, Matthew) (Entered: 10/20/2020) |
| 10/22/2020 | 24 | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 23 is granted. The initial status hearing set for 11/17/2020 22 is stricken and re-set for 1/20/2021 at 9:00 a.m. Initial Status Report shall be filed by 1/13/2021. Please see Judge Feinerman's web page (http://www.ilnd.uscourts.gov, to "District Judges," to "Judge Gary Feinerman," to "Initial Status Hearings" under Case Management Procedures) for details on the initial status hearing and Initial Status Report. In completing the initial status report, please see Appendix (A) to the Local Patent Rules for details on preparing the Initial Report. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 10/22/2020) |
| 12/04/2020 | 25 | NOTICE of Voluntary Dismissal by Ortiz & Associates Consulting LLC *with prejudice* (Wawrzyn, Matthew) (Entered: 12/04/2020) |
| 12/07/2020 | 26 | MINUTE entry before the Honorable Gary Feinerman:Plaintiff has filed a notice of voluntary dismissal 25 , the terms of which are set forth therein. The status hearing set for 1/20/2021 24 is stricken. Civil case closed.Mailed notice. (jlj, ) (Entered: 12/07/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/14/2023 14:22:26 | | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-02193 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

**APPX1-0065**

# EXHIBIT M

APPX1-0066

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **ORTIZ & ASSOCIATES** ) | |
| **CONSULTING, LLC,** ) | |
|     **Plaintiff,** ) | |
| ) | **Civil Action No. 6:21-cv-01177** |
| **v.** ) | |
| ) | |
| **CANON U.S.A., INC.,** ) | |
|     **Defendant.** ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Ortiz & Associates Consulting, LLC ("Ortiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,549,285 ("the '285 patent") (referred to as the "Patent-in-Suit") by Canon U.S.A., Inc. ("Canon").

## I.    THE PARTIES

1.   Plaintiff Ortiz is a New Mexico Limited Liability Company with its principal place of business located in Albuquerque, NM.

2.   On information and belief, Canon is a corporation existing under the laws of the State of New York, with a regular and established place of business located at 12515 Research Blvd., Bldg. 7, Suite 110, Austin, TX 78759. On information and belief, CANON sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its registered agent CORPORATION SERVICE COMPANY d/b/a CSC-LAWYERS INCORPORATING SERVICE COMPANY 211 E. 7TH STREET, SUITE 620 AUSTIN, TX 78701 or anywhere they may be found.

1

APPX1-0067

APPX1-0068

## II.      JURISDICTION AND VENUE

3.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.     INFRINGEMENT

### A.  Infringement of the '285 Patent

6.   On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", attached as Exhibit A) entitled "Systems, Methods and Apparatuses for Brokering Data Between Wireless Devices, Servers and Data Rendering Devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Ortiz owns the '285 patent by assignment.

3

APPX1-0069

7.  The '285 patent relates to a novel and improved system for secure communication over a public network.

8.  CANON maintains, operates, and administers systems and servers, that infringe one or more claims of the '285 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9.  Support for the allegations of infringement may be found in the following preliminary table:



APPX1-0070

| US9549285 B2 Claim 1 | Canon: uniFLOW Secure Mobile Printing |
|---|---|
| a server in communication with at least one data rendering device (DRD), said at least one DRD including a user interface for receiving passcodes, the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device (WD) for rendering of the data at the at least one DRD in response to a passcode associated with said WD being entered at the user interface; | **uniFLOW Secure Mobile Printing** — <br><br>With the uniFLOW app for iPad®/iPhone®, Android™ and Windows Phone® users are able to print from any location, both within or outside the company network, and release documents to any device connected to a uniFLOW server.<br><br>Users can choose a device for printing either by selecting one from a list of recently used printers or by identifying devices via QR Code recognition. After selecting a device, multiple authentication options, such as username/password, PIN code, job code and phone ID, can be used to securely release jobs from their print queue. The cost center selection feature is also supported through the app and can facilitate correct cost allocation.<br><br>Job details are displayed on the phone's screen and finishing options such as double-sided, staple or hole-punch can be changed directly via the uniFLOW app.<br><br>The uniFLOW mobile print application brings enterprise level print management functionality to a user's smartphone.<br><br><https://www.usa.canon.com/internet/portal/us/home/products/details/software/mobile-solutions/uniflow-mobile-print><br><br>The reference describes a server in communication with at least one data rendering device (DRD), said at least one DRD including a user interface for receiving passcodes, the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device (WD) for rendering of the data at the at least one DRD in response to a passcode associated with said WD being entered at the user interface. |

5

APPX1-0071

| US9549285 B2 Claim 1 | Canon: uniFLOW Secure Mobile Printing |
|---|---|
| memory in said server accessible by said DRD, said memory for securely storing data received by or on behalf of said WD and said passcode associated with said WD; and | **uniFLOW Secure Mobile Printing** ▬<br><br>With the uniFLOW app for iPad*/iPhone*, Android™ and Windows Phone* users are able to print from any location, both within or outside the company network, and release documents to any device connected to a uniFLOW server.<br><br>Users can choose a device for printing either by selecting one from a list of recently used printers or by identifying devices via QR Code recognition. After selecting a device, multiple authentication options, such as username/password, PIN code, job code and phone ID, can be used to securely release jobs from their print queue. The cost center selection feature is also supported through the app and can facilitate correct cost allocation.<br><br>Job details are displayed on the phone's screen and finishing options such as double-sided, staple or hole-punch can be changed directly via the uniFLOW app.<br><br>The uniFLOW mobile print application brings enterprise level print management functionality to a user's smartphone.<br><br><https://www.usa.canon.com/internet/portal/us/home/products/details/software/mobile-solutions/uniflow-mobile-print><br><br>The reference describes memory in said server accessible by said DRD, said memory for securely storing data received by or on behalf of said WD and said passcode associated with said WD. |

APPX1-0072



These allegations of infringement are preliminary and are therefore subject to change.

10. CANON has and continues to induce infringement. CANON has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services such as to cause infringement of one or more of claims 1–13 of the '285 patent, literally or under the doctrine of equivalents.  Moreover, CANON has known of the '285 patent and the technology underlying it from at least the filing date of this lawsuit.[1]

11. CANON has and continues to contributorily infringe. CANON has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues

---

[1] Plaintiff reserves the right to amend the date of knowledge in discovery.

7

to do so, on how to use its products and services such as to cause infringement of one or more of claims 1–13 of the '285 patent, literally or under the doctrine of equivalents.  Moreover, CANON has known of the '285 patent and the technology underlying it from at least from the filing date of this lawsuit.[2]

12. CANON has caused and will continue to cause DatRec damage by direct and indirect infringement of (including inducing infringement of) the claims of the '285 patent.

## IV.   JURY DEMAND

DatRec hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, DatRec prays for relief as follows:

a.   enter judgment that Defendant has infringed the claims of the '285 patent;

b.   award DatRec damages in an amount sufficient to compensate it for Defendant's infringement of the '285 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.   award DatRec an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.   declare this case to be "exceptional" under 35 U.S.C. § 285 and award DatRec its attorneys' fees, expenses, and costs incurred in this action;

e.   declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

---

[2] Plaintiff reserves the right to amend the date of knowledge in discovery.

APPX1-0074

f.   a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.   award DatRec such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**

Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Ortiz & Associates Consulting, LLC***

9

APPX1-0075

# EXHIBIT N

APPX1-0076

CLOSED,PATENT

# U.S. District Court [LIVE]
## Western District of Texas (Waco)
## CIVIL DOCKET FOR CASE #: 6:21-cv-01177-ADA


Ortiz & Associates Consulting, LLC v. Canon U.S.A., Inc.                Date Filed: 11/12/2021
Assigned to: Judge Alan D Albright                                      Date Terminated: 03/21/2022
Cause: 35:271 Patent Infringement                                       Jury Demand: Plaintiff
                                                                        Nature of Suit: 830 Patent
                                                                        Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting, LLC**        represented by    **William P. Ramey , III**
                                                               Ramey LLP
                                                               5020 Montrose Blvd., Suite 800
                                                               Houston, TX 77006
                                                               713-426-3923
                                                               Fax: 832/900-4941
                                                               Email: wramey@rameyfirm.com
                                                               *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Canon U.S.A., Inc.**                        represented by    **Andrea L. Fair**
                                                               Ward, Smith & Hill, PLLC
                                                               PO Box 1231
                                                               Longview, TX 75606
                                                               9037576400
                                                               Fax: 903-757-2323
                                                               Email: andrea@wsfirm.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jason M. Dorsky**
                                                               Venable LLP
                                                               600 Massachusetts Avenue, Nw
                                                               Washington, DC 20001
                                                               (202) 721-5435
                                                               Fax: (202) 344-8300
                                                               Email: jmdorsky@venable.com
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Michael P. Sandonato**
                                                               Venable LLP
                                                               2049 Century Park East, Suite 23 00

**APPX1-0077**

New York, NY 10020
(310) 229-9646
Fax: (310) 229-9901
Email: msandonato@venable.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
Ward Smith & Hill, PLLC
1507 Bill Owens Pkwy
Longview, TX 75604
(903)757-6400
Fax: (903)757-2323
Email: wh@wsfirm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/12/2021 | 1 | COMPLAINT ( Filing fee $ 402 receipt number 0542-15435971), filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit US9549285, # 2 Civil Cover Sheet)(Ramey, William) (Entered: 11/12/2021) |
| 11/12/2021 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 forwarded to the Director of the U.S. Patent and Trademark Office. (Ramey, William) (Entered: 11/12/2021) |
| 11/12/2021 | 3 | REQUEST FOR ISSUANCE OF SUMMONS by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 11/12/2021) |
| 11/12/2021 | | All parties shall comply with the Standing Orders located at https://www.txwd.uscourts.gov/judges-information/standing-orders/. (lad) (Entered: 11/12/2021) |
| 11/12/2021 | 4 | Summons Issued as to Canon U.S.A., Inc.. (lad) (Entered: 11/12/2021) |
| 11/12/2021 | | Case assigned to Judge Alan D Albright. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (lad) (Entered: 11/12/2021) |
| 11/16/2021 | 5 | SUMMONS Returned Executed by Ortiz & Associates Consulting, LLC. Canon U.S.A., Inc. served on 11/15/2021, answer due 12/6/2021. (Ramey, William) (Entered: 11/16/2021) |
| 12/02/2021 | 6 | NOTICE *UNOPPOSED FOR EXTENSION OF TIME TO ANSWER* by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 12/02/2021) |
| 12/02/2021 | | Set/Reset Deadlines: Ortiz & Associates Consulting, LLC answer due 1/5/2022. (jc5) (Entered: 12/02/2021) |
| 01/05/2022 | 7 | MOTION to Dismiss *, Or, Alternatively, Transfer for Improper Venue* by Canon U.S.A., Inc.. (Attachments: # 1 Affidavit Declaration of J. Smith)(Hill, Jack) (Entered: 01/05/2022) |
| 01/05/2022 | 8 | RULE 7 DISCLOSURE STATEMENT filed by Canon U.S.A., Inc. identifying Corporate Parent None for Canon U.S.A., Inc.. (Hill, Jack) (Entered: 01/05/2022) |
| 01/05/2022 | 9 | MOTION to Appear Pro Hac Vice by Jack Wesley Hill *of Michael P. Sandonato* ( Filing fee $ 100 receipt number 0542-15583153) by on behalf of Canon U.S.A., Inc.. (Attachments: # 1 Proposed Order)(Hill, Jack) (Entered: 01/05/2022) |

**APPX1-0078**

| 01/05/2022 | 10 | MOTION to Appear Pro Hac Vice by Jack Wesley Hill *of Jason M. Dorsky* ( Filing fee $ 100 receipt number 0542-15583173) by on behalf of Canon U.S.A., Inc.. (Attachments: # 1 Proposed Order)(Hill, Jack) (Entered: 01/05/2022) |
|---|---|---|
| 01/05/2022 | 11 | NOTICE of Attorney Appearance by Andrea L. Fair on behalf of Canon U.S.A., Inc. (Fair, Andrea) (Entered: 01/05/2022) |
| 01/07/2022 | 12 | ORDER GRANTING 9 Motion to Appear Pro Hac Vice for Attorney Michael P. Sandonato. Attorney added for Canon U.S.A., Inc. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order, **if he/she has not previously done so for a prior case in this District**. Signed by Judge Alan D Albright. (jkda) (Entered: 01/07/2022) |
| 01/07/2022 | 13 | ORDER GRANTING 10 Motion to Appear Pro Hac Vice for Attorney Jason M. Dorsky. Attorney added for Canon U.S.A., Inc. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order, **if he/she has not previously done so for a prior case in this District**. Signed by Judge Alan D Albright. (jkda) (Entered: 01/07/2022) |
| 01/19/2022 | 14 | AMENDED COMPLAINT against Canon U.S.A., Inc. amending, filed by Ortiz & Associates Consulting, LLC.(Ramey, William) (Entered: 01/19/2022) |
| 01/21/2022 | 15 | AMENDED COMPLAINT *Corrected* against Canon U.S.A., Inc. amending 1 , filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit US9549285)(Ramey, William) (Entered: 01/21/2022) |
| 02/04/2022 | 16 | MOTION to Dismiss by Canon U.S.A., Inc.. (Attachments: # 1 Affidavit Decl. of J. Smith) (Hill, Jack) (Entered: 02/04/2022) |
| 02/16/2022 | 17 | NOTICE *UNOPPOSED FOR EXT TO RESPOND TO MTD* by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 02/16/2022) |
| 03/10/2022 |  | Parties shall comply with Judge Albright's updated standing orders and COVID-19 standing order available by clicking the included hyperlinks.<br><br>The updated orders are as follows:<br>1. Standing Order Regarding Notice of Readiness for Patent Cases 030722,<br>2. Standing Order on Pretrial Procedures and Requirements in Civil Cases 030722,<br>3. Standing Order Governing Proceedings 4.0 - Patent Cases 030722,<br>4. Amended Standing Order Regarding Coronavirus (COVID-19) and Court Proceedings,<br>5. Amended Standing Order Regarding Joint Or Unopposed Request To Change Deadlines 030722,<br>6. Amended Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions 030722. (jkda) (Entered: 03/10/2022) |
| 03/18/2022 | 18 | NOTICE *UNOPPOSED FOR EXTENSION OF TIME TO RSPD MTD* by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 03/18/2022) |
| 03/21/2022 | 19 | STIPULATION of Dismissal by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 03/21/2022) |
| 03/21/2022 | 20 | Report on Patent/Trademark sent to U.S. Patent and Trademark Office. (bot1) (Entered: 03/21/2022) |

APPX1-0079

Case 3:23-cv-00791-N    Document 34-1    Filed 11/15/23    Page 88 of 153    PageID 672

## PACER Service Center

### Transaction Receipt

| | | | |
|---|---|---|---|
| | 11/13/2023 11:46:34 | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 6:21-cv-01177-ADA |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**APPX1-0080**

# EXHIBIT O

APPX1-0081

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ORTIZ & ASSOCIATES** | ) | |
| **CONSULTING, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 6:21-cv-01178-ADA** |
| **v.** | ) | |
| | ) | |
| **RICOH USA, INC.** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Ortiz & Associates Consulting, LLC ("Ortiz") files this Original Complaint and demand

for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,549,285

("the '285 patent") (referred to as the "Patent-in-Suit") by Ricoh USA, Inc. ("Ricoh").

**I.      THE PARTIES**

1.   Plaintiff Ortiz is a New Mexico Limited Liability Company with its principal place of

business located in Albuquerque, NM.

2.   On information and belief, Ricoh is a corporation existing under the laws of the State of

Delaware, with a regular and established place of business located at 130 Ralph Ablanedo Dr #D,

Austin, TX 78748. On information and belief, RICOH sells and offers to sell products and services

throughout Texas, including in this judicial district, and introduces products and services that

perform infringing methods or processes into the stream of commerce knowing that they would be

sold in Texas and this judicial district. Defendant may be served through its registered agent THE

CORPORATION TRUST COMPANY CORPORATION TRUST CENTER 1209 ORANGE ST

WILMINGTON DE 19801 or anywhere they may be found.

**APPX1-0082**

## II.     JURISDICTION AND VENUE

3.  This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.  This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.     INFRINGEMENT

### A. Infringement of the '285 Patent

6.  On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", attached as Exhibit A) entitled "Systems, Methods and Apparatuses for Brokering Data Between Wireless Devices, Servers and Data Rendering Devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Ortiz owns the '285 patent by assignment.

APPX1-0083

7. The '285 patent relates to a novel and improved system for secure communication over a public network.

8. RICOH maintained, operated, and administered systems and servers, that infringed one or more claims of the '285 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents.[1] Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:

---

[1] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows RICOH's pre-expiration knowledge of the patent.

3

APPX1-0084

| US9549285 B2 Claim 1 | Ricoh: IM C2000/C2500/C3000/C3500/C4500/C5500/C6000 series |
|---|---|
| 1. A system for rendering data provided via a data communications network at the request of a wireless device, comprising: | NEW COPIERS & MFP'S, RICOH<br><br>**RICOH IM C2000, IM C2500, IM C3000, IM C3500, IM C4500, IM C5500 & IM C6000**<br>Copyright © 2018, 2019, 2020, 2021<br><https://www.bluebox.co.uk/product/ricoh-im-c2000-im-c2500-im-c3000-im-c3500-im-c4500-im-c5500-im-c6000/><br><br>Ricoh: IM C2000/C2500/C3000/C3500/C4500/C5500/C6000 series is a system for rendering data provided via a data communications network at the request of a wireless device.<br><br>The reference includes subject matter disclosed by the Claim 1s of the patent after the priority date.<br><br>The venue of the company is: ZZZ |

4

APPX1-0085

| US9549285  B2 Claim 1 | Ricoh: IM C2000/C2500/C3000/C3500/C4500/C5500/C6000 series |
|---|---|
| a server in communication with at least one data rendering device (DRD), said at least one DRD including a user interface for receiving passcodes, the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device (WD) for rendering of the data at the at least one DRD in response to a passcode associated with said WD being entered at the user interface; | <br><br>• You can print photographs and files that are stored in a mobile device on the machine.<br><br>• You can copy or scan data with the scan settings stored in the mobile device.<br><br>• You can store the data scanned on the machine in a mobile device.<br><br>• You can operate the machine from a mobile device to send data by e-mail or fax.<br><br>• You can also print the data stored in cloud services such as RICOH e-Sharing Box, Google Drive, or Dropbox.<br><br>• Touch the NFC tag of the machine with a smart device to enter the password for printing a confidential document or document that is specified with a password. This function is available on machines implemented with RICOH Always Current Technology v1.2 or later.<br><br><http://support.ricoh.com/bb_v1oi/pub_e/oi_view/0001077/0001077458/view/intro/int/connector.htm><br><br>The reference describes a server in communication with at least one data rendering device (DRD), said at least one DRD including a user interface for receiving passcodes, the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device (WD) for rendering of the data at the at least one DRD in response to a passcode associated with said WD being entered at the user interface. |

| US9549285 B2 Claim 1 | Ricoh: IM C2000/C2500/C3000/C3500/C4500/C5500/C6000 series |
|---|---|
| memory in said server accessible by said DRD, said memory for securely storing data received by or on behalf of said WD and said passcode associated with said WD; and | **Storing Documents to Print in the Machine**<br><br>You can store a document on the hard disk of the machine and print it from the control panel later.<br><br><http://support.ricoh.com/bb_v1oi/pub_e/oi_view/0001077/0001077458/view/printer/int/stored.htm><br><br>The reference describes memory in said server accessible by said DRD, said memory for securely storing data received by or on behalf of said WD and said passcode associated with said WD. |

5

APPX1-0086



These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has caused Plaintiff damage by direct infringement of the claims of the '285 patent.[2]

## IV.     JURY DEMAND

Plaintif hereby requests a trial by jury on issues so triable by right.

## V.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.     enter judgment that Defendant has infringed the claims of the '285 patent;

b.     award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the '285 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.     award Plaintiff an accounting for acts of infringement not presented at trial and an award

---

[2] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows RICOH's pre-expiration knowledge of the patent.

8

by the Court of additional damage for any such acts of infringement; and

d.  award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
Kyril Talanov
Texas Bar No. 24075139
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
ktalanov@rameyfirm.com

***Attorneys for Ortiz & Associates Consulting, LLC***

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that March 31, 2022, the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/William P. Ramey, III
William P. Ramey, III

8

**APPX1-0088**

# EXHIBIT P

APPX1-0089

11/13/23, 11:47 AM                    Centralized CM/ECF LIVE - U.S. District Court:txwd

**Case 3:23-cv-00791-N**   **Document 34-1**   **Filed 11/15/23**   **Page 98 of 153**   **PageID 682**
**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

CLOSED,PATENT

# U.S. District Court [LIVE]
## Western District of Texas (Waco)
## CIVIL DOCKET FOR CASE #: 6:21-cv-01178-ADA

Ortiz & Associates Consulting, LLC v. Ricoh USA, Inc.          Date Filed: 11/12/2021
Assigned to: Judge Alan D Albright                              Date Terminated: 04/11/2023
Related Case: 6:23-cv-00139-ADA                                 Jury Demand: Plaintiff
Cause: 35:271 Patent Infringement                               Nature of Suit: 830 Patent
                                                                Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting, LLC**          represented by   **Kyril Talanov**
                                                                Law Office of Kyril Talanov
                                                                124 Pierce Street
                                                                Houston, TX 77002
                                                                832-314-1672
                                                                Email: kyril.talanov@talanovlaw.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **William P. Ramey , III**
                                                                Ramey LLP
                                                                5020 Montrose Blvd., Suite 800
                                                                Houston, TX 77006
                                                                713-426-3923
                                                                Fax: 832/900-4941
                                                                Email: wramey@rameyfirm.com
                                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ricoh USA, Inc.**                              represented by   **Michael V. Solomita**
                                                                Norton Rose Fulbright US LLP
                                                                1301 Avenue of the Americas
                                                                New York, NY 10019
                                                                212-318-3000
                                                                Email:
                                                                michael.solomita@nortonrosefulbright.com
                                                                *LEAD ATTORNEY*
                                                                *PRO HAC VICE*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Valerie Barker**
                                                                Norton Rose Fulbright US LLP
                                                                98 San Jacinto Blvd
                                                                Suite 1100
                                                                Austin, TX 78701

**APPX1-0090**

312-536-3073
Email: vbarker@sgbfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/12/2021 | 1 | COMPLAINT ( Filing fee $ 402 receipt number 0542-15436239), filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit US9549285, # 2 Civil Cover Sheet)(Ramey, William) (Entered: 11/12/2021) |
| 11/12/2021 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 forwarded to the Director of the U.S. Patent and Trademark Office. (Ramey, William) (Entered: 11/12/2021) |
| 11/12/2021 | 3 | REQUEST FOR ISSUANCE OF SUMMONS by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 11/12/2021) |
| 11/12/2021 | | Case assigned to Judge Alan D Albright. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (lad) (Entered: 11/15/2021) |
| 11/15/2021 | | All parties shall comply with the Standing Orders located at https://www.txwd.uscourts.gov/judges-information/standing-orders/. (lad) (Entered: 11/15/2021) |
| 11/15/2021 | 4 | Summons Issued as to Ricoh USA, Inc.. (lad) (Entered: 11/15/2021) |
| 11/16/2021 | 5 | SUMMONS Returned Executed by Ortiz & Associates Consulting, LLC. Ricoh USA, Inc. served on 11/15/2021, answer due 12/6/2021. (Ramey, William) (Entered: 11/16/2021) |
| 12/06/2021 | 6 | NOTICE *UNOPPOSED FOR EXTENSION OF TIME TO ANSWER* by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 12/06/2021) |
| 12/06/2021 | | Reset Deadlines: Ricoh USA, Inc. answer due 1/20/2022. (jc5) (Entered: 12/06/2021) |
| 01/18/2022 | 7 | NOTICE *UNOPPOSED FOR EXTENSION OF TIME TO ANSWER* by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 01/18/2022) |
| 01/18/2022 | | Reset Deadlines: Ricoh USA, Inc. answer due 2/10/2022. (jc5) (Entered: 01/19/2022) |
| 02/09/2022 | 8 | NOTICE *UNOPPOSED FOR EXTENSION OF TIME TO ANSWER* by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 02/09/2022) |
| 02/09/2022 | | Reset Deadlines: Ricoh USA, Inc. answer due 2/24/2022. (jc5) (Entered: 02/09/2022) |
| 02/17/2022 | 9 | NOTICE of Attorney Appearance by Valerie Barker on behalf of Ricoh USA, Inc.. Attorney Valerie Barker added to party Ricoh USA, Inc.(pty:dft) (Barker, Valerie) (Entered: 02/17/2022) |
| 02/17/2022 | 10 | MOTION to Appear Pro Hac Vice by Valerie Barker - *Michael Solomita* ( Filing fee $ 100 receipt number 0542-15729023) by on behalf of Ricoh USA, Inc.. (Attachments: # 1 Proposed Order)(Barker, Valerie) (Entered: 02/17/2022) |
| 02/18/2022 | 11 | ORDER GRANTING 10 Motion to Appear Pro Hac Vice for Attorney Michael V. Solomita. Attorney added for Ricoh USA, Inc. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order, **if** |

APPX1-0091

Case 3:23-cv-00791-N    Document 34-1    Filed 11/15/23    Page 100 of 153    PageID 684

| | | |
|---|---|---|
| | | he/she has not previously done so for a prior case in this District. Signed by Judge Alan D Albright. (bot1) (Entered: 02/18/2022) |
| 02/24/2022 | 12 | Motion to Dismiss for Failure to State a Claim by Ricoh USA, Inc.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order)(Solomita, Michael) (Entered: 02/24/2022) |
| 03/09/2022 | 13 | NOTICE *UNOPPOSED FOR EXT OF TIME TO RSPD MTD* by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 03/09/2022) |
| 03/10/2022 | | Parties shall comply with Judge Albright's updated standing orders and COVID-19 standing order available by clicking the included hyperlinks.<br><br>The updated orders are as follows:<br>1. Standing Order Regarding Notice of Readiness for Patent Cases 030722,<br>2. Standing Order on Pretrial Procedures and Requirements in Civil Cases 030722,<br>3. Standing Order Governing Proceedings 4.0 - Patent Cases 030722,<br>4. Amended Standing Order Regarding Coronavirus (COVID-19) and Court Proceedings,<br>5. Amended Standing Order Regarding Joint Or Unopposed Request To Change Deadlines 030722,<br>6. Amended Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions 030722. (jkda) (Entered: 03/10/2022) |
| 03/18/2022 | 14 | STATUS REPORT *Case Readiness Status Report* by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 03/18/2022) |
| 03/31/2022 | 15 | NOTICE of Attorney Appearance by Kyril Vladimir Talanov on behalf of Ortiz & Associates Consulting, LLC. Attorney Kyril Vladimir Talanov added to party Ortiz & Associates Consulting, LLC(pty:pla) (Talanov, Kyril) (Entered: 03/31/2022) |
| 03/31/2022 | 16 | AMENDED COMPLAINT against Ricoh USA, Inc. amending, filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit US9549285)(Ramey, William) (Entered: 03/31/2022) |
| 03/31/2022 | 17 | RESPONSE to Motion, filed by Ortiz & Associates Consulting, LLC, re 12 Motion to Dismiss for Failure to State a Claim filed by Defendant Ricoh USA, Inc. (Attachments: # 1 Exhibit A, # 2 Affidavit of Kyril Talanov, EX 1)(Ramey, William) (Entered: 03/31/2022) |
| 04/05/2022 | | Text Order MOOTING 12 Motion to Dismiss for Failure to State a Claim entered by Judge Alan D Albright. The 12 Motion is MOOT in view of 16 Plaintiff's First Amended Complaint. (This is a text-only entry generated by the court. There is no document associated with this entry.) (RRlc) (Entered: 04/05/2022) |
| 04/14/2022 | 18 | MOTION to Dismiss *First Amended Complaint for Lack of Standing and for Failure to State a Claim* by Ricoh USA, Inc.. (Attachments: # 1 Proposed Order)(Solomita, Michael) (Entered: 04/14/2022) |
| 04/14/2022 | 19 | Standing Order Regarding Order Governing Proceedings Patent Cases. Signed by Judge Alan D Albright. (Entered: 04/14/2022) |
| 04/28/2022 | 20 | Response in Opposition to Motion, filed by Ortiz & Associates Consulting, LLC, re 18 MOTION to Dismiss *First Amended Complaint for Lack of Standing and for Failure to State a Claim* filed by Defendant Ricoh USA, Inc. (Attachments: # 1 Affidavit of Kyril Talanov, # 2 Exhibit A)(Ramey, William) (Entered: 04/28/2022) |
| 05/05/2022 | 21 | REPLY to Response to Motion, filed by Ricoh USA, Inc., re 18 MOTION to Dismiss *First Amended Complaint for Lack of Standing and for Failure to State a Claim* filed by Defendant Ricoh USA, Inc. (Solomita, Michael) (Entered: 05/05/2022) |

**APPX1-0092**

| 09/16/2022 | | Parties shall comply with Judge Albright's updated standing orders available by clicking the included hyperlinks.<br><br>The updated orders are as follows:<br>1. Standing Order Governing Proceedings Patent Cases,<br>2. Amended Standing Order On Pretrial Procedures and Requirements in Civil Cases.<br>(bot4) (Entered: 09/17/2022) |
| 04/04/2023 | | Parties shall comply with Judge Albright's updated Standing Order Governing Proceedings - Patent Cases available by clicking the hyperlink.<br><br>(bot2) (Entered: 04/05/2023) |
| 04/11/2023 | 22 | ORDER GRANTING IN PART AND DENYING IN PART 18 Motion to Dismiss. It is ORDERED that Ricohs Motion is DENIED as to standing in general, GRANTED as to standing to sue on past damages before February 17, 2016, and GRANTED as to failure to state a claim. Signed by Judge Alan D Albright. (lad) (Entered: 04/11/2023) |
| 04/11/2023 | 23 | Report on Patent/Trademark sent to U.S. Patent and Trademark Office. (bot1) (Entered: 04/12/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/13/2023 11:47:23 | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 6:21-cv-01178-ADA |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

**APPX1-0093**

# EXHIBIT Q

APPX1-0094

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ORTIZ & ASSOCIATES** | ) | |
| **CONSULTING, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | |
| **NETGEAR, INC.,** | ) | |
| **Defendant.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Ortiz & Associates Consulting, LLC ("Ortiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent Nos. 9,147,299 ("the '299 patent") and 9,459,285 ("the '285 patent") (collectively referred to as the "Patents-in-Suit") by Netgear, Inc. ("Defendant" or "Netgear").

## I.      THE PARTIES

1.   Ortiz & Associates Consulting, LLC is a New Mexico limited liability company with its principal place of business located in Albuquerque, NM.

2.   On information and belief, Netgear, Inc. is a corporation organized and existing under the laws of Delaware having a principal place of business 350 Easter Plumeria Drive, San Jose, California 95134, and authorized to do business in Delaware.  Defendant can be served through its registered agent, Incorporating Services, Ltd., 3500 S DuPoint Hwy, Dover, DE 19901, at its place of business, or anywhere ese it may be found.

1

APPX1-0095

3. On information and belief, Defendant sells and offers to sell products and services throughout Delaware, including in this judicial district, introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Delaware and this judicial district, and otherwise directs infringing activities to this judicial district in connection with its products and services.

## II.   JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Delaware and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware and this District.

7.   **INFRINGEMENT**

**A.  Infringement of the '299 Patent**

8.   On September 29, 2015, U.S. Patent No. 9,147,299 ("the '299 patent", attachment as **Exhibit C**) entitled "Systems, Methods and Apparatuses For Brokering Data Between Wireless Devices, Servers and Data Rendering Devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Plaintiff owns the '299 patent by assignment.

9.   The '299 patent relates to novel and improved sytems and methods for communication over public network.

10. Defendant maintained, operated, and administered systems, products, and services that infringed one or more of claims 1-6 of the '299 patent, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '299 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

11. Support for the allegations of infringement may be found in the following exemplary table included as **Exhibit A**.  These allegations of infringement are preliminary and are therefore subject to change.

12. Defendant has caused Plaintiff damage by direct infringement of the claims of the '299 patent.[1]

**III.    Infringement of the '285 Patent**

---

[1] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows Defendant's pre-expiration knowledge of the patent.

3

13. On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", attachment as **Exhibit D**) entitled "Systems, Methods and Apparatuses For Brokering Data Between Wireless Devices, Servers and Data Rendering Devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Plaintiff owns the '285 patent by assignment.

14. The '285 patent relates to novel and improved sytems and methods for communication over public network.

15. Defendant maintained, operated, and administered systems, products, and services that infringed one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '285 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

16. Support for the allegations of infringement may be found in the following exemplary table included as **Exhibit B**.  These allegations of infringement are preliminary and are therefore subject to change.

17. Defendant has caused Plaintiff damage by direct infringement of the claims of the '285 patent.[2]

### IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

---

[2] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows Defendant's pre-expiration knowledge of the patent.

## V.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.      enter judgment that Defendant has infringed the claims of the '299 patent and the '285

patent (collectively, "the patents-in-suit");

b.      award Plaintiff damages in an amount sufficient to compensate it for Defendant's

infringement, in an amount no less than a reasonable royalty or lost profits, together with

pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.      award Plaintiff an accounting for acts of infringement not presented at trial and an award

by the Court of additional damage for any such acts of infringement;

d.      award Plaintiff such other and further relief as this Court deems just and proper.


DATED: May 9, 2022                          Respectfully submitted,

                                            Chong Law Firm PA

                                            */s/ Jimmy Chong*
                                            Jimmy Chong (#4839)
                                            2961 Centerville Road, Suite 350
                                            Wilmington, DE 19808
                                            Telephone: (302) 999-9480
                                            Facsimile: (302) 800-1999
                                            Email: chong@chonglawfirm.com

                                            ***Attorneys for Ortiz & Associates Consulting, LLC***

5

# EXHIBIT R

APPX1-0100

CLOSED,PATENT

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:22-cv-00613-MN

Ortiz & Associates Consulting, LLC v. Netgear, Inc.
Assigned to: Judge Maryellen Noreika
Related Case: 1:18-cv-01265-MN
Cause: 35:1 Patent Infringement

Date Filed: 05/09/2022
Date Terminated: 10/20/2023
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting, LLC**          represented by     **Jimmy C. Chong**
                                                                    Chong Law Firm, PA
                                                                    2961 Centerville Rd., Ste 350
                                                                    Wilmington, DE 19808
                                                                    302-999-9480
                                                                    Fax: 302-800-1999
                                                                    Email: chong@chonglawfirm.com
                                                                    *TERMINATED: 11/17/2022*
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **William P. Ramey , III**
                                                                    Email: wramey@rameyfirm.com
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Netgear, Inc.**                               represented by     **Andrew Colin Mayo**
                                                                    Ashby & Geddes
                                                                    500 Delaware Avenue, 8th Floor
                                                                    P.O. Box 1150
                                                                    Wilmington, DE 19801
                                                                    302-654-1888
                                                                    Email: amayo@ashbygeddes.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Steven J. Balick**
                                                                    Ashby & Geddes
                                                                    500 Delaware Avenue, 8th Floor
                                                                    P.O. Box 1150
                                                                    Wilmington, DE 19801
                                                                    (302) 654-1888
                                                                    Fax: (302) 654-2067

**APPX1-0101**

Case 3:23-cv-00791-N    Document 34-1    Filed 11/15/23    Page 110 of 153    PageID 694

Email: sdaliek@ashbygeddes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Q. Smith**
Email: victoria.smith@squirepb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Woli Urbe**
Email: woli.urbe@squirepb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/2022 | 1 | COMPLAINT for PATENT INFRINGEMENT filed with Jury Demand against Netgear, Inc. ( Filing fee $ 402, receipt number ADEDC-3869455.) - filed by Oritz & Associates Consulting, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Civil Cover Sheet)(mpb) (Entered: 05/09/2022) |
| 05/09/2022 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (mpb) (Entered: 05/09/2022) |
| 05/09/2022 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 9,147,299 ;US 9,459,285. (mpb) (Entered: 05/09/2022) |
| 05/09/2022 | 4 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Oritz & Associates Consulting, LLC. (mpb) (Entered: 05/09/2022) |
| 05/09/2022 | 5 | Summons Issued as to Netgear, Inc. on 5/9/2022. (mpb) (Entered: 05/09/2022) |
| 05/11/2022 | | Case Assigned to Judge Maryellen Noreika. Please include the initials of the Judge (MN) after the case number on all documents filed. (nms) (Entered: 05/11/2022) |
| 05/16/2022 | 6 | SUMMONS Returned Executed by Oritz & Associates Consulting, LLC. Netgear, Inc. served on 5/11/2022, answer due 6/1/2022. (Chong, Jimmy) (Entered: 05/16/2022) |
| 06/01/2022 | 7 | STIPULATION TO EXTEND TIME to Answer the Complaint to 08/01/2022 - filed by Oritz & Associates Consulting, LLC. (Chong, Jimmy) (Entered: 06/01/2022) |
| 06/01/2022 | | SO ORDERED, re 7 STIPULATION TO EXTEND TIME to Answer the Complaint to 08/01/2022 filed by Oritz & Associates Consulting, LLC, Set/Reset Answer Deadlines: Netgear, Inc. answer due 8/1/2022.. ORDERED by Judge Maryellen Noreika on 6/1/2022. (mdb) (Entered: 06/01/2022) |
| 07/19/2022 | 8 | MOTION for Pro Hac Vice Appearance of Attorney William P Ramey, III - filed by Oritz & Associates Consulting, LLC. (Chong, Jimmy) (Entered: 07/19/2022) |
| 07/20/2022 | | SO ORDERED re 8 MOTION for Pro Hac Vice Appearance of Attorney William P Ramey, III filed by Oritz & Associates Consulting, LLC. ORDERED by Judge Maryellen Noreika on 7/20/2022. (dlw) (Entered: 07/20/2022) |
| 07/20/2022 | | Pro Hac Vice Attorney William P. Ramey, III for Oritz & Associates Consulting, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mpb) (Entered: 07/20/2022) |

**APPX1-0102**

| 07/29/2022 | 9 | STIPULATION TO EXTEND TIME to Answer the Complaint to 09/01/2022 - filed by Oritz & Associates Consulting, LLC. (Chong, Jimmy) (Entered: 07/29/2022) |
| 08/01/2022 | | SO ORDERED re 9 STIPULATION TO EXTEND TIME to respond to the Complaint to 09/01/2022 (Set/Reset Answer Deadlines: Netgear, Inc. answer due 9/1/2022). ORDERED by Judge Maryellen Noreika on 8/1/2022. (dlw) (Entered: 08/01/2022) |
| 08/25/2022 | 10 | MOTION for Jimmy Chong to Withdraw as Attorney - filed by Oritz & Associates Consulting, LLC. (Chong, Jimmy) (Entered: 08/25/2022) |
| 09/01/2022 | 11 | STIPULATION TO EXTEND TIME to Answer the Complaint to 10/01/2022 - filed by Oritz & Associates Consulting, LLC. (Chong, Jimmy) (Entered: 09/01/2022) |
| 09/01/2022 | | SO ORDERED re 11 STIPULATION TO EXTEND TIME to respond to the Complaint to 10/01/2022 (Set/Reset Answer Deadlines: Netgear, Inc. answer due 10/1/2022). ORDERED by Judge Maryellen Noreika on 9/1/2022. (dlw) (Entered: 09/01/2022) |
| 09/01/2022 | 12 | NOTICE of Appearance by Steven J. Balick on behalf of Netgear, Inc. (Balick, Steven) (Entered: 09/01/2022) |
| 09/01/2022 | 13 | MOTION for Pro Hac Vice Appearance of Attorney Victoria Q. Smith and Woli I. Urbe - filed by Netgear, Inc.. (Balick, Steven) (Entered: 09/01/2022) |
| 09/02/2022 | | SO ORDERED re 13 MOTION for Pro Hac Vice Appearance of Attorney Victoria Q. Smith and Woli I. Urbe filed by Netgear, Inc. ORDERED by Judge Maryellen Noreika on 9/2/2022. (dlw) (Entered: 09/02/2022) |
| 09/12/2022 | | Pro Hac Vice Attorney Woli Urbe for Netgear, Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mpb) (Entered: 09/12/2022) |
| 09/23/2022 | | Pro Hac Vice Attorney Victoria Q. Smith for Netgear, Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mpb) (Entered: 09/23/2022) |
| 09/30/2022 | 14 | ANSWER to 1 Complaint, with Jury Demand by Netgear, Inc..(Balick, Steven) (Entered: 09/30/2022) |
| 11/17/2022 | 15 | ORAL ORDER re 10 MOTION for Jimmy Chong to Withdraw as Attorney - IT IS HEREBY ORDERED that the motion is GRANTED. "It has been the law for the better part of two centuries... that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Van De Berg v. Comm'r*, 175 F. App'x 539, 541 (3d Cir. 2006) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 20102, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)); *see also United States v. Cocivera*, 104 F.3d 566 (3d Cir.1996); *Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir.1966); *In re 69 north Turnpike, LLC*, 693 F. Appx 141 (3d Cir. 2017) (debtor LLC could not proceed on its appeal because it was not represented by an attorney). THEREFORE, IT IS FURTHER ORDERED that within thirty (30) days, Plaintiff must retain new Delaware counsel and that counsel must file an entry of appearance. IT IS FINALLY ORDERED that Mr. Chong must serve a copy of this Oral Order on Plaintiff and its lead counsel and file a proof of service regarding same. ORDERED by Judge Maryellen Noreika on 11/17/2022. (dlw) (Entered: 11/17/2022) |
| 12/01/2022 | 16 | AFFIDAVIT of Service for Order of Withdrawal of Counsel served on Ramey LLP and Ortiz & Associates Consulting, LLC on 11/28/2022, filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Chong, Jimmy) (Entered: 12/01/2022) |

APPX1-0103

| 01/25/2023 | 17 | Disclosure Statement pursuant to Rule 7.1: identifying Other Affiliate BlackRock Inc., Other Affiliate Vanguard Group, Inc. for Netgear, Inc. filed by Netgear, Inc.. (Balick, Steven) (Entered: 01/25/2023) |
|---|---|---|
| 03/21/2023 | 18 | MOTION to Dismiss for Lack of Prosecution - filed by Netgear, Inc.. (Attachments: # 1 Text of Proposed Order)(Mayo, Andrew) (Entered: 03/21/2023) |
| 03/21/2023 | 19 | OPENING BRIEF in Support re 18 MOTION to Dismiss for Lack of Prosecution filed by Netgear, Inc..Answering Brief/Response due date per Local Rules is 4/4/2023. (Mayo, Andrew) (Entered: 03/21/2023) |
| 04/05/2023 | 20 | NOTICE of Voluntary Dismissal by Ortiz & Associates Consulting, LLC as to Netgear, Inc. (Chong, Jimmy) (Entered: 04/05/2023) |
| 04/05/2023 | | CASE CLOSED (dlw) (Entered: 04/05/2023) |
| 04/05/2023 | 21 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s). (Attachments: # 1 Notice of Voluntary Dismissal)(mdb) (Entered: 04/05/2023) |
| 04/11/2023 | 22 | MOTION to Vacate Dismissal, and to Strike Plaintiff's Notice of Voluntary Dismissal - filed by Netgear, Inc. (Balick, Steven) (Additional attachment(s) added on 4/12/2023: # 1 Exhibit A) (dlw). Modified on 4/12/2023 (dlw). (Entered: 04/11/2023) |
| 04/12/2023 | | CORRECTING ENTRY: Exhibit A has been added to D.I. 22 at the request of counsel. (dlw) (Entered: 04/12/2023) |
| 04/12/2023 | | Remark - Case reopened. (dlw) (Entered: 04/12/2023) |
| 04/12/2023 | 23 | ORAL ORDER re 22 MOTION to Vacate Dismissal and to Strike Plaintiff's Notice of Voluntary Dismissal - IT IS HEREBY ORDERED that Plaintiff shall respond to Defendant's Motion to Vacate Dismissal and to Strike Plaintiff's Voluntary Dismissal in accordance with the Local Rules (Set Briefing Schedule - Answering Brief due 4/25/2023). ORDERED by Judge Maryellen Noreika on 4/12/2023. (dlw) (Entered: 04/12/2023) |
| 04/26/2023 | 24 | MOTION for Voluntary Dismissal and Plaintiff's Response to 22 Defendant's Motion to Vacate Dismissal and to Strike Plaintiff's Notice of Voluntary Dismissal without Prejudice filed by Ortiz & Associates Consulting, LLC.Reply Brief due date per Local Rules is 5/3/2023. (dlw) (Entered: 04/26/2023) |
| 05/03/2023 | 25 | BRIEF (Combined Answering and Reply) to 24 Motion for Voluntary Dismissal and re 22 MOTION to Vacate Dismissal, and to Strike Plaintiff's Notice of Voluntary Dismissal filed by Netgear, Inc. Reply Brief due date per Local Rules is 5/10/2023. (Balick, Steven) Modified on 5/4/2023 (dlw). (Entered: 05/03/2023) |
| 10/19/2023 | 26 | ORAL ORDER Setting TELEPHONIC Hearing on 22 MOTION to Vacate Dismissal and to Strike Plaintiff's Notice of Voluntary Dismissal - IT IS HEREBY ORDERED that a TELEPHONIC Motion Hearing is set for 10/24/2023 at 02:00 PM before Judge Maryellen Noreika. The Court is setting aside 20 minutes for the teleconference with the time-split equally between the parties. Counsel shall provide a teleconference dial-in number and code for the hearing by emailing this Court's judicial administrator. IT IS FURTHER ORDERED that Delaware counsel MUST be on the call for all parties. ORDERED by Judge Maryellen Noreika on 10/19/2023. (dlw) (Entered: 10/19/2023) |
| 10/20/2023 | 27 | STIPULATION of Dismissal *With Prejudice* by Netgear, Inc.. (Balick, Steven) (Entered: 10/20/2023) |
| 10/20/2023 | 28 | SO ORDERED re 27 Stipulation of Dismissal with prejudice ***Civil Case Terminated. Signed by Judge Maryellen Noreika on 10/20/2023. (dlw) (Entered: 10/20/2023) |

APPX1-0104

| 10/20/2023 | 29 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s). (mdb) (Entered: 10/20/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/13/2023 12:25:55 | | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-00613-MN Start date: 1/1/1975 End date: 11/13/2023 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

**APPX1-0105**

# EXHIBIT S

APPX1-0106

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 6:23-cv-00139** |
| v. | ) | |
| | ) | |
| ACTIONTEC ELECTRONICS, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Ortiz & Associates Consulting, LLC ("Plaintiff" or "Ortiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,147,299 ("the '299 patent") and U.S. Patent No. 9,549,285 ("the '285 patent") (referred to as the "Patents-in-Suit") by Actiontec Electronics, Inc. ("Defendant" or "Actiontec").

**I.      THE PARTIES**

1.   Plantiff is a New Mexico Limited Liability Company with its principal place of business located in Albuquerque, NM.

2.  On information and belief, Defendant is a corporation organized and existing under the laws of the State of CA, with a regular and established place of business located at 2445 Augustine Dr, Suite 501, Santa Clara, CA 95054. On information and belief, Defendant employs local engineers and managers in the Western District of Texas.  Defendant stores property in the Western District of Texas, at least in the homes of Defendant's employees. Defendant continuously maintains a physical presence in the Western District of Texas. See Exhibit E.

3.  On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that

1

APPX1-0107

perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant can be served with process through their registered agent, Incyourbiz Corp., 221 N Broad St., Middletown, New Castle, DE 19709, at its place of business, or anywhere else it may be found.

## II.     JURISDICTION AND VENUE

4.  This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5.  This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.     INFRINGEMENT

### A.  Infringement of the '299 Patent

7.  On September 29, 2015, U.S. Patent No. 9,147,299 ("the '299 patent", included as Exhibit A and part of this complaint) entitled "Systems, methods and apparatuses for brokering data

between wireless devices, servers and data rendering devices" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '299 patent by assignment.

8. The '299 patent relates to novel and improved systems, methods and apparatus for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices (e.g., televisions, video monitors, and projectors) capable of displaying video data at the request of wireless devices.

9. Defendant maintains, operates, and administers systems, products, and services that performs a method that infringes one or more of claims 1-6 of the '299 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '299 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the the chart attached as exhibit B.  These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use and management of data retrieved over wireless networks) such as to cause infringement of one or more of claims 1-6 of the '299 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '299 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

APPX1-0109

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use and management of data retrieved over wireless networks) and related services such as to cause infringement of one or more of claims 1-6 of the '299 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '299 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

13. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '299 patent.

## B.  Infringement of the '285 Patent

14. On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", included as Exhibit C and part of this complaint) entitled "Systems, methods and apparatuses for brokering data between wireless devices, servers and data rendering devices" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '285 patent by assignment.

15. The '285 patent relates to novel and improved systems, methods and apparatus for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices (e.g., televisions, video monitors, and projectors) capable of displaying video data at the request of wireless devices.

16. Defendant maintains, operates, and administers systems, products, and services that performs a method that infringes one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '285 Patent into service

---

[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

APPX1-0110

(i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

17. Support for the allegations of infringement may be found in the the chart attached as exhibit D.  These allegations of infringement are preliminary and are therefore subject to change.

18. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use and management of data retrieved over wireless networks) such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '285 patent and the technology underlying it from at least the filing date of the lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint.

19. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use and management of data retrieved over wireless networks) and related services such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '285 patent and the technology underlying it from at least the filing date of the lawsuit.[4] For clarity, direct infringement is previously alleged in this complaint.

---

[3] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

APPX1-0111

20. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '285 patent.

## IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   enter judgment that Defendant has infringed the claims of the patents-in-suit;

b.   award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.   award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.   declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.   declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.   a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an

APPX1-0112

adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the

future infringement will be willful as a matter of law; and

g.    award Plaintiff such other and further relief as this Court deems just and proper.


DATED: January 25, 2023                    Respectfully submitted,

                                           **Ramey LLP**

                                           /s/William P. Ramey
                                           William P. Ramey, III
                                           Texas Bar No. 24027643
                                           wramey@rameyfirm.com

                                           Jeffrey E. Kubiak
                                           Texas Bar No. 24028470
                                           jkubiak@rameyfirm.com

                                           5020 Montrose Blvd., Suite 800
                                           Houston, Texas 77006
                                           (713) 426-3923 (telephone)
                                           (832) 900-4941 (fax)

                                           *Attorneys for ORTIZ & ASSOCIATES*
                                           *CONSULTING, LLC.*

# EXHIBIT T

CLOSED,PATENT

# U.S. District Court [LIVE]
## Western District of Texas (Waco)
## CIVIL DOCKET FOR CASE #: 6:23-cv-00139-ADA

Ortiz & Associates Consulting, LLC v. Actiontec Electronics, Inc.
Assigned to: Judge Alan D Albright
Related Case: 6:21-cv-01178-ADA
Cause: 15:1126 Patent Infringement

Date Filed: 02/22/2023
Date Terminated: 03/07/2023
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting, LLC**              represented by  **Jeffrey Eugene Kubiak**
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
713-294-2956
Email: jkubiak@rameyfirm.com
*ATTORNEY TO BE NOTICED*

**William P. Ramey , III**
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
713-426-3923
Fax: 832/900-4941
Email: wramey@rameyfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Actiontec Electronics, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2023 | 1 | COMPLAINT ( Filing fee $ 402 receipt number ATXWDC-17111949), filed by ORTIZ & ASSOCIATES CONSULTING, LLC,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Civil Cover Sheet)(Ramey, William) (Entered: 02/22/2023) |
| 02/22/2023 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 forwarded to the Director of the U.S. Patent and Trademark Office. (Ramey, William) (Entered: 02/22/2023) |
| 02/22/2023 | 3 | REQUEST FOR ISSUANCE OF SUMMONS by ORTIZ & ASSOCIATES CONSULTING, LLC,. (Ramey, William) (Entered: 02/22/2023) |

**APPX1-0115**

| 02/22/2023 | 4 | Certificate of Interested Parties by ORTIZ & ASSOCIATES CONSULTING, LLC,. (Ramey, William) (Entered: 02/22/2023) |
| 02/22/2023 | | Case assigned to Judge Alan D Albright. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (ad3) (Entered: 02/23/2023) |
| 02/23/2023 | 5 | Summons Issued as to Actiontec Electronics, Inc.. (ad3) (Entered: 02/23/2023) |
| 03/01/2023 | 6 | SUMMONS Returned Executed by Ortiz & Associates Consulting, LLC. Actiontec Electronics, Inc. served on 2/24/2023, answer due 3/17/2023. (Ramey, William) (Entered: 03/01/2023) |
| 03/07/2023 | 7 | NOTICE of Voluntary Dismissal by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 03/07/2023) |
| 03/08/2023 | 8 | Report on Patent/Trademark sent to U.S. Patent and Trademark Office. (bot1) (Entered: 03/08/2023) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/13/2023 11:48:11 | | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 6:23-cv-00139-ADA |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

APPX1-0116

# EXHIBIT U

APPX1-0117

Query     Reports     Utilities     Help     Log Out

CLOSED,JRG4,JURY,PATENT/TRADEMARK

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Marshall)
## CIVIL DOCKET FOR CASE #: 2:23-cv-00308-JRG

| | |
|---|---|
| Ortiz & Associates Consulting, LLC v. Epson America, Inc. | Date Filed: 06/26/2023 |
| Assigned to: District Judge Rodney Gilstrap | Date Terminated: 10/06/2023 |
| Cause: 15:1126 Patent Infringement | Jury Demand: Plaintiff |
| | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Ortiz & Associates Consulting, LLC**       represented by    **Jacob Bruce Henry**
Blank Rome LLP - Houston
717 Texas Avenue, Suite 1400
Houston, TX 77002-2727
713-632-8618
Fax: 713-228-6605
Email: jhenry@rameyfirm.com
*ATTORNEY TO BE NOTICED*

**William P Ramey , III**
Ramey LLP
5020 Montrose Blvd.
Ste 800
Houston, TX 77006
713-426-3923
Fax: 832-900-4941
Email: wramey@rameyfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Epson America, Inc.**       represented by    **Andrew William Stinson**
Ramey & Flock, PC
Texas
100 E Ferguson Street
Suite 500
Tyler
Tyler, TX 75702
903-597-3301
Email: andys@rameyflock.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

**APPX1-0118**

| | | |
|---|---|---|
| 06/26/2023 | 1 | COMPLAINT against Epson America, Inc. ( Filing fee $ 402 receipt number ATXEDC-9569853.), filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(Ramey, William) (Entered: 06/26/2023) |
| 06/26/2023 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Ramey, William) (Entered: 06/26/2023) |
| 06/26/2023 | 3 | Fed. R. Civ. P. 7.1(a)(1) Disclosure Statement filed by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 06/26/2023) |
| 06/26/2023 | | Case Assigned to District Judge Rodney Gilstrap. (nkl, ) (Entered: 06/26/2023) |
| 06/26/2023 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (nkl, ) (Entered: 06/26/2023) |
| 06/26/2023 | 4 | SUMMONS Issued as to Epson America, Inc.. (nkl, ) (Entered: 06/26/2023) |
| 07/03/2023 | 5 | SUMMONS Returned Executed by Ortiz & Associates Consulting, LLC. Epson America, Inc. served on 6/28/2023, answer due 7/19/2023. (Ramey, William) (Entered: 07/03/2023) |
| 07/11/2023 | 6 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Epson America, Inc..( Stinson, Andrew) (Entered: 07/11/2023) |
| 07/11/2023 | | Defendant's Unopposed FIRST Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Epson America, Inc. to 8/18/2023. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 07/11/2023) |
| 08/08/2023 | 7 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Epson America, Inc..( Stinson, Andrew) (Entered: 08/08/2023) |
| 08/08/2023 | | Defendant's Unopposed SECOND Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Epson America, Inc. to 9/2/2023. 15 Days Granted for Deadline Extension.( ch, ) (Entered: 08/08/2023) |
| 08/18/2023 | 8 | ORDER - Scheduling/Case Management Conference set for 9/28/2023 at 01:30 PM before District Judge Rodney Gilstrap. Signed by District Judge Rodney Gilstrap on 8/17/2023. (nkl, ) (Entered: 08/18/2023) |
| 09/05/2023 | 9 | MOTION to Dismiss *Under Rules 12(b)(3) and 12(b)(6)* by Epson America, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(Stinson, Andrew) (Entered: 09/05/2023) |
| 09/08/2023 | 10 | Fed. R. Civ. P. 7.1(a)(1) Disclosure Statement filed by Epson America, Inc. identifying Corporate Parent U.S. Epson, Inc. for Epson America, Inc.. (Stinson, Andrew) (Entered: 09/08/2023) |
| 09/14/2023 | 11 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Dismiss *Under Rules 12(b)(3) and 12(b)(6)* by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Proposed Order)(Ramey, William) (Entered: 09/14/2023) |
| 09/18/2023 | 12 | ORDER granting 11 UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Dismiss *Under Rules 12(b)(3) and 12(b)(6)* Responses due by 10/3/2023. Signed by District Judge Rodney Gilstrap on 9/18/2023. (nkl, ) (Entered: 09/18/2023) |

**APPX1-0119**

| 09/27/2023 | 13 | NOTICE of Attorney Appearance by Jacob Bruce Henry on behalf of Ortiz & Associates Consulting, LLC (Henry, Jacob) (Entered: 09/27/2023) |
| 09/28/2023 | | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Scheduling Conference/Case Management Conference held on 9/28/2023. Counsel for the parties appeared. Court asked whether they consented to trial before the U.S. Magistrate Judge. Court then gave counsel Claim Construction and Jury Selection/Trial dates. (Court Reporter Shawn McRoberts) (aeb) (Entered: 10/02/2023) |
| 10/03/2023 | 14 | NOTICE of Voluntary Dismissal by Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 10/03/2023) |
| 10/06/2023 | 15 | ORDER DISMISSING CASE. Signed by District Judge Rodney Gilstrap on 10/6/2023. (nkl, ) (Entered: 10/06/2023) |
| 10/06/2023 | 16 | Notice of Filing of Patent/Trademark Form (AO 120) at termination of case. AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (nkl, ) (Entered: 10/06/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/13/2023 11:27:52 | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 2:23-cv-00308-JRG |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

APPX1-0120

# EXHIBIT V

APPX1-0121

PATENT

# U.S. District Court [LIVE]
## Western District of Texas (Waco)
## CIVIL DOCKET FOR CASE #: 6:23-cv-00414-OLG

Ortiz & Associates Consulting, LLC v. Ricoh USA, Inc.          Date Filed: 06/02/2023
Assigned to: Judge Orlando L. Garcia                           Jury Demand: Plaintiff
Cause: 35:271 Patent Infringement                              Nature of Suit: 830 Patent
                                                               Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting, LLC**          represented by   **Kyril Talanov**
                                                                 Law Office of Kyril Talanov
                                                                 124 Pierce Street
                                                                 Houston, TX 77002
                                                                 832-314-1672
                                                                 Email: kyril.talanov@talanovlaw.com
                                                                 *TERMINATED: 10/20/2023*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **William P. Ramey , III**
                                                                 Ramey LLP
                                                                 5020 Montrose Blvd., Suite 800
                                                                 Houston, TX 77006
                                                                 713-426-3923
                                                                 Fax: 832/900-4941
                                                                 Email: wramey@rameyfirm.com
                                                                 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ricoh USA, Inc.**                             represented by   **David M. Dyer**
                                                                 Norton Rose Fulbright US LLP
                                                                 98 San Jacinto Boulevard
                                                                 Suite 1100
                                                                 Austin, TX 78701
                                                                 512-474-5201
                                                                 Email: david.dyer@nortonrosefulbright.com
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Michael V. Solomita**
                                                                 Norton Rose Fulbright US LLP
                                                                 1301 Avenue of the Americas
                                                                 New York, NY 10019
                                                                 212-318-3000
                                                                 Email:
                                                                 michael.solomita@nortonrosefulbright.com

**APPX1-0122**

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/02/2023 | 1 | COMPLAINT ( Filing fee $ 402 receipt number ATXWDC-17509656), filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(Ramey, William) (Entered: 06/02/2023) |
| 06/02/2023 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 forwarded to the Director of the U.S. Patent and Trademark Office. (Ramey, William) (Entered: 06/02/2023) |
| 06/02/2023 | 3 | REQUEST FOR ISSUANCE OF SUMMONS by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 06/02/2023) |
| 06/02/2023 | 4 | Certificate of Interested Parties by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 06/02/2023) |
| 06/02/2023 |  | Please remember to comply with the standing orders located at https://www.txwd.uscourts.gov/judges-information/standing-orders/. (zv) (Entered: 06/05/2023) |
| 06/02/2023 |  | Case assigned to Judge Orlando L. Garcia. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (zv) (Entered: 06/05/2023) |
| 06/02/2023 | 5 | Summons Issued as to Ricoh USA, Inc. (zv) (Entered: 06/05/2023) |
| 06/08/2023 | 6 | REQUEST FOR ISSUANCE OF SUMMONS by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 06/08/2023) |
| 06/08/2023 | 7 | DEFICIENCY NOTICE: re 6 Request for Issuance of Summons (lad) (Entered: 06/08/2023) |
| 06/08/2023 | 8 | SUMMONS Returned Executed by Ortiz & Associates Consulting, LLC. Ricoh USA, Inc. served on 6/7/2023, answer due 6/28/2023. (Ramey, William) (Entered: 06/08/2023) |
| 06/22/2023 | 9 | Unopposed MOTION for Extension of Time to File Answer *Unopposed Motion for Extension of Time for Defendant to Respond to Complaint* by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Proposed Order)(Ramey, William) (Entered: 06/22/2023) |
| 06/23/2023 |  | Text Order GRANTING 9 Motion for Extension of Time to Answer. It is therefore ORDERED that Defendants answer be submitted to the Court on or before July 28, 2023. Entered by Judge Orlando L. Garcia. (This is a text-only entry generated by the court. There is no document associated with this entry.) (nm) (Entered: 06/23/2023) |
| 07/28/2023 | 10 | NOTICE of Attorney Appearance by David M. Dyer on behalf of Ricoh USA, Inc.. Attorney David M. Dyer added to party Ricoh USA, Inc.(pty:dft) (Dyer, David) (Entered: 07/28/2023) |
| 07/28/2023 | 11 | Motion to Dismiss for Failure to State a Claim by Ricoh USA, Inc.. (Attachments: # 1 Declaration of Michael Solomita, # 2 Exhibit A)(Dyer, David) (Entered: 07/28/2023) |
| 08/02/2023 | 12 | MOTION to Appear Pro Hac Vice by David M. Dyer *for Michael Solomita* ( Filing fee $ 100 receipt number ATXWDC-17727570) by on behalf of Ricoh USA, Inc.. (Attachments: # 1 Proposed Order)(Dyer, David) (Entered: 08/02/2023) |

APPX1-0123

| | | |
|---|---|---|
| 08/03/2023 | | Text Order GRANTING 12 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Entered by Judge Orlando L. Garcia. (This is a text-only entry generated by the court. There is no document associated with this entry.) (nm) (Entered: 08/03/2023) |
| 08/11/2023 | 13 | ORDER AND ADVISORY. Signed by Judge Orlando L. Garcia. (ad3) (Entered: 08/11/2023) |
| 08/11/2023 | 14 | RESPONSE to Motion, filed by Ortiz & Associates Consulting, LLC, re 11 Motion to Dismiss for Failure to State a Claim filed by Defendant Ricoh USA, Inc. (Ramey, William) (Entered: 08/11/2023) |
| 08/15/2023 | 15 | Unopposed MOTION for Extension of Time to File Response/Reply as to 11 Motion to Dismiss for Failure to State a Claim by Ricoh USA, Inc.. (Attachments: # 1 Proposed Order)(Dyer, David) (Entered: 08/15/2023) |
| 08/16/2023 | | Text Order GRANTING 15 Motion for Extension of Time to File Reply as to 11 Motion to Dismiss for Failure to State a Claim. It is therefore ORDERED that Defendant's reply be submitted to the Court on or before August 25, 2023. Entered by Judge Orlando L. Garcia. (This is a text-only entry generated by the court. There is no document associated with this entry.) (nm) (Entered: 08/16/2023) |
| 08/25/2023 | 16 | REPLY to Response to Motion, filed by Ricoh USA, Inc., re 11 Motion to Dismiss for Failure to State a Claim filed by Defendant Ricoh USA, Inc. (Dyer, David) (Entered: 08/25/2023) |
| 09/08/2023 | 17 | NON-CONSENT to Trial by US Magistrate Judge by Ricoh USA, Inc.. (Dyer, David) (Entered: 09/08/2023) |
| 09/27/2023 | 18 | Unopposed MOTION for Extension of Time to File *Unopposed Motion for Extension of Time to Submit Scheduling Order* by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Proposed Order)(Ramey, William) (Entered: 09/27/2023) |
| 09/28/2023 | | Text Order GRANTING 18 Motion for Extension of Time to File. It is therefore ORDERED that the parties proposed scheduling order be submitted to the Court on or before Friday, October 6, 2023. Entered by Judge Orlando L. Garcia. (This is a text-only entry generated by the court. There is no document associated with this entry.) (nm) (Entered: 09/28/2023) |
| 10/06/2023 | 19 | Agreed MOTION for Entry of Scheduling Order Deadlines by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Proposed Order)(Ramey, William) (Entered: 10/06/2023) |
| 10/19/2023 | 20 | Unopposed MOTION to Withdraw as Attorney by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Proposed Order PO to Motion)(Talanov, Kyril) (Entered: 10/19/2023) |
| 10/20/2023 | | Text Order GRANTING 20 Motion to Withdraw as Attorney entered by Judge Orlando L. Garcia. Kyril Talanov is hereby WITHDRAWN as counsel of record for Ortiz & Associates Consulting, LLC, who will continue to be represented by remaining of counsel of record. (This is a text-only entry generated by the court. There is no document associated with this entry.) (tm2) (Entered: 10/20/2023) |
| 10/27/2023 | 21 | ORDER GRANTING 19 Motion for Entry of Scheduling Order. Joinder of Parties due by 10/30/2023 Amended Pleadings due by 1/4/2024, Markman Hearing set for 4/25/2024 before Judge Orlando L. Garcia, Dispositive/Daubert Motions due by 1/23/2025, ADR Mediation Completed by 3/1/2025, Pretrial Conference set for 3/20/2025 before Judge |

**APPX1-0124**

Orlando L. Garcia, Jury Selection/Trial set for 4/1/2025 before Judge Orlando L. Garcia. Signed by Judge Orlando L. Garcia. (lad) (Entered: 10/27/2023)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/14/2023 14:39:57 | | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 6:23-cv-00414-OLG |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**APPX1-0125**

# EXHIBIT W

**APPX1-0126**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 6:23-cv-00471** |
| v. | ) | |
| | ) | |
| KONICA MINOLTA BUSINESS | ) | **JURY TRIAL DEMANDED** |
| SOLUTIONS U.S.A., INC., | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Ortiz & Associates Consulting, LLC ("Ortiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,549,285 ("the '285 patent") (referred to as the "Patent-in-Suit") by Konica Minolta Business Solutions, U.S.A., Inc. ("Defendant").

## I.   THE PARTIES

1.   Plaintiff Ortiz is a New Mexico Limited Liability Company with its principal place of business located in Albuquerque, NM.

2.   On information and belief, Defendant is a corporation existing under the laws of the State of California, with a regular and established place of business located at 12301 Research Blvd., Suite 4-140, Austin, TX 78759. On information and belief, DEFENDANT sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its registered agent, 1505 Corporation CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Sacramento, California 95833, at its place of business or anywhere they

1

APPX1-0127

may be found.

## II.    JURISDICTION AND VENUE

3.    This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.    This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.    INFRINGEMENT

### A.  Infringement of the '285 Patent

6.    On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", attached as Exhibit A) entitled "Systems, Methods and Apparatuses for Brokering Data Between Wireless Devices, Servers and Data Rendering Devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Ortiz owns the '285 patent by assignment.

APPX1-0128

7. The '285 patent relates to a novel and improved system for secure communication over a public network.

8. DEFENDANT maintained, operated, and administered systems and servers, that infringed one or more claims of the '285 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents.[1] Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has caused Plaintiff damage by direct infringement of the claims of the '285 patent.[2] Defendant has known of the '285 patent from at least November 12, 2021`, the filing date of a prior lawsuit.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems for establishing secure communication over a public network) and related services such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '285 patent and the technology underlying it from at least

---

[1] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows DEFENDANT's pre-expiration knowledge of the patent.
[2] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows DEFENDANT's pre-expiration knowledge of the patent.

8

APPX1-0129

the filing of the prior lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems for establishing secure communication over a public network) and related services such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Defendant has known of the '285 patent and the technology underlying it from at least the issuance of the patent.[4] For clarity, direct infringement is previously alleged in this complaint.

## IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   enter judgment that Defendant has infringed the claims of the '285 patent;

b.   award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the '285 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.   award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d.   award Plaintiff such other and further relief as this Court deems just and proper.

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

APPX1-0130

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
Kyril Talanov
Texas Bar No. 24075139
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
ktalanov@rameyfirm.com

***Attorneys for Ortiz & Associates Consulting, LLC***

8

# EXHIBIT X

PATENT

# U.S. District Court [LIVE]
## Western District of Texas (Waco)
## CIVIL DOCKET FOR CASE #: 6:23-cv-00471-RP

| | |
|---|---|
| Ortiz & Associates Consulting, LLC v. Konica Minolta Business Solutions U.S.A., Inc. | Date Filed: 06/27/2023 |
| Assigned to: Judge Robert Pitman | Jury Demand: Plaintiff |
| Cause: 15:1126 Patent Infringement | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Ortiz & Associates Consulting, LLC**                 represented by     **Kyril Talanov**
Law Office of Kyril Talanov
124 Pierce Street
Houston, TX 77002
832-314-1672
Email: kyril.talanov@talanovlaw.com
*TERMINATED: 10/20/2023*
*ATTORNEY TO BE NOTICED*

**William P. Ramey , III**
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
713-426-3923
Fax: 832/900-4941
Email: wramey@rameyfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Konica Minolta Business Solutions U.S.A., Inc.**                 represented by     **Elizabeth M. Chiaviello**
Morgan Lewis and Bockius LLP
1717 Main Street
Suite 3200
Dallas, TX 75201-7347
(214) 466-4000
Fax: (214) 466-4001
Email: elizabeth.chiaviello@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

**APPX1-0133**

| 06/27/2023 | 1 | COMPLAINT ( Filing fee $ 402 receipt number ATXWDC-17597395), filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(Ramey, William) (Entered: 06/27/2023) |
|---|---|---|
| 06/27/2023 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 forwarded to the Director of the U.S. Patent and Trademark Office. (Ramey, William) (Entered: 06/27/2023) |
| 06/27/2023 | 3 | REQUEST FOR ISSUANCE OF SUMMONS by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 06/27/2023) |
| 06/27/2023 | 4 | Certificate of Interested Parties by Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 06/27/2023) |
| 06/27/2023 | 5 | NOTICE *Notice of Related Cases* by Ortiz & Associates Consulting, LLC (Attachments: # 1 Exhibit A)(Ramey, William) (Entered: 06/27/2023) |
| 06/27/2023 | | Please remember to comply with the standing orders located at https://www.txwd.uscourts.gov/judges-information/standing-orders/. (zv) (Entered: 06/28/2023) |
| 06/27/2023 | | Case assigned to Judge Robert Pitman. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (zv) (Entered: 06/28/2023) |
| 06/27/2023 | 6 | Summons Issued as to Konica Minolta Business Solutions U.S.A., Inc. (zv) (Entered: 06/28/2023) |
| 08/31/2023 | 7 | SUMMONS Returned Executed by Ortiz & Associates Consulting, LLC. Konica Minolta Business Solutions U.S.A., Inc. served on 8/22/2023, answer due 9/12/2023. (Ramey, William) (Entered: 08/31/2023) |
| 09/12/2023 | 8 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint *Defendant Konica Minolta Business Solutions U.S.A. Inc.'s Unopposed Motion for Extension of Time to Respond to Complaint* by Konica Minolta Business Solutions U.S.A., Inc.. (Attachments: # 1 Proposed Order)(Chiaviello, Elizabeth) (Entered: 09/12/2023) |
| 09/13/2023 | | Text Order GRANTING 8 Unopposed Motion for Extension of Time to Answer entered by Judge Robert Pitman. IT IS ORDERED that Defendant shall answer or otherwise respond to Plaintiff's complaint on or before October 27, 2023. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jmlc) (Entered: 09/13/2023) |
| 09/13/2023 | | Reset Deadlines: Konica Minolta Business Solutions U.S.A., Inc. answer due 10/27/2023. (ad3) (Entered: 09/13/2023) |
| 10/19/2023 | 9 | Unopposed MOTION to Withdraw as Attorney by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Proposed Order PO to Motion)(Talanov, Kyril) (Entered: 10/19/2023) |
| 10/20/2023 | | Text Order GRANTING 9 Unopposed Motion to Withdraw as Attorney entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jmlc) (Entered: 10/20/2023) |
| 10/27/2023 | 10 | Motion to Dismiss for Failure to State a Claim *Defendant Konica Minolta Business Solutions, U.S.A., Inc.'s Motion to Dismiss Under Rule 12(b)(6)* by Konica Minolta Business Solutions U.S.A., Inc.. (Attachments: # 1 Proposed Order)(Chiaviello, Elizabeth) (Entered: 10/27/2023) |
| 10/27/2023 | 11 | RULE 7 DISCLOSURE STATEMENT filed by Konica Minolta Business Solutions U.S.A., Inc. identifying Corporate Parent Konica Minolta Holdings U.S.A. Inc., Other |

**APPX1-0134**

Case 3:23-cv-00791-N   Document 34-1   Filed 11/15/23   Page 143 of 153   PageID 727

| | | Affiliate Konica Minolta, Inc. for Konica Minolta Business Solutions U.S.A., Inc.. (Chiaviello, Elizabeth) (Entered: 10/27/2023) |
|---|---|---|
| 11/11/2023 | 12 | Memorandum in Opposition to Motion, filed by Ortiz & Associates Consulting, LLC, re 10 Motion to Dismiss for Failure to State a Claim *Defendant Konica Minolta Business Solutions, U.S.A., Inc.'s Motion to Dismiss Under Rule 12(b)(6)* filed by Defendant Konica Minolta Business Solutions U.S.A., Inc. (Ramey, William) (Entered: 11/11/2023) |
| 11/13/2023 | 13 | Memorandum in Opposition to Motion, filed by Ortiz & Associates Consulting, LLC, re 10 Motion to Dismiss for Failure to State a Claim *Defendant Konica Minolta Business Solutions, U.S.A., Inc.'s Motion to Dismiss Under Rule 12(b)(6)* filed by Defendant Konica Minolta Business Solutions U.S.A., Inc. *Corrected* (Ramey, William) (Entered: 11/13/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/14/2023 14:42:32 | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 6:23-cv-00471-RP |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**APPX1-0135**

# EXHIBIT Y

APPX1-0136

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **ORTIZ & ASSOCIATES** | ) | |
| **CONSULTING, LLC,** | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 1:23-cv-01646** |
| **v.** | ) | |
| | ) | |
| **LEXMARK INTERNATIONAL, INC.** | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Ortiz & Associates Consulting, LLC ("Ortiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,549,285 ("the '285 patent") (referred to as the "Patent-in-Suit") by Lexmark International, Inc. ("Defendant").

## I.    THE PARTIES

1.   Plaintiff Ortiz is a New Mexico Limited Liability Company with its principal place of business located in Albuquerque, NM.

2.   On information and belief, Defendant is a corporation existing under the laws of the State of California, with a regular and established place of business located at 6555 Monarch Rd, Longmont, CO 80503. On information and belief, DEFENDANT sells and offers to sell products and services throughout Colorado, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Colorado and this judicial district. Defendant may be served through its registered agent 1505 Corporation - C T Corporation System, 330 N. Brand Blvd., Glendale, California 91203, at its place of business, or anywhere they may be found.

## II.    JURISDICTION AND VENUE

1

APPX1-0137

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Colorado and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Colorado and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Colorado and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Colorado and this District.

### III.   INFRINGEMENT

### A. Infringement of the '285 Patent

6. On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", attached as Exhibit A) entitled "Systems, Methods and Apparatuses for Brokering Data Between Wireless Devices, Servers and Data Rendering Devices" was duly and legally issued by the U.S. Patent and Trademark Office. Ortiz owns the '285 patent by assignment.

2

APPX1-0138

7. The '285 patent relates to a novel and improved system for secure communication over a public network.

8. DEFENDANT maintained, operated, and administered systems and servers, that infringed one or more claims of the '285 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents.[1] Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has caused Plaintiff damage by direct infringement of the claims of the '285 patent.[2] Defendant has known of the '285 patent from at least November 12, 2021`, the filing date of a prior lawsuit.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems for establishing secure communication over a public network) and related services such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '285 patent and the technology underlying it from at least

---

[1] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows DEFENDANT's pre-expiration knowledge of the patent.
[2] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows DEFENDANT's pre-expiration knowledge of the patent.

8

the filing of the prior lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems for establishing secure communication over a public network) and related services such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Defendant has known of the '285 patent and the technology underlying it from at least the issuance of the patent.[4] For clarity, direct infringement is previously alleged in this complaint.

## IV.    JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the '285 patent;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the '285 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d.    award Plaintiff such other and further relief as this Court deems just and proper.

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

8

APPX1-0140

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
Kyril Talanov
Texas Bar No. 24075139
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
ktalanov@rameyfirm.com

*Attorneys for Ortiz & Associates Consulting, LLC*

8

APPX1-0141

# EXHIBIT Z

JD1,MJ CIV PP,NDISPO

# U.S. District Court - District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:23-cv-01646-NYW-SBP

Ortiz & Associates Consulting, LLC v. Lexmark International, Inc.     Date Filed: 06/28/2023
Assigned to: Judge Nina Y. Wang                                       Jury Demand: Plaintiff
Referred to: Magistrate Judge Susan Prose                             Nature of Suit: 830 Patent
Cause: 35:271 Patent Infringement                                     Jurisdiction: Federal Question

**Plaintiff**

**Ortiz & Associates Consulting, LLC**          represented by     **William P. Ramey , III**
                                                                   Ramey LLP
                                                                   5020 Montrose Boulevard
                                                                   Suite 800
                                                                   Houston, TX 77006
                                                                   713-426-3923
                                                                   Fax: 832-900-4941
                                                                   Email: wramey@rameyfirm.com
                                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lexmark International, Inc.**                  represented by     **Leah E. Capritta**
                                                                   Holland & Knight LLP
                                                                   1801 California Street
                                                                   Suite 5000
                                                                   Denver, CO 80202
                                                                   303-974-6646
                                                                   Fax: 303-974-6659
                                                                   Email: Leah.Capritta@hklaw.com
                                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2023 | 1 | COMPLAINT against Lexmark International, Inc. (Filing fee $ 402,Receipt Number ACODC-9170995)Attorney William P. Ramey, III added to party Ortiz & Associates Consulting, LLC(pty:pla), filed by Ortiz & Associates Consulting, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(Ramey, William) (Entered: 06/28/2023) |
| 06/28/2023 | 2 | NOTICE *Notice of Report on the Filing of an Action Regarding a Patent (AO-120)* by Plaintiff Ortiz & Associates Consulting, LLC (Ramey, William) (Entered: 06/28/2023) |
| 06/28/2023 | 3 | SUMMONS REQUEST as to Lexmark International, Inc. by Plaintiff Ortiz & Associates Consulting, LLC. (Ramey, William) (Entered: 06/28/2023) |
| 06/28/2023 | 4 | CORPORATE DISCLOSURE STATEMENT. (Ramey, William) (Entered: 06/28/2023) |

**APPX1-0143**

| | | |
|---|---|---|
| 06/28/2023 | 5 | Report re Patent/Trademark: Report on the filing of an action emailed **(NEF)** to the Director of the U.S. Patent and Trademark Office. (efoga, ) (Entered: 06/28/2023) |
| 06/28/2023 | 6 | Case assigned to Magistrate Judge Susan Prose. Text Only Entry (efoga, ) (Entered: 06/28/2023) |
| 06/28/2023 | 7 | SUMMONS issued by Clerk. (Attachments: # 1 Magistrate Judge Consent Form) (efoga, ) (Entered: 06/28/2023) |
| 06/29/2023 | 8 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Ortiz & Associates Consulting, LLC All parties consent.. (Ramey, William) (Entered: 06/29/2023) |
| 09/19/2023 | 9 | SUMMONS Returned Executed by Ortiz & Associates Consulting, LLC. Lexmark International, Inc. served on 9/13/2023, answer due 10/4/2023. (Ramey, William) (Entered: 09/19/2023) |
| 09/21/2023 | 10 | ORDER SETTING CONSENT DEADLINE AND TELEPHONIC SCHEDULING CONFERENCE by Magistrate Judge Susan Prose on 9/21/2023. If the parties have not done so already, they shall complete and file the Magistrate Judge Consent Form by 10/23/2023. A Telephonic Scheduling Conference is set for 11/6/2023, at 11:00 AM before Magistrate Judge Susan Prose. The parties shall attend by calling 571-353-2301, Guest meeting ID-868150043. All attendees shall please mute their phone when not speaking and not use speaker phone. Counsel for the parties are to hold a meeting in accordance with Fed. R. Civ. P. 26(f) on or before 10/16/2023 and jointly prepare a proposed Scheduling Order to be filed by 10/30/2023. (sbplc3) (Entered: 09/21/2023) |
| 10/02/2023 | 11 | NOTICE of Entry of Appearance by Leah E. Capritta on behalf of Lexmark International, Inc.Attorney Leah E. Capritta added to party Lexmark International, Inc.(pty:dft) (Capritta, Leah) (Entered: 10/02/2023) |
| 10/02/2023 | 12 | First MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint, *and to Continue Scheduling Conference* by Defendant Lexmark International, Inc.. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order)(Capritta, Leah) (Entered: 10/02/2023) |
| 10/02/2023 | 13 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Apex Swiss Holdings SARL, Corporate Parent Ninestar Corporation for Lexmark International, Inc.. (Capritta, Leah) (Entered: 10/02/2023) |
| 10/02/2023 | 14 | CONSENT to Jurisdiction of Magistrate Judge by Defendant Lexmark International, Inc. All parties do not consent.. (Capritta, Leah) (Entered: 10/02/2023) |
| 10/03/2023 | 15 | CASE REASSIGNED. Pursuant to 14 Consent to Jurisdiction of Magistrate Judge. All parties do not consent. This case is randomly reassigned to Judge Nina Y. Wang and drawn to Magistrate Judge Susan B. Prose. All future pleadings should be designated as **23-cv-1646-NYW** (Text Only Entry) (angar, ) (Entered: 10/03/2023) |
| 10/04/2023 | 16 | ORDER REFERRING CASE: This case is referred to Magistrate Judge Susan B. Prose for **non-dispositive matters**. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, and (3) hear and determine pretrial matters, including discovery and other non-dispositive motions. Court-sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the request of the parties by motion, this Court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute |

**APPX1-0144**

Case 3:23-cv-00791-N    Document 34-1    Filed 11/15/23    Page 153 of 153    PageID 737

resolution proceeding. Alternatively, the Magistrate Judge, at her discretion, may convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. **Counsel for the Parties and all counsel who may later enter an appearance shall review and familiarize themselves with the undersigned's Practice Standards, as well as the Practice Standards of the assigned Magistrate Judge.** By Judge Nina Y. Wang on 10/4/2023. Text Only Entry (nywlc6, ) (Entered: 10/04/2023)

| | | |
|---|---|---|
| 10/04/2023 | 17 | MEMORANDUM regarding the 12 First MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint, *and to Continue Scheduling Conference* filed by Defendant Lexmark International, Inc. Motion referred to Magistrate Judge Susan Prose. By Judge Nina Y. Wang on 10/4/2023. Text Only Entry (nywlc6, ) (Entered: 10/04/2023) |
| 10/10/2023 | 18 | MINUTE ORDER by Magistrate Judge Susan Prose on 10/10/2023, GRANTING 12 Motion for Extension of Time. Defendant must answer or otherwise respond to the 1 Complaint on or before 11/15/2023. The Telephonic Scheduling Conference is hereby RESCHEDULED for 12/14/2023 at 10:30 AM before Magistrate Judge Susan Prose. Consent Form due by 11/30/2023. Proposed Scheduling Order due by 12/7/2023. Text Only Entry (sbplc3) (Entered: 10/10/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/14/2023 13:46:25 | | |
| **PACER Login:** | SDLAW5224 | **Client Code:** | 135.02 SDH |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-01646-NYW-SBP |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

APPX1-0145