IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-00791-N |
| VIZIO, INC., | § § § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant VIZIO, Inc.'s ("VIZIO") motion for attorneys' fees under 35 U.S.C. § 285, 28 U.S.C. §1927, or the Court's inherent power [33]. The Court grants in part and denies in part the motion, as set forth below.

## I. ORIGINS OF THE DISPUTE

This motion arises out of a patent dispute between Plaintiff Ortiz & Associates Consulting, LLC ("Ortiz") and VIZIO. Ortiz brought suit against VIZIO for direct infringement of U.S. Patent No. 9,147,299 Patent ("the '299 Patent") and U.S. Patent No. 9,549,285 ("the '285 Patent") (collectively the "Asserted Patents"). Pl.'s First Am. Compl. ¶¶ 6, 8, 11, 13 [20]. Ortiz has been involved in a number of suits involving the Asserted Patents. This Court dismissed Ortiz's First Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) for twice failing to plead facts sufficient to state a claim for relief. Order (November 1, 2023) [30]. Now, VIZIO moves for attorneys' fees and to find the case exceptional.

MEMORANDUM OPINION AND ORDER – PAGE 1

## II.  THE COURT GRANTS VIZIO'S MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285

The Patent Act provides that in exceptional cases a district court may award reasonable attorneys' fees to the prevailing party.  35 U.S.C. § 285.  Reasonable attorneys' fees include those expenses incurred in the preparation and performance of legal services related to the case and nontaxable costs.  *Maxwell v. Angel-Etts of Cal., Inc.*, 53 F. App'x 561, 569 (Fed. Cir. 2002).  In addition, a district court has wide discretion whether to award costs under Federal Rule of Civil Procedure 54(d).  *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471 (5th Cir. 2006).  But if a district court does not award costs, it must state its reasons.  *Id.*

An exceptional case "stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  A case brought in subjective bad faith or that makes especially meritless claims is exceptional and warrants a fee award.  *Octane*, 572 U.S. at 554.  District courts determine whether a given case is exceptional on a case-by-case basis and in light of the totality of the circumstances.  *Id.*  Factors to be considered include frivolousness, motivation, and objective unreasonableness of a case's factual or legal components.  *Id.* at 554 n.6.  Litigants seeking fees must show the case is exceptional by a preponderance of the evidence.  *Id.* at 557.  Courts do not award attorneys' fees as "a penalty for failure to win a patent infringement suit."  *Id.* at 548.  Rather, the "legislative purpose behind § 285 is to prevent a party from suffering a 'gross injustice.'"  *Checkpoint*

*Sys., Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).  The Court holds that this case is exceptional and awards reasonable attorneys' fees to VIZIO under section 285.

VIZIO argues that Ortiz's position was substantively weak given it knew, or should have known, that its complaint stated no viable damages theory.  Def.'s Mot. for Atty.'s Fees 10.  The Court agrees.  *See* Order (November 1, 2023) [30].  The expired patents could not give rise to future damages, and Ortiz was apprised of the need to plead compliance with 35 U.S.C. § 287(a) to support its claim for pre-suit damages in VIZIO's first motion to dismiss but failed to do so.  Def.'s Mot. for Atty.'s Fees 10–11; *see Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.,* 876 F.3d 1350, 1365 (Fed. Cir. 2017) (citing 35 U.S.C. § 287(a)); *Estech Sys. IP, LLC v. Mitel Networks, Inc.*, 2023 WL 6115252, at *7 (E.D. Tex. July 17, 2023), report and recommendation adopted, 2023 WL 6065865 (E.D. Tex. Aug. 2, 2023).  Ortiz asserts that it "did not have guidance from the Court on the marking issue" prior to dismissal.  Pl.'s Resp. 5.  This argument is unavailing because district courts are "not obliged to advise [litigants] of the weaknesses in [their] litigation position."  *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 916 (Fed. Cir. 2019).  Moreover, the Court finds that Ortiz's litigation conduct was unreasonable in that it failed to comply with the Court's discovery deadlines, including deadlines to serve infringement contentions and discovery requests, and that Ortiz made a settlement demand unrelated to the merits of litigation.  *See Blackbird Tech LLC*, 944 F.3d at 916–17 (affirming district court's finding of unreasonable litigation conduct including "nuisance

value settlement offers" that were less than the cost of defense and unexcused delays in document production).

Additionally, VIZIO highlights Ortiz's history of infringement actions involving the Asserted Patents that have been voluntarily dismissed or were dismissed for failure to state a claim before any discovery commenced. *See* Def.'s Mot. for Atty.'s Fees 5–8. "[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2017). While "the mere existence of these other suits does not mandate negative inferences about the merits or purposes of this suit," it is a factor to be considered in assessing the totality of the circumstances. *Newegg Inc.*, 793 F. 3d at 1351; *see also Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371 (Fed. Cir. 2020) (quoting *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1360 (Fed. Cir. 2017) ("While [a] district court need not reveal its assessment of every consideration of § 285 motions, it must actually assess the totality of the circumstances."). VIZIO has not provided evidence of the number or amount of settlement offers Ortiz made in other cases involving the Asserted Patents. However, the Court considers that Ortiz has filed and voluntarily dismissed with prejudice a number of cases involving the Asserted Patents before or at the motion to dismiss stage. *See Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1183 (Fed. Cir. 2018) (quoting *Stone Basket Innovations, LLC v. Cook Med. LLC*, No. 1:16-cv-00858-LJM-TAB, 2017 WL 2655612, at *1 (S.D. Ind. 2017) (affirming a district court's finding of a lack of

evidence to support litigant filing cases with no intention of testing their merits where the litigant "'participated in each stage of the litigation for nearly two years and tested the merits of its claims.'"); *see e.g.*, Notice of Voluntary Dismissal [11], in *Ortiz & Associates Consulting, LLC v. Panasonic Corp. of North America*, Civil Action No. 1:19-cv-01921 (D. Del. 2020); Notice of Voluntary Dismissal [25], in *Ortiz & Associates Consulting, LLC v. Hisense Co., Ltd.*, No. 1:20-cv-02193 (N.D. Ill.); Notice of Voluntary Dismissal [7], in *Ortiz & Associates Consulting, LLC v. Actiontex Electronics, Inc.*, No. 6:23-cv-00139 (W.D. Tex.); Notice of Voluntary Dismissal [14], in *Ortiz & Associates Consulting, LLC v. Epson America, Inc.*, No. 2:23-cv-00308 (E.D. Tex.).

The totality of the circumstances here, including Ortiz's history of filing and dismissing suits involving the Asserted Patents, failure to comply with discovery deadlines, making a settlement demand below the cost of defense, as well as the substantive weakness of Ortiz's litigation position in the instant case, supports a finding of exceptionality. Accordingly, the Court holds that this case is exceptional and grants VIZIO's motion with respect to reasonable attorneys' fees and costs under section 285.

### III. THE COURT DENIES VIZIO'S MOTION FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award of attorneys' fees under section 1927 requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v.*

MEMORANDUM OPINION AND ORDER – PAGE 5

*Doubletree Partners, LP*, 739 F.3d 848, 871 (5th Cir. 2014).  Sanctions under section 1927 are "'punitive in nature and require clear and convincing evidence' that sanctions are justified."  *Id.* at 872 (quoting *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)).  Further, "[a]n unsuccessful claim is not necessarily actionable."  *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1256 (5th Cir. 1991).  The Court holds that attorneys' fees pursuant to section 1927 are not warranted here.

VIZIO argues that Ortiz's counsel should be jointly and severally liable for any attorneys' fees award because they filed Ortiz's complaints without a viable damages theory, failed to prosecute the case, and have a history of filing frivolous lawsuits for several clients.  Def.'s Mot. for Atty.'s Fees 17.  VIZIO seeks sanctions against counsel because it alleges Ortiz is a "shell company" VIZIO suspects may file bankruptcy and avoid paying attorneys' fees awarded here.  *Id.*  The Court does not find that VIZIO's argument is sufficient to show bad faith, improper motive, reckless disregard of duty, or unreasonable multiplication of the proceedings on the part of Ortiz's counsel.  VIZIO additionally argues that it may receive attorneys' fees and costs pursuant to the Court's inherent powers.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).  The Court does not find there is sufficient evidence to show that Ortiz's counsel acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  As such, the Court denies VIZIO's request to hold Ortiz's counsel jointly and severally liable for attorneys' fees and costs under section 1927 or the Court's inherent powers.

## CONCLUSION

For the reasons stated above, the Court grants VIZIO's motion for reasonable attorneys' fees under 35 U.S.C. § 285 but denies VIZIO's motion to hold Ortiz's counsel jointly and severally liable for attorney's fees pursuant to 28 U.S.C. § 1927 or the Court's inherent powers.  The Court orders VIZIO to submit the specific fee award it seeks with evidentiary support within 14 days of the date of this Order.  *See* FED. R. CIV. P. 54(d)(2)(B) Advisory Committee Note (1993) ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course . . . .").

Signed February 27, 2024.

_____
David C. Godbey
Chief United States District Judge