IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-00791-N |
| VIZIO, INC., | § § | |
| Defendant. | § | |

## **ORDER**

This Order addresses VIZIO, Inc.'s ("VIZIO") brief in support of attorneys' fees [41]. This Court previously found this case exceptional and granted VIZIO's motion for reasonable attorneys' fees under 35 U.S.C. § 285. Order (February 27, 2024) [40]. For the following reasons, the Court awards VIZIO attorneys' fees of $161,777.53.

In exceptional cases, a district court may award reasonable attorneys' fees to the prevailing party. 35 U.S.C. § 285. Reasonable attorneys' fees include those expenses incurred in the preparation for and performances of legal services related to the case and nontaxable costs. *Maxwell v. Angel-Etts of Cal., Inc.*, 53 F. App'x 561, 569 (Fed. Cir. 2002). Because the Court has already determined this case to be exceptional, the Court now turns to the reasonableness of the fees requested by VIZIO.

To determine a reasonable fee award, courts calculate a "lodestar" amount by multiplying a reasonable billing rate by the number of hours reasonably spent litigating the successful claim. *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988). This calculation,

ORDER – PAGE 1

however, excludes hours spent on "excessive, redundant, or otherwise unnecessary work" and on nonprevailing claims unrelated to successful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). The lodestar amount is presumptively reasonable and should be modified only in unusual circumstances. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

VIZIO asks for $161,777.53 in attorneys' fees. Def.'s Br. in Supp. Atty.'s Fees 3. VIZIO arrived at this calculation by multiplying the hourly rates for four partners, one associate, and three paralegals by the total hours spent litigating this case, plus an additional $294.03 for expenses incurred related to a pro hac vice application.[1] First, the Court determines that the hourly rates in VIZIO's fee calculation are reasonable. Ortiz & Associates Consulting, LLC ("Ortiz") complains that: VIZIO requests attorneys' fees for all hours billed to the matter (as opposed to hours dedicated to the "exceptional portion of the case"), four partners worked on the case, and VIZIO's summary of hours performed does not adequately specify the work performed. Pl.'s Obj. to Atty.'s Fees [43]. VIZIO has provided an invoice specifying all billed hours and descriptions of work performed. Def.'s App. APPX0005–0024 [42-1]. In total, VIZIO's attorneys expended 261.7 hours over around seven months. Def.'s Br. in Supp. Atty.'s Fees 4; Def.'s App. APPX0024. Ortiz does not point to any specific flaws in VIZIO's calculation or reference any specific time entries or invoices showing excessive or duplicative work. The hours expended by VIZIO's attorneys are reasonable for a patent infringement case.

---

[1] Attorneys' and paralegals' hourly rates ranged from $250 to $800 an hour.

ORDER – PAGE 2

Because the Court has previously found this case exceptional, and finds VIZIO's attorneys' fees request to be reasonable, the Court awards VIZIO attorneys' fees in the amount of $161,777.53.

Signed April 23, 2024.

David C. Godbey
Chief United States District Judge